DAWSON MORTON (SBN 320811)
JAMES KNOEPP (S.C. Bar Lic. 102757)
*Pro Hac Vice Pending*
LAW OFFICES OF DAWSON MORTON
1808 Sixth Street
Berkeley, CA 94710
Telephone: (404) 590-1295
Facsimile: (510) 529-4111

*Attorneys for Plaintiffs and all others
similarly situated.*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VILLALOVOS-GUTIERREZ, SERGIO IVAN RODRIGUEZ-RODRIGUEZ, JOSE DE JESUS GONZALEZ-VILLALOBOS, BONIFACIO CASTRO-MORALES and REYES MORALES-DELGADILLO, individually and on behalf of all others similarly situated. | No. _____ |

**CLASS ACTION**

**COMPLAINT FOR DAMAGES, PENALTIES, AND INJUNCTIVE RELIEF**

Plaintiff,

v.

GERARD VAN DE POL; GERARD VAN DE POL AND HENRY VAN DE POL's ESTATE d/b/a G & H DAIRY; G & H DAIRY, A GENERAL PARTNERSHIP

Defendants.

1. Violation of 42 U.S.C. § 1981 (discrimination in contract)
2. Violation of the California Business and Professions Code §§ 17200 *et. seq.* (Unfair Competition Law)
3. Failure to Pay minimum wage (Cal. Labor Code §§ 1182.12, 1197 and Wage Order 14)
4. Failure to Pay Overtime Premiums (Cal. Labor Code §§ 510, 1198; Wage Order 14)
5. Failure to provide adequate meal and rest periods (Cal. Labor Code §§ 226.7, 512, Wage Order 14)
6. Failure to reimburse employees for work-related expenses (Cal. Labor Code §2802; Wage Order 14)
7. Failure to provide adequate itemized wage statements (Cal. Labor Code § 226)
8. Failure to pay all wages owed or waiting time penalties (Cal Labor Code §§ 201, 202, 203)
9. Private Attorneys General Act (Cal. Labor Code §§ 2698, *et. seq.*)
10. Violation of the California Fair Employment and Housing Act (Cal. Gov't Code § 12955)

11. Violation of the Unruh Act (Cal. Civ. Code § 51)
12. Violations of the Agricultural Worker Protection Act (29 U.S.C. §§ 1802, *et. seq.*)

**<u>DEMAND FOR JURY TRIAL</u>**

## PRELIMINARY STATEMENT

1.        Plaintiffs are Hispanic persons born outside of the United States who were employed by Defendants at G & H Dairy in Escalon, California.  Plaintiffs allege that Defendants discriminatorily recruited and hired Hispanic persons born outside of the United States to whom they provided unlawful pay, illegal working conditions, and substandard housing knowing the laborers lacked employment and housing opportunities and were unlikely to complain or demand that Defendants comply with the law. Despite having been previously sued, and subject to a consent judgment, Defendants have nonetheless continued to violate state and federal law in their agricultural operations.

2.        Plaintiffs file this action to secure and vindicate their rights to be free from discriminatory treatment in their work and housing.  Plaintiffs bring claims for violations of 42 U.S.C. § 1981 (discrimination on the basis of race and alienage in employment and retaliation), the Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801, *et seq*., the California Business and Professions Code §§17200, *et seq*., the California Labor Code for wage and wage statement violations, meal and rest periods violations, and for failure to provide indemnification for work-related expenses. Plaintiffs Villalovos-Gutierrez and Morales-Delgadillo also assert violations of the California Unruh Civil Rights Act, Cal. Civ. Code § 51, and the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 and 12955.  Plaintiffs also seek penalties pursuant to PAGA, Cal. Labor Code §§ 2698, *et. seq*.

3.        Defendants paid Plaintiffs and similarly situated employees in more recent years an hourly wage and in earlier years covered by this suit a set semimonthly salary. However,

Defendants failed to pay all wages owed, deducted compensable time, and failed to pay or improperly paid overtime wages. Defendants also failed to provide legally required rest periods and meal periods, or to provide premium pay for all missed rest and meal periods. Additionally, Defendants did not reimburse employees for work-related expenses despite being subject to a consent judgment concerning this requirement.

4. Defendants violated the California Business and Professions Code §§ 17200, *et seq.*, by engaging in employment practices that violated state law. These practices have unjustly enriched the Defendants, providing them with a competitive advantage in the dairy industry that is contrary to California law and public policy.

5. Defendants violated the California Fair Employment and Housing Act and the Unruh Civil Rights Act by providing sub-standard and hazardous housing to Plaintiffs Villalobos-Gutierrez and Morales-Delgadillo and similarly situated persons because of their perceived exploitability as Hispanic persons born outside of the United States. Defendants refused to repair properties because of their race, national origin, ancestry, and/or alienage.

6. Defendants violated 42 U.S.C. § 1981 by intentionally recruiting, hiring, and systematically underpaying solely Hispanic laborers born outside of the United States to staff their agricultural operations, on the belief that they would quietly accept the unlawful working conditions, wages, and housing.

7. Defendants violated the Agricultural Worker Protection Act, 29 U.S.C. §§ 1801, *et seq.*, by failing to comply with the statute's information and recordkeeping requirements, failing to pay Plaintiffs and other employees their wages when due, and failing to ensure that their housing complied with substantive federal and state safety and health standards.

8.      Plaintiffs seek their unpaid wages; liquidated damages; actual, incidental, consequential, statutory, and compensatory damages; civil and statutory penalties; punitive damages; pre- and post-judgment interest; declaratory relief; costs; and reasonable attorneys' fees.

## PARTIES

9.      Juan Villalovos-Gutierrez was employed as a migrant laborer by Defendants in San Joaquin County at all relevant times until May 31, 2024 when he was informed he was discharged although he continued in his position for a portion of June 2024.  Plaintiff Villalovos-Gutierrez was also provided housing by Defendants at various locations while he worked at G & H Dairy.

10.      Reyes Morales-Delgadillo was employed as a migrant dairy barn laborer by Defendants in San Joaquin County between approximately late 2020 and early 2023.  He was also provided housing by Defendants while he worked at G & H Dairy, most recently at a location on Sexton Road, Escalon, California where he had no indoor bathroom access for a period of approximately two months.

11.      Jose de Jesus Gonzalez-Villalobos was employed as a migrant laborer by Defendants in San Joaquin County between approximately 2019 and May 31, 2024.

12.      Sergio Ivan Rodriguez-Rodriguez was employed as a migrant dairy barn laborer by Defendants in San Joaquin County until May 31, 2024. He had been employed by Defendants since 2022.

13.      Bonifacio Castro-Morales was employed as a migrant dairy barn laborer by Defendants in San Joaquin County in the years 2021 and 2022.

14.     For the duration of their employment with Defendants, Plaintiffs were non-exempt workers subject to California's overtime requirements.

15.      Plaintiffs assert their claims on behalf of themselves and two overlapping proposed Plaintiff classes: (a) all Hispanic persons born outside of the United States employed by the Defendants in the four years prior to the filing of this action, and (b) all Hispanic persons born outside of the United States and their families who were provided housing that is owned and/or operated by the Defendants in the four years prior to the filing of this action.

16.     Defendants Gerard Van de Pol and, on information and belief, the Estate of Henry Van de Pol, do business as G & H Dairy.

17.     During the relevant statutory period, Defendants were the employer of Plaintiffs and the proposed Plaintiff class because they engaged and exercised control over their wages, hours, and working conditions or suffered and permitted Plaintiffs to work.

(a)     Specifically, Plaintiffs performed work that was integral to the operation of Defendants' dairy operations, including, but not limited to, milking, feeding cows, treating cows, and cleaning the milking barns.

(b)     Defendant Gerard Van de Pol signed off on Plaintiffs' time records, indicating control over hours worked.

(c)     Wages were paid to Plaintiffs and others similarly situated through checks from G & H Dairy.

(d)     On information and belief, Defendants determined the system of compensation as well as Plaintiffs' rate of pay and set rules regarding Plaintiffs' employment.

18.     Defendants provided housing to Plaintiffs Villalovos-Gutierrez, Morales-Delgadillo, and other similarly situated employees on properties located in San Joaquin and Stanislaus counties.

19.     Defendant Gerard Van de Pol resides in San Joaquin County, California (Escalon, California) at 16972 Sexton Road, Escalon, CA 95320.

20.     The dairy operated by Defendants has its principal office in San Joaquin County, at: 16996 Sexton Rd, Escalon, CA 95320.

21.     At all times relevant, Defendants employed in excess of twenty-six employees in their business operations.

## JURISDICTION AND VENUE

22.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question); 42 U.S.C. § 1988 (Proceedings in Vindication of Civil Rights); 29 U.S.C. § 1854(a) (Agricultural Worker Protection Act); and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 (Supplemental).

23.     This Court has supplemental jurisdiction over the state law claims because they are so related to Plaintiffs' federal claims, which arise from the same employment relationship, that they form part of the same case or controversy under Article III, Section 2 of the U.S. Constitution. Specifically, the deficient housing and state labor violations are part of a pattern and practice of discrimination perpetuated by the Defendants against the Plaintiffs during the course of their employment at G & H Dairy, in violation of 42 U.S.C. § 1981, and form the basis for Plaintiffs' claims under the Agricultural Worker Protection Act.

24.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the claims arose in the Eastern District of California, and because the Defendants conduct business there and Gerard Van de Pol resides there.

25.     In addition, this case is properly filed with the Sacramento Division pursuant to Eastern District Local Rule 120(d), given that a substantial part of the Plaintiffs' claims arose in San Joaquin County.

## ALLEGATIONS OF CLASS REPRESENTATIVES

## DISCRIMINATION ON THE BASIS OF RACE, FOREIGN ALIENAGE, AND NATIONAL ORIGIN

26.     Plaintiffs and proposed class members are all Hispanic, Spanish-speaking persons born outside of the United States.

27.     On information and belief, Defendants' administrative and supervisory employees were all white and were all born in the United States.

28.     For the duration of their employment with Defendants, Plaintiffs never observed Gerard Van De Pol recruiting or hiring white, native-born citizens for jobs in the dairy's agricultural operations.

29.     Defendants solely recruited through informal networks, designed only to attract Hispanic persons born outside of the United States.

30.     Plaintiffs were hired informally, paid unlawfully, and Plaintiffs Villalovos-Gutierrez and Morales-Delgadillo were given illegal housing (as described below) by the Defendants.

31.     Plaintiffs, when in groups with their co-workers, overheard discriminatory

statements directed at Plaintiffs and their coworkers by the Defendants' supervisors.

32.     These statements made reference to the workers' alienage and used slurs towards individuals of Hispanic race and Mexican national origin.

33.     On information and belief, Defendants intentionally perpetuated the above-mentioned practices, knowing they were unlawful, in the expectation that the workforce they hired would not complain.

34.     Specifically, Defendants sought to hire only workers they viewed as vulnerable due to their race and alienage by tapping into an informal network for recruitment, paying them substandard wages they knew no white, U.S. Citizen worker would accept, providing them with housing that they failed to maintain or repair that no white, U.S. Citizen worker would accept, and perpetuating an abusive workplace environment in order to benefit themselves economically through the exploitation of the Plaintiffs and similarly situated Hispanic persons born outside of the United States.

**HOURS**

35.     As recently as 2021, Plaintiffs Villalovos-Gutierrez, Reyes-Delgadillo, Gonzalez-Villalobos, and Castro-Morales, as well as others similarly situated workers, were paid a fixed semimonthly salary regardless of the number of hours they worked.

36.     While employed in milking positions, Plaintiffs and other similarly situated workers typically worked four days in a row, followed by one day of rest.

37.     The Defendants scheduled milking barn laborers such that they worked one month of day shifts and the subsequent month of night shifts on an alternating schedule.

38.     Plaintiff Villalovos-Gutierrez and other similarly situated workers who were

assigned to maintenance, feeding and/or outdoor labor on the dairy properties, typically worked six days in a row followed by one day off.

39.     Plaintiffs and other similarly situated employees were usually scheduled for shifts of nine or ten hours but were required to stay until all work was completed.

40.     Defendants set their workday to begin at 6 am and work prior to 6 am was recorded and paid as hours worked in the preceding day.

41.     Defendants' requirement that all work be completed during each shift before Plaintiffs and other similarly situated workers could stop working caused Plaintiffs and others to work excess hours that frequently were not legally compensated.

42.     Defendants did not pay split shift premiums when Plaintiffs shift and other similarly situated workers shifted from night to day shift (or day shift to night shift), which caused them to work a double-shift in a single workday.

43.     Plaintiffs and other similarly situated workers were also expected to perform work outside of their regularly scheduled work hours without proper overtime compensation for the additional work hours.

44.     Plaintiffs and other similarly situated employees were not paid proper overtime rates for all daily, weekly and seventh day overtime hours worked.

45.     When paying laborers on a salaried basis, Defendants failed to calculate their overtime wage rate as required by law and paid Plaintiffs and others similarly situated at unlawfully low rates.

46.     Defendants are subject to a consent judgment requiring proper overtime pay and payment of seventh day overtime.

47.     On information and belief, Defendants have partially paid overtime premiums but continue to significantly underpay Plaintiffs and other similarly situated workers denying them overtime premium pay to which they are entitled.

## MEAL PERIODS

48.     Plaintiffs and other similarly situated workers did not always receive a meal period, a timely meal period and/or an uninterrupted thirty-minute meal period before completion of their fifth hour of work during a workday, and again before completion of their tenth hour of work during a workday, despite state law requirements and the Defendants being subject to a consent judgment requiring such meal periods.

49.     The Defendants did not always provide Plaintiffs and other similarly situated employees the legally required premium payment for tardy or missed first meal periods. In instances where Plaintiffs and other similarly situated employees were provided a meal period of shorter than 30 minutes, Defendants did not add the time spent "off the clock" for the meal period to Plaintiffs' and other similarly situated employees' total hours for the pay period, resulting in the underpayment of their wages.

50.     The Defendants did not provide Plaintiffs and other similarly situated employees with any second meal periods when they were employed for 10 hours in a workday and did not provide the legally required premium payment for those missing second meal periods.

## REST PERIODS

51.     Plaintiffs and other similarly situated workers were not authorized or permitted to take uninterrupted ten-minute rest breaks in which they were relieved of all duties.

52.     Defendants and their supervisors did not relieve Plaintiffs and other similarly situated workers of duties such that rest breaks were possible and Defendants, through a foreman, warned that those stopping work would lose their employment.

53.     Despite knowingly not providing rest periods, Defendants required employees to sign weekly statements that rest periods were received.

54.     Plaintiffs and other similarly situated employees were not paid the legally required premium for missing their mandatory rest periods.

## WORK RELATED EXPENSES

55.     Dairy work requires the use of specialized boots for use in the moist damp environment found in the milk barn and corrals.

56.     Plaintiffs and other similarly situated workers purchased, with their own funds, chemical and water-resistant boots for their work.

57.     Plaintiffs and other similarly situated workers used these boots in the dairy barns and corrals and typically changed out of the boots at the dairy barn before leaving work to return home in their street shoes.

58.     The boots were necessary to their employment because they protected Plaintiffs and other similarly situated workers from on-the-job health hazards, including exposure to excessive water, chemicals, and animal feces.

59.     Defendants never provided nor reimbursed Plaintiffs or similarly situated employees for this work-related expense.

## INADEQUATE WAGE STATEMENTS

60.     Plaintiffs and other similarly situated employees received a paycheck and wage

statement twice monthly.

61.     Because of the violations alleged herein, the wage statements furnished by Defendants to Plaintiffs and other similarly situated employees violated Labor Code section 226(a) insofar as they failed to accurately show the gross wages earned because they lacked proper overtime pay and failed to include all wage premiums owed.  Additionally, the wage statements failed to identify all overtime hours worked, failed to list all applicable wage rates, failed to list all deductions, routinely failed to include all applicable hourly rates in effect during the pay period, failed to list all compensable time, and failed to list the correct number of hours worked at each hourly rate in violation of Labor Code section 226(a)(1), (2), (4), (5), (8) and (9).

62.     Defendants were, at all times relevant herein, aware of the requirements of Labor Code section 226 and were subject to a consent order requiring compliance with their wage statement obligations.

63.     Defendants have, at all times relevant herein, furnished wage statements to each of their employees pursuant to an established set of policies, procedures and practices.

64.     Plaintiffs and other similarly situated employees have suffered injury as a result of Defendants' knowing and intentional failure to comply with Labor Code section 226(a).

65.     Plaintiffs and other similarly situated employees were unable to promptly and easily determine the information required by Labor Code section 226(a)(1), (2), (4), (5), (8), and (9) from the wage statements furnished by Defendants.

**WAITING TIME PENALTIES**

66.     Plaintiffs who are no longer employed by Defendants were not paid all wages owed in their final paycheck. Specifically, they were not paid all minimum wages owed, were not properly compensated for all overtime hours worked, and did not receive all premium pay owed due to short, missed or late meal and rest periods and split shifts.

67.     To date, Defendants have not paid Plaintiffs and other similarly situated workers all wages owed to them, waiting time penalties, or any interest on those amounts.

68.     On information and belief, all of Defendants' employees who quit or were fired during the relevant statutory period were similarly denied payment of all overtime wages owed, as well as premium pay due for meal periods, rest periods, and split shifts in their final paycheck, associated waiting time penalties for neglecting to adequately pay these wages, and interest owed on those amounts.

**HOUSING**

69.     Plaintiff Villalovos-Gutierrez lived, and continues to reside, in housing provided by Defendants which had substantive health and safety violations including black mold, broken windows, and nonfunctioning ventilation.

70.     Plaintiff Morales-Delgadillo lived in housing provided by Defendants which for two months lacked access to an indoor bathroom.

71.     Defendants supplied over ten properties to tenants which upon information and belief had significant health and safety violations.

72.     While employed by Defendants, Plaintiffs Villalovos-Gutierrez and Morales-Delgadillo lived in housing provided, owned, managed, or controlled by the Defendants (or

by trusts that they control). Plaintiff Villalovos-Gutierrez currently lives in housing provided, owned, and/or controlled by the Defendants (or by trusts that they control). These properties are managed by Defendants Gerard Van de Pol and G & H Dairy.

73. Plaintiff Villalovos-Gutierrez lived with his wife and their minor children in a mobile home owned by Defendants (or by trusts that they control) with the following conditions of disrepair: moldy and water damaged ceilings and walls; windows that were not weather tight and which had broken or missing glass panels; and no functioning ventilation in the kitchen or the bathroom.

74. Plaintiff Morales-Delgadillo was assigned to live in a room within a larger building owned or operated by the Defendants. During the first two months of his residency Plaintiff lacked basic plumbing and bathroom access at his residence. Plaintiff used a single outside toilet located in a dairy barn and had no access to shower facilities.

75. Other of Defendants' employees live in dilapidated buildings and mobile homes owned by the Defendants. As far as Plaintiffs are aware, all or almost all of the housing suffers from one or more of the following problems: infestations of vermin, water leaks, damaged or not functioning windows, mold and water damaged walls and ceilings, broken and defective showers, or cracked and damaged flooring.

76. Defendants knew of the conditions of disrepair and refused to repair nearly all of the conditions.

77. Plaintiffs were afraid of asking Defendants to repair their housing on account of the hostility to Plaintiffs and the threat that both employment and housing were contingent upon them accepting these unlawful conditions quietly, such that raising complaints would

lead to termination, eviction and loss of housing for Plaintiffs, the other class members, and their families.

78.     Because of the condition of the substandard housing provided by Defendants, Plaintiffs and the putative class members were forced to make and pay for a number of repairs that Defendants would not.  For example, Plaintiff Villalovos-Gutierrez made repairs to his housing at his own expense, including, but not limited to, patching or covering broken windows and remediating mold.

79.     On information and belief, these repairs were paid for without reimbursement or contribution from the Defendants.

80.     On information and belief, no white employees of Defendants are provided poor quality housing, refused repairs, or required to live with the same conditions as Plaintiffs and the other class members, including broken windows, mold, and/or the lack of bathroom facilities.

81.     Defendants' actions concerning the housing conditions and their responses to complaints made by Plaintiffs and other similarly situated Hispanic laborers born outside of the United States were motivated by Plaintiffs' race, national origin, ancestry, and/or alienage.

82.     On information and belief, Defendants have allowed employees to live in their facilities and properties without ensuring that those facilities and properties comply with federal and state safety and health standards, including federal Occupational Safety and Health Administration ("OSHA"), federal Employment and Training Administration ("ETA") standards, and California Health and Safety Code Standards.

## AGRICULTURAL WORKER PROTECTIONS

83.     Plaintiffs are Hispanic persons born outside of the United States who left their permanent homes in Latin America to work in California.  On information and belief, all putative class members are Hispanic persons born outside of the United States.

84.     On information and belief, Defendants recruited laborers from a distance, who were required to relocate for employment.

85.     On information and belief, at the time of recruitment and/or offer of employment, Defendants did not ascertain or disclose in writing information about the wage rates to be paid or the housing to be provided to Plaintiffs and other class members, among other information that must be ascertained or disclosed under the federal Agricultural Worker Protection Act.

86.     On information and belief, the median period of employment for laborers at G&H Dairy is less than nine months.

87.     On information and belief, Defendants have not posted in a conspicuous place at G&H Dairy the poster provided by the U.S. Secretary of Labor setting forth the rights and protections afforded to migrant and seasonal workers.

## ADDITIONAL FACTUAL ALLEGATIONS

88.     In the four years preceding the filing of this action (the "relevant statutory period"), Plaintiffs, and all members of the proposed wage class, are or were nonexempt employees of Defendant who worked hours constituting both regular ("straight time") hours and "overtime" hours, as those terms are defined in the California Labor Code and Wage Order 14, 8 Cal. Code of Regs. § 11140.

89.     Defendants have one office that prepares payroll for all non-exempt workers at G & H Dairy.

90.     Defendants employed Hispanic laborers born outside of the United States using the same terms and conditions across this group of employees.

91.     Defendants provided housing to Hispanic laborers born outside of the United States using the same terms and conditions across this group of employees.

## CLASS ALLEGATIONS

92.     **Proposed Classes.**

(a)     All non-supervisory Hispanic persons born outside of the United States employed by Defendants at any time during the four years preceding the filing of this action through the conclusion of this action.

(b)     All non-supervisory Hispanic persons born outside of the United States employed by Defendants and their families who were provided housing by the Defendants and lived on property owned or managed by the Defendants during the four years preceding the filing of this action through the conclusion of this action.

93.     **Superiority of Class Action Mechanism**. Class certification is appropriate because Defendants have implemented a scheme that is generally applicable to the Plaintiff Class, making it appropriate to issue relief with respect to the Plaintiff Class as a whole. Class certification is also appropriate because common questions of law and fact predominate over any questions affecting only individual members of the class. Each member of the proposed Plaintiff Class has been injured and is entitled to recover from Defendants for the same wrongful conduct. Class treatment will allow those similarly-

situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Further, the prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants. Plaintiffs are informed and believe that the proposed Plaintiff Class consists of more than 40 current and former employees.  Members of the class are ascertainable but so numerous that joinder is impracticable.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

94.     There is a well-defined community of interest in the litigation and the class is ascertainable:

(a) **Numerosity**: The Plaintiff Class is so numerous that the individual joinder of all members is impractical.  While the exact number of members in the Class is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that the Class consists of more than 40 individual employees, past and present in class (a) and approximately a similar number in class (b), which includes the family members of Defendants' workers who resided in Defendants' housing.

(b) **Common Questions Predominate**:  The questions raised by this Complaint are of common or general interest to the Plaintiff Class members, who have a well-defined community of interest in the questions of law and fact raised in this action. Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the Class.

The common questions of law and fact include, but are not limited to, whether Defendants, by their practices and policies, have engaged in discrimination in contract in violation of 42 U.S.C. § 1981 and have violated the rights of their employees under Business & Professions Code sections 17200 *et seq.,* the California Labor Code, the California Fair Employment and Housing Act, the Unruh Civil Rights Act, and the Agricultural Worker Protection Act. Common questions include, but are not necessarily limited to:

i. Whether Defendants' pay practices conform to the requirements of the California Labor Code and Wage Order 14;

ii. Whether Defendants violated the Labor Code sections 1182.13 and Wage Order 14 by failing to pay the minimum wage for every hour or part thereof worked;

iii. Whether Defendants violated Labor Code sections 510 and 1198 and Wage Order 14 by miscalculating and failing to pay all overtime and double time premium pay owed;

iv. Whether Defendants failed to pay all members of the Plaintiff Class their full wages when due in violation of Labor Code sections 201 and 202;

v. Whether Defendants failed to pay waiting time penalties for all members of the Plaintiff Class members who quit or were discharged during the relevant period, as required by Labor Code section 203;

vi. Whether Defendants violated Labor Code sections 226.7 and 512 and the meal and rest period provisions of California law by failing to provide timely and off-duty meal periods;

vii. Whether Defendants violated Labor Code section 226.7(b) by failing to pay all members of the Plaintiff Class the premium compensation mandated by that statute for missed meal and rest periods, including by failing to properly calculate the premium compensation amount owed;

viii. Whether Defendants failed to provide accurate itemized wage statements to all members of the Plaintiff Class, as required by Labor Code section 226;

ix. Whether Defendants violated Labor Code section 2802 by failing to indemnify all members of the Plaintiff Class for work-related expenses;

x. Whether Defendants violated the California Fair Employment and Housing Act and the Unruh Act by providing sub-standard housing to workers and their families, and subsequently failing to adequately repair or maintain it, because of the workers' race, national origin, ancestry, and/or alienage;

xi. Whether, through the unlawful conduct herein alleged, the Defendants violated Cal. Business and Professions Code §§ 17200, *et. seq*;

xii. Whether, in the provision of unlawful wages and housing to its workers, the Defendants' discriminated against their workers on the basis of race, foreign alienage, and national origin under 42 U.S.C. § 1981;

xiii. Whether Defendants violated the Agricultural Worker Protection Act by failing to comply with its disclosure and recordkeeping requirements, failing

to pay Plaintiffs and other employees their wages when due, and/or failing to

ensure that employee housing complied with substantive federal and state

safety and health standards;

xiv.  What relief is necessary to remedy Defendants' unfair and unlawful

conduct as herein alleged; and,

xv. Other common questions of law and fact.

95.      **Adequacy of Plaintiffs as Class Representatives.**  Plaintiffs can adequately and

fairly represent the interests of the Plaintiff Class as defined above because their individual

interests are consistent with, not antagonistic to, the interests of the Plaintiff Class.

Plaintiffs' claims are typical of the claims of the class as a whole in that they arise from

Defendants' failure to conform their wage and hour practices to the requirements of the

California Labor Code and the applicable Wage Order, as well as their failure to comply

with federal and state anti-discrimination statues and protections for agricultural workers,

resulting in injury to Plaintiffs and the other members of the class.

96.      **Adequacy of Counsel for the Class.**  Counsel for Plaintiffs possess the requisite

resources and ability to prosecute this case as a class action and are experienced labor and

employment attorneys who have successfully litigated other cases involving similar issues.

### First Cause of Action

### 42 U.S.C. § 1981: EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE AND ALIENAGE

97.      Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that

Defendants' actions violated their rights and the rights of other similarly situated individuals

to be free from discrimination in contract under 42 U.S.C. § 1981.

98.     Plaintiffs and members of the putative class are Hispanic persons of foreign alienage born outside of the United States.

99.     Defendants hired Plaintiffs and the other class members and provided Plaintiffs and the other class members with employment and housing on terms that were unlawful and that would not have been provided to white citizens.

100.    These unlawful terms included:

(a)     failing to pay these employees all overtime wages owed;

(b)     failing to provide employees with all of their full and uninterrupted off-duty rest and meal periods;

(c)     failing to pay premium wages for any missed rest periods;

(d)     failing to pay premium wages for all missed meal periods;

(e)     failing to reimburse employees for required and/or necessary equipment;

(f)     failing to pay all wages due to an employee upon their departure or termination;

(g)     failing to pay relevant penalties and interest on these wages;

(h)     failing to provide adequate wage statements;

(i)     failing to provide habitable housing that met substantive health and safety requirements and refusing to maintain or repair the housing to those standards.

101.    In conjunction with these unlawful terms, members of the putative Plaintiff class were subjected to verbal abuse by the Defendants' supervisors as detailed in paragraphs 31 through 32.

102.    As alleged in paragraphs 33 through 34, Defendants intentionally engaged in this

discriminatory conduct because of the Plaintiffs' race and alienage, which they perceived as making the Plaintiffs vulnerable to exploitation and unlawful terms of employment.

103.    Consequently, Defendants' actions violated the Plaintiffs' right to make and enforce contracts and receive the full and equal benefit of the law as guaranteed by 42 U.S.C. § 1981.

104.    As a direct result of Defendants' actions, Plaintiffs were subjected to discriminatory terms and conditions of employment and have suffered substantial damages.

105.    Defendants exhibited oppression, malice, gross negligence, willful or wanton misconduct, or reckless disregard for Plaintiffs' civil rights so as to entitle Plaintiffs and similarly situated workers to an award of punitive damages in order to punish Defendants for their conduct and deter them and others like them from such conduct in the future.

106.    Pursuant to 42 U.S.C. § 1988 and federal common law, Plaintiffs are entitled to actual damages and consequential damages, as well as punitive damages. Additionally, Plaintiffs are entitled to reasonable attorneys' fees and costs.

## Second Cause of Action

## VIOLATION OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 ET. SEQ, PROHIBITING UNFAIR COMPETITION

107.    Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendants have acted contrary to public policy, violated specific provisions of the California Labor Code, and engaged in other unlawful and unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*, depriving Plaintiffs, and all persons similarly situated, of rights, benefits, and privileges guaranteed under law. Specifically, Defendants have:

(a) Failed to pay overtime premiums for work performed in excess of eight hours per work day or forty hours per week, or for work performed on the seventh day of the week, contrary to the applicable provisions of Cal. Labor Code §§ 510, 1198, as detailed in paragraphs 35 to 47;

(b) Failed to pay double time for hours worked in excess of 12 per day;

(c) Failed to pay in 2020 and 2021, overtime at one a half times the regular rate of pay for hours worked in excess of 9 hours per day (2020) and in excess of 8.5 hours per day (2021, or in excess of 50 weekly hours (2020) or 45 weekly hours (2021);

(d) Failed to pay minimum wage for every hour worked, contrary to Wage Order 14 and Cal. Labor Code §§ 1182.12 and 1197;

(e) Failed to pay split shift wages for days in which a double shift was worked in the same workday;

(f) Failed to provide, authorize, and permit meal and rest periods as required by Labor Code §§ 226.7 and 512 and Wage Order 14 (8 Cal. Code of Regs. § 11140);

(g) Failed to pay premium compensation for missed meal and rest periods, as required by Labor Code § 226.7(b), as detailed in paragraphs 48 to 54;

(h) Failed to provide all necessary work-related tools and equipment and failed to indemnify employees for work-related expenses incurred, in violation of Labor Code § 2802 and the applicable provision of Wage Order 14 (8 Cal. Code of Regs. § 11140), as detailed in paragraphs 55 to 59;

(i) Failed to provide accurate itemized wage statements as required by Labor Code § 226(a) and to maintain complete and accurate itemized wage statements as

required by Labor Code § 226, as detailed in paragraphs 60 to 65;

(j) Failed to pay full wages when due as required by Labor Code §§ 201 and 202, as detailed in paragraphs 66 to 68;

(k) Failed to provide housing in compliance with state law. State law prohibits discrimination in housing based upon race, national origin, ancestry, and/or alienage. Defendants violated these statutes by engaging in a pattern and practice of discrimination, harassment, and intimidation of residents, based upon their race national origin, ancestry, and/or alienage. Defendants' acts are in violation of the Fair Employment and Housing Act ("FEHA") and the Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.* and thus constitute *per se* unlawful business practices.

108.     Plaintiffs allege that at all times material to this action, Defendants' conduct has injured their interests by depriving them of their rights as workers and by causing them and each member of the Plaintiff class economic harm through deprivation of wages and other monies owed to them as Defendants' employees.

109.     By perpetuating the unfair business practices discussed above, Defendants have received and retained funds that rightfully belong to Plaintiffs and those similarly situated. These unlawfully obtained monies have allowed Defendants to generate more profits through G & H Dairy, ultimately resulting in the Defendants' unjust enrichment.

110.     These unlawfully obtained funds also constitute an unfair advantage over Defendants' legitimate business competitors in the dairy industry. This advantage was gained at the expense of Defendants' employees and the public at large.

111.     Through this claim, Plaintiffs seek all relief as may be necessary to restore

Defendants' ill-gotten gains to all employees (including themselves) who were adversely affected by these unfair and unlawful business practices. This includes restitution of all unpaid wages owing to themselves and those similarly situated, as well as injunctive relief to prevent the Defendants from continuing to use unfair and anti-competitive methods of operating G & H Dairy. *See* California Business and Professions Code § 17203.

**Third Cause of Action**

**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE CALIFORNIA LABOR CODE AND WAGE ORDER 14**

112.     Pursuant to Rule 23(b)(3), Plaintiffs Rodriguez-Rodriguez, Castro-Morales, and Morales-Delgadillo bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to receive minimum wage under California Law.

113.     As described above in paragraph 49, Defendants deducted on-duty meal periods of less than thirty-minutes from Plaintiffs' hours worked.

114.     These meal periods of less than thirty-minute duration were completely uncompensated in violation of California's minimum wage laws. Cal. Labor Code §§ 1182.12, 1194, and 1197.

115.     As a result of Defendants' failure to comply with the aforementioned portions of the California Labor Code and Wage Order 14, Plaintiffs Rodriguez-Rodriguez, Castro-Morales, and Morales-Delgadillo and members of the Plaintiff Class have been deprived of wages due them in amounts to be proven at trial, and are also owed liquidated damages for violations of their right to a minimum wage.

116. Pursuant to Cal. Labor Code § 1194(a), Plaintiffs seek to recover the unpaid balance of the full amount of compensation due, as well as compensation for all other uncompensated hours, including interest thereon, and reasonable attorneys' fees and costs. Pursuant to Cal. Labor § 1194.2, Plaintiffs also seek to recover liquidated damages.

**Fourth Cause of Action**

**FAILURE TO PAY FOR OVERTIME IN VIOLATION OF THE CALIFORNIA LABOR CODE AND WAGE ORDER 14**

117. Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to receive overtime wages due under California Law.

118. As detailed in paragraphs 35 through 47 above, Defendants failed to pay Plaintiffs and similarly situated members of the putative Plaintiff class at one and a half times their normal rate of pay when they worked more than 9 hours in anyone work day in 2020, 8.5 hours in anyone work day in 2021 and more than 8 hours in any one workday in any subsequent year.

119. Defendants also failed to pay Plaintiffs and the Plaintiffs class at one and a half times their normal rate of pay when they worked more than 50 hours per week in 2020, more than 45 hours per week in 2021, and more than 40 hours per week in any subsequent work week.

120. Defendants used, and disclosed to Plaintiffs, in writing, a Monday through Sunday work week.

121. The semimonthly salary Defendants paid to Plaintiffs and others similarly situated

in the 2020 and 2021 calendar years did not compensate them for any part of these overtime wages due.

122.    Because Defendants failed to comply with the overtime provisions in Wage Order 14, they also violated Cal. Labor Code § 1198, which states "[t]he employment of any employee . . . under conditions of labor prohibited by the [applicable wage] order is unlawful" and Cal. Labor Code § 510.

123.    The violations set forth in this Count resulted, in part, from Defendants' practice of deducting on-duty meal periods of less than thirty minutes from Plaintiffs and class members' hours worked, denying them overtime compensation due.

124.    The violations set forth in this Count resulted, in part, from Defendants' failing to correctly calculate Plaintiffs' regular, nonovertime, wage rate when compensating Plaintiffs and class members at a salaried wage rate.

125.    As a result of Defendants' failure to provide Plaintiffs and members of the Plaintiff Class with overtime pay in accordance with California law, Plaintiffs and members of the Plaintiff Class have been deprived of wages due them in amounts to be proven at trial.

126.    Plaintiffs and members of the Plaintiff Class who have not been paid overtime compensation as required by Wage Order 14 and Cal. Labor Code §§ 510, 515, 1198 seek to recover the full unpaid balance of such wages, interest thereon, attorneys' fees, and the costs of suit pursuant to Cal. Labor § Code 1194(a).

## **Fifth Cause of Action**

## **VIOLATION OF THE CALIFORNIA LABOR CODE AND WAGE ORDER 14 FOR FAILURE TO PROVIDE ADEQUATE MEAL AND REST PERIODS**

127.     Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to receive adequate rest and meal periods.

128.     As detailed in paragraphs 51 through 52 above, Defendants did not provide Plaintiffs and other similarly situated employees rest periods of "ten (10) minutes…per four (4) hours [of work] or major fraction thereof" as required by Wage Order 14, ¶ 12.

129.     Defendants did not authorize and permit workers to take rest periods, as alleged in paragraph 51.

130.     In addition, Defendants did not always provide Plaintiffs and other similarly situated employees an off-duty 30-minute meal period "after a work period of not more than five (5) hours" as required by Wage Order 14, ¶ 11, as detailed in paragraphs 48 through 50.

131.     Additionally, no second meal period was provided when the Plaintiffs worked more than ten hours in a workday.  The duration of their shift in these cases entitled them to a second meal period.

132.     Defendants had a written and illegal meal period policy only requiring meals after 5.5 hours of work and a second meal period only after 12 hours of work.

133.     California law, including Labor Code §§ 226.7 and 512, requires Defendants to permit and authorize Plaintiffs and members of the Plaintiff Class to take all meal and rest periods specified in the applicable Wage Order and entitles Plaintiffs and members of the

Plaintiff Class to be paid one extra hour of pay per day at their regular rate of compensation as additional wages for each day they were denied one or more required rest periods. They are also entitled to an additional hour of pay at their regular rate of compensation for each day they were denied an uninterrupted thirty-minute meal period. Plaintiffs are entitled to the aforementioned premium compensation for meal and rest break violations that occurred in the four years preceding the filing of this action.

134. As described in paragraphs 49 and 54, Plaintiffs did not receive this premium compensation for all their missed meal and rest periods.

135. Consequently, Plaintiffs and all similarly situated employees seek restitution in the amount of the wages they are entitled to under Cal. Labor Code § 226.7(b) for each workday where they were not permitted to take off-duty rest and/or meal periods.

### Sixth Cause of Action

### VIOLATION OF THE CALIFORNIA LABOR CODE AND WAGE ORDER 14 FOR FAILURE TO REIMBURSE EMPLOYEES FOR WORK-RELATED EXPENSES

136. Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to receive reimbursement for necessary work-related expenses under Wage Order 14 and Cal. Labor Code § 2802.

137. Wage Order 14 provides that: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft." Wage Order 14 ¶

9(B); 8 Cal. Code of Regs. § 11140.

138.    At all times during the relevant statutory period, Defendants did not pay Plaintiffs and members of the Plaintiff Class at a rate at least twice the applicable state minimum wage.

139.    Consequently, Defendants were required to provide and maintain all tools and equipment necessary to the performance of Plaintiffs' and Plaintiff class members' jobs.

140.    As stated in paragraphs 55 through 59, Plaintiffs and members of the Plaintiff Class purchased dairy boots for use in Defendants' business operation, G & H Dairy, several times each year.

141.    These boots were necessary to their employment as they protected Plaintiffs from on-the-job health hazards, including standing water and animal feces.

142.    Plaintiffs were never reimbursed for these expenses.

143.    Defendants were aware of the purchase of these boots as most were stored at Defendants' operations as the boots were typically not taken home by Plaintiffs and the class members

144.    As a direct result of Defendants' failure to comply with Wage Order 14, Plaintiffs and members of the Plaintiff Class incurred work-related expenses by purchasing equipment that was necessary to maintain their health and safety at work, as described in paragraphs 55-58.

145.    Because of Defendants' conduct, Plaintiffs and members of the Plaintiff Class have suffered financial losses.

146.    Plaintiffs and members of the Plaintiff Class therefore are entitled to restitution of

all expenses incurred in the performance of their work duties, interest, reasonable attorneys' fees and costs pursuant to Cal. Labor Code § 2802.

<u>**Seventh Cause of Action**</u>

<u>**VIOLATION OF THE CALIFORNIA LABOR CODE AND WAGE ORDER 14 FOR FAILURE TO PROVIDE ADEQUATE ITEMIZED WAGE STATEMENTS**</u>

147.    Pursuant to Rule 23(b)(3), Plaintiffs Villalovos-Gutierrez, Rodriguez-Rodriguez, and Gonzalez-Villalobos bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to receive itemized wage statements that comply with Cal. Labor Code § 226.

148.    Pursuant to Labor Code § 226(a), Defendants were required to furnish itemized wage statements with accurate and complete information showing gross wages earned, total compensable hours worked by the employee, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, and all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee.

149.    As alleged in paragraphs 60 through 65, Defendants intentionally and willfully failed to furnish Plaintiffs Villalovos-Gutierrez, Rodriguez-Rodriguez, and Gonzalez-Villalobos and others similarly situated with wage statements that accurately stated their gross wages earned, total hours worked, net wages earned, all deductions, correct hourly rate(s) of pay and number of hours worked at each hourly rate, correct amount of overtime earned, and premium wages for missed meal and rest periods.

150.    As a direct result of Defendants' failure to comply with Cal. Labor Code § 226, Plaintiffs Villalovos-Gutierrez, Rodriguez-Rodriguez, and Gonzalez-Villalobos and

members of the Plaintiff Class are entitled to recover $50 for the first violation and $100 for each subsequent violation, up to a maximum amount of $4,000 per employee, as well as reasonable costs and attorneys' fees and injunctive relief under Labor Code § 226(e)(1) and 226(h).

**Eighth Cause of Action**

**VIOLATION OF THE CALIFORNIA LABOR CODE FOR FAILURE TO PAY ALL WAGES OWED UPON PLAINTIFFS LEAVING EMPLOYMENT AND ASSOCIATED PENALTIES**

151.     Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to receive all outstanding wages due upon being fired or voluntarily leaving their employment with Defendants.

152.     Defendants did not pay Plaintiffs or similarly situated workers all their wages owed, including payment for all hours worked, overtime premium pay as alleged in paragraphs 35 through 47, or premium pay for missed meal and rest periods as alleged in paragraphs 48 through 54.

153.     As stated in paragraphs 66-68, Plaintiffs did not receive these wages in their last paycheck upon leaving or being terminated from their employment with Defendants.

154.     By failing to compensate Plaintiffs and similarly situated members of the Plaintiff Class who have quit or been discharged during the relevant statutory period as required by the California Labor Code and the applicable Wage Order, Defendants have willfully failed to make timely payment of the full wages due to their former employees in violation of Cal. Labor Code §§ 201 and 202.

155.     Pursuant to Cal. Labor Code § 203, Plaintiffs and members of the Plaintiff Class who have quit or have been discharged from employment with Defendants during the relevant statutory period are entitled to waiting time penalties of up to 30 days' wages per person and interest on the unpaid amount.

**Ninth Cause of Action**
**PRIVATE ATTORNEYS GENERAL ACT**

156.     Plaintiffs Villalovos-Gutierrez, Rodriguez-Rodriguez, and Gonzalez-Villalobos bring this claim on behalf of themselves and all aggrieved employees and/or on behalf of the Plaintiff class, as well as the general public of the State of California.

157.     Pursuant to Cal. Labor Code § 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code § 2699.3. These civil penalties are in addition to any other relief available under the Labor Code.

158.     Plaintiffs allege that Defendants have violated the following provisions of the California Labor Code and IWC Wage Orders that are actionable through the California Labor Code and PAGA, as previously alleged herein in paragraphs 35-68: Cal. Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1194, 1197, 1198, 2802, and IWC Wage Order 14-2001. In addition, Defendants violated Cal. Labor Code § 204 by failing to pay all wages due, including minimum wage, overtime pay, and premium pay for missed meal and rest periods twice each calendar month. Defendants also violated Cal. Labor Code § 1174(d) by

failing to keep accurate payroll records showing the hours worked daily by and wages paid to employees. Each of these violations entitles Plaintiffs, as private attorneys general, to recover the applicable civil penalties on their own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

159. Plaintiffs Villalovos-Gutierrez, Rodriguez-Rodriguez, and Gonzalez-Villalobos were employed by Defendants and the alleged violations were committed against them during their time of employment. Plaintiffs Villalovos-Gutierrez, Rodriguez-Rodriguez, and Gonzalez-Villalobos are therefore aggrieved employees as defined by Labor Code § 2699(c). Other Plaintiffs and current and former employees are also aggrieved employees because one or more of the alleged violations were committed against them during their time of employment with Defendants.

160. Pursuant to Labor Code § 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the Labor Code or, where no civil penalty is specifically provided, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

161. Pursuant to California Labor Code § 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorneys' fees and costs.

162.     Plaintiffs seek the maximum civil penalties permitted by law for Defendants' violations of the California Labor Code and Wage Order 14, including penalties under Labor Code §§ 203, 210, 226.3, 558, 558.1, 1174.5, 1194.2, 1197.1, and 2699(f).

163.     On June 19, 2024, Plaintiffs Villalovos-Gutierrez, Rodriguez-Rodriguez, and Gonzalez-Villalobos provided written notice via email to the Labor and Workforce Development Agency ("LWDA") and via priority and certified mail to Defendants regarding the specific provisions of Labor Code alleged to have been violated by Defendants, including the facts and theories to support the alleged violations.

164.     As of August 23, 2024, more than 65 days after notice to the LWDA and Defendants, the LWDA had not provided written notice that it intended to investigate Plaintiffs' allegations.  Accordingly, Plaintiffs Villalovos-Gutierrez, Rodriguez-Rodriguez, and Gonzalez-Villalobos have satisfied the administrative prerequisites of Labor Code section 2699.3 to bring an action to recover penalties against Defendants.

165.     Plaintiffs Villalovos-Gutierrez, Rodriguez-Rodriguez, and Gonzalez-Villalobos, and the other current and former employees have been harmed as set forth above and request relief pursuant to the Private Attorneys General Act.

**Tenth Cause of Action**
**VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ON THE BASIS OF NATIONAL ORIGIN**

166.     Pursuant to Rule 23(b)(3), Plaintiffs Villalovos-Gutierrez and Morales-Delgadillo bring this as a class claim and allege that Defendants' actions violated the rights of plaintiffs and other similarly situated individuals under the California Fair Employment and Housing Act.

167.   As described in paragraphs 26-34 and 69-82, Defendants have injured Plaintiffs in violation of the California Fair Employment and Housing Act by:

a.   Discriminating against Plaintiffs because of their race, national origin, ancestry, and/or alienage in violation of Cal. Gov't Code §§ 12955(a), 12955(d), 12955(k);

b.   Making statements of discrimination, limitation, or preference based on race national origin, ancestry, and/or alienage in violation of Cal. Gov't Code § 12955(c);

c.   Aiding, abetting, or inciting in the discrimination of residents because of race, national origin, ancestry, and/or alienage in violation of Cal. Gov't. Code § 12955(g).

168.   As a proximate cause of Defendants' conduct, Plaintiffs have been damaged and continue to suffer damages, set forth above.

169.   Defendants did the acts alleged herein maliciously, fraudulently, and oppressively, and /or with the wrongful intention of injuring Plaintiffs Villalovos-Gutierrez and Morales-Delgadillo, and/or with an improper and evil motive amounting to malice. Plaintiffs Villalovos-Gutierrez and Morales-Delgadillo and others similarly situated are thus entitled to recover punitive damages from Defendants in an amount according to proof.

## **Eleventh Cause of Action**

## **VIOLATION OF THE CALIFORNIA UNRUH ACT (CAL. CIV. CODE § 51)**

170.     Pursuant to Rule 23(b)(3), Plaintiffs Villalovos-Gutierrez and Morales-Delgadillo bring this as a class claim and allege that Defendants' actions violated the rights of Plaintiffs and other similarly situated individuals under the California Unruh Act.

171.     Defendants' provision of housing constitutes a business for purposes of the Unruh Act.

172.      In perpetrating the acts alleged in paragraphs 69 through 82, Defendants have violated the Plaintiffs' rights to fair housing under the Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq*., in that Defendants have discriminated against Plaintiffs and others similarly situated based upon their race and national origin in the operation of the property, a business establishment, as alleged in paragraphs 16-21.

173.      Defendants have served as Plaintiffs' and other class members' landlords and as such acted as a business establishment and had a business relationship with Plaintiffs and other class members.

174.     As described above, Defendants have engaged in, or have allowed their agents to engage in, conduct that was hostile against the race, national origin, ancestry, and/or alienage of the Plaintiffs and the other class members.  This conduct has included discriminating against the Plaintiffs, failing to repair their units, and creating a hostile environment against Plaintiffs and the other class members.

175.     Defendants' discriminatory conduct alleged herein constitutes a denial of full and equal access to housing accommodations to Plaintiffs and the other class members within the meaning of California Civil Code § 51 *et seq*.

176.     In addition to compensatory damages for any repairs that Plaintiffs and the other class members made on their own, as detailed in part in paragraphs 78-79, Plaintiffs and the other class members are entitled to statutory damages under Civil Code § 52 of up to three times the amount of actual damages.

177.     Defendants did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiffs and the other class members, and/or with an improper and evil motive amounting to malice.  Plaintiffs and the other class members are thus entitled to recover punitive damages from Defendants in an amount according to proof.

178.     As a proximate cause of Defendants' conduct, Plaintiffs and the other class members have been injured and suffered damages, as set forth above.  Defendants' unlawful conduct was a substantial factor in causing them harm.

**Twelfth Cause of Action**
**VIOLATIONS OF THE AGRICULTURAL WORKER PROTECTION ACT**

179.     Pursuant to Rule 23(b)(3), Plaintiffs bring this claim as a class claim and allege that Defendants have violated the Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1802 *et. seq*.

180.     Plaintiffs are migrant agricultural workers because they perform seasonal or temporary work at Defendants' dairy operation and left their permanent homes in Latin America to do so, as detailed in paragraphs 83-84.

181.     Defendants failed to pay Plaintiffs all wages owed at the time due in violation of the AWPA, 29 U.S.C. § 1822(a).  Plaintiffs were harmed by not receiving the wages due to them at the time they were due, as alleged in paragraphs 35-68.

182.     The AWPA requires an employer to provide migrant workers like Plaintiffs a disclosure, in writing, of job terms and conditions at the time of their recruitment, as specified at 29 U.S.C. § 1821(a).  As detailed in paragraph 85, Defendants made no such disclosure, in violation of their duties as an employer.

183.     Defendants have violated 29 U.S.C. § 1821(b) by failing to post in a conspicuous place the poster provided by the Secretary of Labor setting forth the rights and protections for seasonal and migrant workers, as detailed in paragraph 87.

184.     Defendants' failure to maintain accurate records for each worker that include the basis on which wages are paid, the number of hours worked, the total pay period earnings, the specific sums withheld and purpose of each sum withheld, and the net pay, violates 29 U.S.C. §§ 1821(d)(1), 1821(f), as detailed in paragraphs 35-68.

185.     Defendants have violated the AWPA, and harmed Plaintiffs and class members, by failing to ensure that the facilities and properties in which migrant agricultural workers live comply with federal and state safety and health standards, including standards pertaining to plumbing, structural soundness of buildings, and protections from insects and rodents, and by permitting workers to live in those facilities.  *See* 29 U.S.C. § 1823.  As a result of Defendants' conduct, Plaintiff Villalovos-Gutierrez and the other class members spent their own money repairing and maintaining the facilities and properties in which they lived.

186.    Defendants' violations of the AWPA were intentional because it was standard practice for the Defendants to not pay wages due when owed, to not provide the information and postings required under the AWPA, to not maintain accurate records, and to provide substandard housing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant them the following relief:

(a) That the Court assume supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367;

(b) That the Court certify the classes defined herein;

(c) Under the First Cause of Action:

1. Declare that Defendants have discriminated in contract against Plaintiffs and the Plaintiff Class, in violation of 42 U.S.C. § 1981, as specified in paragraphs 97 through 106.

2. Grant Judgment against all Defendants, jointly and severally, and in favor of Plaintiffs and all similarly situated workers for violations of 42 U.S.C. § 1981 such that:

    a. Plaintiffs and the other class members receive the wages and employment benefits to which they were legally entitled, including back wages, pay for missed meal and rest periods, and damages for unlawful housing conditions, in an amount to be proven at trial.

    b. Appropriate injunctive and declaratory relief is issued, including a permanent injunction enjoining all Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in alienage

discrimination, race discrimination, or any other employment practice which discriminates on these bases.

    c.   Punitive damages are awarded in an amount to be determined at trial.

3.   Award Plaintiffs attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

(d) Under the Second Cause of Action:

1.   Grant judgment against all Defendants, jointly and severally, and in favor of Plaintiffs and all similarly situated workers for violations of Cal. Business and Professions Code § 17200 such that:

    a.   Plaintiffs receive all wages that they were unlawfully deprived of due to Defendants' unfair business practices;

    b.   Plaintiffs receive injunctive relief against the Defendants so that they cannot continue to operate their business in an unfair and anti-competitive way.

2.   Award attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, as the Plaintiffs are enforcing an important right affecting the public interest.

(e) Under the Third Cause of Action:

1.   Grant judgment against all Defendants, jointly and severally, and in favor of Plaintiffs and all similarly situated workers for violations of §§ 1182.12 and 1197 such that Plaintiffs receive the full unpaid balance of their wages owed.  In addition, grant Plaintiffs and the Plaintiff Class liquidated damages in the amount of their minimum wage loss (double damages) for the violation of their right to minimum wage pursuant to Cal. Labor Code §§ 1194, 1194.2 and 1197.

2.   Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code § 1194(a).

(f) Under the Fourth Cause of Action:

    1.   Grant judgment against all Defendants, jointly and severally, and in favor of Plaintiffs and all similarly situated workers for violations of California Labor Code §§ 510, 1198 and Wage Order 14 such that Plaintiffs receive wages for their unpaid hours of work and the overtime premiums that they are entitled to.

    2.   Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code § 1194(a).

(g) Under the Fifth Cause of Action:

    1.   Grant judgment against all Defendants, jointly and severally, and in favor of Plaintiffs and all similarly situated workers for violations of California Labor Code §§ 226.7 and 512 and Wage Order 14 such that Plaintiffs receive all premium payments owed for missed meal and rest periods in the four years prior to this action.

    2.   Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code § 1194(a).

(h) Under the Sixth Cause of Action:

    1.   Grant judgment against all Defendants, jointly and severally, and in favor of Plaintiffs and all similarly situated workers for violations of California Labor Code § 2802 and Wage Order 14 such that Plaintiffs receive restitution for all monies spent on work-related expenses in the four years prior to this action.

    2.   Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code § 2802.

(i) Under the Seventh Cause of Action:

    1.   Grant judgment against all Defendants, jointly and severally, and in favor of Plaintiffs Villalovos-Gutierrez, Rodriguez-Rodriguez, Gonzalez-Villalobos and all similarly

situated workers for violations of California Labor Code 226 and Wage Order 14 such that Plaintiffs receive statutory damages in the amount of $50 for the first inadequate paystub, and $100 for each subsequent one, up to the amount of $4,000 per employee.

2. Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code § 226.

3. Grant injunctive relief against Defendants pursuant to Labor Code § 226(h).

(j) Under the Eighth Cause of Action:

1. Grant judgment against all Defendants, jointly and severally, and in favor of Plaintiffs and all similarly situated workers for violations of California Labor Code §§ 201 and 202.

2. Award damages pursuant to California Labor Code § 203 in the amount of one day's wages, up to a maximum of 30 day's wages, per employee who was terminated or left their employment at G & H Dairy without receiving all outstanding wages due to them in the final paycheck.

(k) Ninth Cause of Action:

1. Grant judgment against all Defendants, jointly and severally, and in favor of Plaintiffs Villalovos-Gutierrez, Rodriguez-Rodriguez, and Gonzalez-Villalobos as private attorneys' general;

2. Award civil penalties including, but not limited to, those available under Labor Code sections 203, 210, 226, 226.3, 558, 558.1, 1174.5, 1194.2, 1197.1 and 2699(f);

3. Award injunctive relief to ensure compliance pursuant to Labor Code section 226(h);

4. Award statutory attorneys' fees and costs, including but not limited to those available under Labor Code sections 226(h) and 2699(g);

5. Award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including those available under Civil Code sections 3287(a) and 3289(b), Labor Code sections 218.6 and 1194;

(l) Tenth Cause of Action:

1. Grant judgment against all Defendants, jointly and severally, and in favor of Plaintiffs and all others similarly situated, for the FEHA violations specified above in paragraphs 166-169, and enjoin defendants from:

    a. Providing substandard housing to their Hispanic employees;

    b. Taking any further actions that intimidate or "chill" residents of the employer owned housing from advocating for and enforcing their fair housing rights;

2. Order Defendants to repair and provide habitable housing to their Hispanic and/or Mexican employees;

3. Award Plaintiffs and others similarly situated actual and punitive damages according to proof;

4. Award Plaintiffs reasonable attorneys' fees pursuant to 42 U.S.C. § 3613 and/or Cal. Gov't Code § 12989.2.

(m) Under the Eleventh Cause of Action:

1. Grant judgment against all Defendants, jointly and severally, and in favor of the Plaintiffs and all others similarly situated for the violations of the Unruh Act and provide actual, consequential and punitive damages according to proof, but in no event less than the statutory damages of $4,000.00 per occurrence.

2. Award Plaintiffs treble damages pursuant to Cal. Civ. Code § 52.

1        3.   Award Plaintiffs attorneys' fees pursuant to Cal. Civ. Code § 52.

(n)      Under the Twelfth Cause of Action:

     1.   Grant judgment against all Defendants, jointly and severally, and in favor of the Plaintiffs and others similarly situated for the violations of 29 U.S.C. §§ 1821(a)-(d) and (f), 1822(a), and 1823 and provide damages up to an including the amount of actual damage, or statutory damages of up to $500 per class member per violation.

(t)      Award Plaintiffs and all others similarly situated pre‑ and post‑judgment interest as allowed by law;

(u)     Cast all costs upon Defendants; and

(v)     Award Plaintiffs such further relief, at law or in equity, as this Court deems just and proper.


     Respectfully submitted this 23rd day of August, 2024.

Dated:  August 23, 2024          Law Offices of Dawson Morton

                    By:   _____s/ D. Morton_____
                                  Dawson Morton
                                  1808 Sixth St.
                                  Berkeley, CA 94710
                                  Telephone: (404) 590-1295
                                  Facsimile: (510) 529-4111
                                  dawson@dawsonmorton.com

                                  *Attorneys for Individual and Representative Plaintiffs individually and on behalf of all others similarly situated.*