1  TALIA L. DELANOY (SBN: 239973)
   tdelanoy@grsm.com
2  AMIE M. SCULLY (SBN: 243778)
   ascully@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   3 Parkcenter Drive, Suite 200
4  Sacramento, CA 95825
   Telephone:  (916) 830-6531
5  Facsimile:  (916) 920-4402

6  Attorneys for Defendants
   GERARD VAN DE POL; G & H DAIRY, A GENERAL PARTNERSHIP (*erroneously sued*
7  *as* GERARD VAN DE POL AND HENRY VAN DE POL'S ESTATE D/B/A G & H DAIRY)

8

9                      UNITED STATES DISTRICT COURT

10                    EASTERN DISTRICT OF CALIFORNIA

11  JUAN VILLALOVOS-GUTIERREZ,            CASE NO. 2:24-cv-02305-CKD
    SERGIO IVAN RODRIGUEZRODRIGUEZ,
12  JOSE DE JESUS GONZALEZ-              **DEFENDANTS' ANSWER TO**
    VILLALOBOS, BONIFACIO CASTRO-        **PLAINTIFFS' COMPLAINT FOR**
13  MORALES and REYES MORALES-           **DAMAGES**
    DELGADILLO, individually and on behalf
14  of all others similarly situated,

15                       Plaintiffs,      Complaint filed: August 23, 2024
                                          Trial date: Not Set
16       vs.

17  GERARD VAN DE POL; GERARD VAN
    DE POL AND HENRY VAN DE POL's
18  ESTATE d/b/a G & H DAIRY; G & H
    DAIRY, A GENERAL PARTNERSHIP,
19
                         Defendants.
20

21       Defendants Gerard Van de Pol and G & H Dairy, a General Partnership ("Defendants")

22  (*erroneously sued as* Gerard Van de Pol and Henry Van de Pol's Estate d/b/a G & H Dairy);

23  hereby answer the Complaint of Plaintiffs Juan Villalovos-Gutierrez, Sergio Ivan Rodriguez-

24  Rodriguez, Jose de Jesus Gonzalez-Villalobos, Bonifacio Castro-Morales and Reyes Morales-

25  Delgadillo, individually and on behalf of all others similarly situated ("Plaintiffs") and assert

26  their affirmative defenses to the Complaint as follows:

27                         **PRELIMINARY STATEMENT**

28       1.    Plaintiffs' allegations in Paragraph 1 contain legal conclusions, arguments and

characterizations to which no response is required. However, Defendants admit that Plaintiffs were employed by G & H Dairy. Plaintiffs have never been employees of Gerard Van de Pol or the Estate of Gerard Van de Pol and Henry Van de Pol. Defendants deny G & H Dairy is a "dba" of any trust. Defendants specifically deny they have violated state and federal law in their agricultural operations. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 1, and therefore deny those allegations on that basis.

2.      Plaintiffs' allegations in Paragraph 2 contain legal conclusions, arguments and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 2.

3.      Plaintiffs' allegations in Paragraph 3 contain legal conclusions, arguments and characterizations to which no response is required. Defendants specifically deny that they failed to properly pay Plaintiffs wages, provide meal and rest periods, and reimburse employee expenses. Defendants lack sufficient information to admit or deny the remaining allegations contained in the paragraph and on that basis denies them.

4.      Paragraph 4 contains legal conclusions, arguments and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 4.

5.      Paragraph 5 contains legal conclusions, arguments and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 5.

6.      Paragraph 6 contains legal conclusions, arguments and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 6.

7.      Paragraph 7 contains legal conclusions, arguments and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7.

/ / /

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

Case No.: 2:24-cv-02305-CKD

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

8.      Plaintiffs' allegations in Paragraph 8 contain legal conclusions, arguments and characterizations to which no response is required. However, Defendants admit that Plaintiffs purport to seek relief, but deny that they have such an entitlement. Except as so admitted, Defendants deny each and every remaining allegation contained in Paragraph 8.

### PARTIES

9.      Defendants admit that G & H Dairy employed and provided housing to Plaintiff Juan Villalovos-Gutierrez in San Joaquin County. Villalovos-Gutierrez was required to vacate his employer provided housing following his discharge and has failed to do so. Except as so admitted, Defendants deny each and every remaining allegation contained in Paragraph 9. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 9 and on that basis denies them.

10.     Defendants admit that G & H Dairy employed Plaintiff Reyes Morales-Delgadillo in San Joaquin County. Defendants deny that they provided Plaintiff Reyes Morales-Delgadillo with housing. Plaintiff Reyes Morales-Delgadillo lived in housing with another employee without permission. Except as so admitted, Defendants deny each and every remaining allegation contained in Paragraph 10.

11.     Defendants admit the allegations in Paragraph 11.

12.     Defendants admit the allegations in Paragraph 12.

13.     Defendants admit the allegations in Paragraph 13.

14.     Paragraph 14 contains legal conclusions, arguments and characterizations to which no response is required. To the extent a response is required, Defendants admit that G & H Dairy employed Plaintiffs as non-exempt employees.

15.     Paragraph 15 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants admit that Plaintiffs purport to seek relief on behalf of themselves and other similarly situated person. Defendants specifically deny that Plaintiffs are the proper parties to bring claims on behalf of other similarly situated persons and that this action is appropriate for class treatment. Since no class has been certified, Defendants otherwise lack sufficient knowledge or information to admit or deny the remaining allegations

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

-3-

contained in Paragraph 15, and therefore deny those allegations on that basis.

16.     Defendants deny the allegations in Paragraph 16.

17.     Paragraph 17 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants admit that G & Dairy employed Plaintiffs Juan Villalovos-Gutierrez, Reyes Morales-Delgadillo, Jose de Jesus Gonzalez-Villalobos, Sergio Ivan Rodriguez-Rodriguez, and Bonifacio Castro-Morales. Defendants otherwise lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 17, and therefore deny those allegations on that basis.

18.     Paragraph 18 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants admit that it provided housing to Plaintiffs Juan Villalovos-Gutierrez and Reyes Morales-Delgadillo. Defendants otherwise lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 18, and therefore deny those allegations on that basis.

19.     Defendants denies the allegations in Paragraph 19.

20.     Defendants admit the allegations in Paragraph 20.

21.     Defendants contend that since no class has been certified, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 21, and therefore deny those allegations on that basis.

## JURISDICTION AND VENUE

22.     Paragraph 22 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants deny proceeding in court is proper, as Plaintiffs and putative class members executed valid and enforceable arbitration agreements.

23.     Paragraph 23 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants admit that Plaintiffs have alleged jurisdiction based on 28 U.S.C. § 1367. Defendants deny that has violated state and federal law as a pattern and practice of discrimination. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 23 and on that basis denies them.

/ / /

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

24.     Paragraph 24 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants admit that Plaintiffs have alleged that venue is proper in this Court. Defendants admit that it currently does business in California

25.     Paragraph 25 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendant admits that Plaintiffs allege that Plaintiffs' claims arose in San Joaquin County.

## ALLEGATIONS OF CLASS REPRESENTATIVES

## DISCRIMINATION ON THE BASIS OF RACE, FOREIGN ALIENAGE, AND NATIONAL ORIGIN

26.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26, and therefore deny those allegations on that basis.

27.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27, and therefore deny those allegations on that basis.

28.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 28, and therefore deny those allegations on that basis.

29.     Defendants deny, generally and specifically, all allegations in Paragraph 29.

30.     Paragraph 30 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants specifically deny that they hired Plaintiffs Villalovos-Gutierrez and Morales-Delgadillo informally, paid them unlawfully, and provided them illegal housing. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 30, and therefore deny those allegations on that basis.

31.     Paragraph 31 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants deny that supervisors made discriminatory statements directed at Plaintiffs and their coworkers. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 31, and therefore deny those allegations on that basis.

/ / /

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

32.     Paragraph 32 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants deny that supervisors made discriminatory and unlawful statements directed at Plaintiffs and their coworkers of Hispanic race and Mexican national origin. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 32, and therefore deny those allegations on that basis.

33.     Paragraph 33 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants deny that they were aware of and intentionally perpetuated supervisors making discriminatory and unlawful statements directed at Plaintiffs. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 33, and therefore deny those allegations on that basis.

34.     Paragraph 34 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants deny, generally and specifically, all allegations in Paragraph 34.

## HOURS

35.     Paragraph 35 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants admit that G & H Dairy employed Plaintiffs Villalovos-Gutierrez, Reyes-Delgadillo, Gonzalez-Villalobos, and Castro-Morales as non-exempt salaried employees who were paid salary until 2021 when an hourly rate was then put into effect. Defendants specifically deny that Plaintiffs were improperly paid. Since no class has been certified, Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 35 and on that basis denies them.

36.     Paragraph 36 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants admit that G & H Dairy employed Plaintiffs. Since no class has been certified, Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 36 and on that basis denies them.

37.     Defendants admit that they scheduled milking position employees to work one month days and one month nights. Defendants lack sufficient knowledge or information to admit

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

1  or deny the remaining allegations contained in Paragraph 37, and therefore deny those

2  allegations on that basis.

3       38.    Paragraph 38 contains legal conclusions, arguments and characterizations to

4  which no response is required. However, Defendants admit that G & H Dairy admit that Plaintiff

5  Villalovos-Gutierrez in a maintenance, feeding and/or outdoor labor position typically worked

6  six days on and one day off. Defendants lack sufficient information to admit or deny the

7  remaining allegations contained in paragraph 38 and on that basis denies them.

8       39.    Paragraph 39 contains legal conclusions, arguments and characterizations to

9  which no response is required. Defendants admit that a typical day could be 9-10 hours, but

10  Defendants never required Plaintiffs to work more. Defendants lack sufficient information to

11  admit or deny the remaining allegations contained in paragraph 39 and on that basis denies them.

12       40.    Defendants deny, generally and specifically, all allegations in Paragraph 40.

13       41.    Defendants deny, generally and specifically, all allegations in Paragraph 41.

14       42.    Defendants deny, generally and specifically, all allegations in Paragraph 42.

15       43.    Defendants deny, generally and specifically, all allegations in Paragraph 43.

16       44.    Defendants deny, generally and specifically, all allegations in Paragraph 44.

17       45.    Defendants deny, generally and specifically, all allegations in Paragraph 45.

18       46.    Paragraph 46 contains legal conclusions, arguments and characterizations to

19  which no response is required. To the extent a response is required, Defendants deny the

20  allegations in Paragraph 46.

21       47.    Defendants deny, generally and specifically, all allegations in Paragraph 47.

22                              **MEAL PERIODS**

23       48.    Defendants deny, generally and specifically, all allegations in Paragraph 48.

24       49.    Defendants deny, generally and specifically, all allegations in Paragraph 49.

25       50.    Defendants deny, generally and specifically, all allegations in Paragraph 50.

26                              **REST PERIODS**

27       51.    Defendants deny, generally and specifically, all allegations in Paragraph 51.

28       52.    Defendants deny, generally and specifically, all allegations in Paragraph 52.

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

1    53.    Defendants deny, generally and specifically, all allegations in Paragraph 53.

2    54.    Defendants deny, generally and specifically, all allegations in Paragraph 54.

3    **WORK RELATED EXPENSES**

4    55.    Defendants lack sufficient knowledge or information to admit or deny the

5    allegations contained in Paragraph 55, and therefore deny those allegations on that basis.

6    56.    Defendants lack sufficient knowledge or information to admit or deny the

7    allegations contained in Paragraph 56, and therefore deny those allegations on that basis.

8    57.    Defendants lack sufficient knowledge or information to admit or deny the

9    allegations contained in Paragraph 57, and therefore deny those allegations on that basis.

10    58.    Defendants lack sufficient knowledge or information to admit or deny the

11    allegations contained in Paragraph 58, and therefore deny those allegations on that basis.

12    59.    Defendants lack sufficient knowledge or information to admit or deny the

13    allegations contained in Paragraph 59, and therefore deny those allegations on that basis.

14    **INADEQUATE WAGE STATEMENTS**

15    60.    Paragraph 60 contains legal conclusions, arguments and characterizations to

16    which no response is required. However, Defendants admit that Plaintiffs received a paycheck

17    and wage statement twice monthly. Since no class has been certified, Defendants lack sufficient

18    knowledge or information to admit or deny the allegations contained in Paragraph 60, and

19    therefore deny those allegations on that basis.

20    61.    Paragraph 61 contains legal conclusions, arguments and characterizations to

21    which no response is required. To the extent a response is required, Defendants deny the

22    allegations in Paragraph 61.

23    62.    Paragraph 62 contains legal conclusions, arguments and characterizations to

24    which no response is required. However, Defendants admit that they were aware of the

25    requirements of Labor Code section 226 and that they complied with the applicable wage

26    statement requirements. Except as so admitted, Defendants deny each remaining allegation

27    contained in Paragraph 62.

28    / / /

**Gordon Rees Scully Mansukhani, LLP**
**3 Parkcenter Drive, Suite 200**
**Sacramento, CA 95825**

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

63.    Defendants admit that G & H Dairy furnished wage statements to each of its employees. Except as so admitted, Defendants deny each remaining allegation contained in Paragraph 63.

64.    Paragraph 64 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants deny that they failed to comply with Labor Code section 226(a) and that as a result Plaintiffs have suffered injury. Since no class has been certified, Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 64 of the Complaint.

65.    Paragraph 65 contains legal conclusions, arguments and characterizations to which no response is required. Since no class has been certified, Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 65 of the Complaint.

## WAITING TIME PENALTIES

66.    Paragraph 66 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants deny, generally and specifically, all allegations in Paragraph 66.

67.    Defendants deny, generally and specifically, all allegations in Paragraph 67.

68.    Defendants deny, generally and specifically, all allegations in Paragraph 68.

## HOUSING

69.    Paragraph 69 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants deny, generally and specifically, all allegations in Paragraph 69.

70.    Defendants deny, generally and specifically, all allegations in Paragraph 70.

71.    Defendants deny, generally and specifically, all allegations in Paragraph 71.

72.    Paragraph 72 contains legal conclusions, arguments and characterizations to which no response is required. However, Defendants admit that Defendants provided Plaintiffs Villalovos-Gutierrez and Morales-Delgadillo with housing, and that Plaintiff Villalovos-Gutierrez currently lives in housing provided by Defendants. Defendants lack sufficient

knowledge or information to admit or deny the remaining allegations contained in Paragraph 72, and therefore deny those allegations on that basis.

73.     Defendants admit that Plaintiff Villalovos-Gutierrez lives in a home owned by Defendants. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 73, and therefore deny those allegations on that basis.

74.     Defendants admit that Plaintiff Morales-Delgadillo lived in a home owned by Defendants. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 74, and therefore deny those allegations on that basis.

75.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 75, and therefore deny those allegations on that basis.

76.     Defendant denies, generally and specifically, all allegations in Paragraph 76.

77.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 77, and therefore deny those allegations on that basis.

78.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 78, and therefore deny those allegations on that basis.

79.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 79, and therefore deny those allegations on that basis.

80.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 80, and therefore deny those allegations on that basis.

81.     Paragraph 81 contains legal conclusions, arguments and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82.     Paragraph 82 contains legal conclusions, arguments and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

## AGRICULTURAL WORKER PROTECTIONS

83.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 83, and therefore deny those allegations on that basis.

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

84.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 84, and therefore deny those allegations on that basis.

85.     Paragraph 85 contains legal conclusions, arguments and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 86, and therefore deny those allegations on that basis.

87.     Defendants deny, generally and specifically, all allegations in Paragraph 87.

## ADDITIONAL FACTUAL ALLEGATIONS

88.     The allegations in Paragraph 88 of the Complaint are based on legal conclusions to which no answer is required. Defendants admit that Plaintiffs were employed by G & H Dairy as nonexempt employees.  Defendants lack sufficient information or knowledge to answer the remaining allegations in Paragraph 88, and on that basis denies them.

89.     Defendants admits the allegations in Paragraph 88.

90.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 90, and therefore deny those allegations on that basis.

91.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 91, and therefore deny those allegations on that basis.

## CLASS ALLEGATIONS

92.     Paragraph 92 contains legal conclusions, arguments, and characterizations to which no response is required. However, Defendants admit that Plaintiffs have alleged a proposed class but denies that a class is proper.

93.     Paragraph 93 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny, generally and specifically, all allegations in Paragraph 93.

94.     Paragraph 94 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny, generally and specifically, all allegations in Paragraph 94.

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

-11-

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

95. Paragraph 95 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants denies that Plaintiffs can adequately represent the interests of the proposed class, that Defendants have violated federal and state laws, and that Defendants are liable to the Plaintiffs or any allegedly similarly situated individuals for any alleged damages.

96. Paragraph 96 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 96, and therefore deny those allegations on that basis.

### FIRST CAUSE OF ACTION

### (42 U.S.C. § 1981: (Discrimination))

97. Defendants hereby incorporate and reference paragraphs 1 through 96 of this Answer, inclusive, as though set forth fully herein.

98. Paragraph 98 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in Paragraph 98.

99. Paragraph 99 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 99.

100. Paragraph 100 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 100.

101. Paragraph 101 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 101.

102. Paragraph 102 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 102.

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

103.     Paragraph 103 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 103.

104.     Paragraph 104 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 104.

105.     Paragraph 105 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 105.

106.     Paragraph 100 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 100.

**SECOND CAUSE OF ACTION**

**(Violation of <u>Cal. Bus. & Prof. Code §§ 17200</u> *et seq*. (Unfair Competition))**

107.     Defendants hereby incorporate and reference paragraphs 1 through 106 of this Answer, inclusive, as though set forth fully herein.

108.     Paragraph 108 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 108.

109.     Paragraph 109 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 109.

110.     Paragraph 110 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 110.

111.     Paragraph 111 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 111.

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

**THIRD CAUSE OF ACTION**

**(Violation of <u>Cal. Lab. Code §§ 1182.12 ,1194 & 1197</u>**

**and <u>Cal. Code Regs., tit. 8, § 11140</u> (Minimum Wage))**

112.    Defendants hereby incorporate and reference paragraphs 1 through 111 of this Answer, inclusive, as though set forth fully herein.

113.    Paragraph 113 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 113.

114.    Paragraph 114 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 114.

115.    Paragraph 115 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 115.

116.    Paragraph 116 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 116.

**FOURTH CAUSE OF ACTION**

**(Violation of <u>Cal. Lab. Code §§ 510, 515, 1198 & 1194(a)</u>**

**and <u>Cal. Code Regs., tit. 8, § 11140</u> (Overtime))**

117.    Defendants hereby incorporate and reference paragraphs 1 through 116 of this Answer, inclusive, as though set forth fully herein.

118.    Paragraph 118 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 118.

119.    Paragraph 119 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 119.

-14-

120. Defendants admit that they utilized a Monday through Sunday work week during Plaintiffs' employment at G & H Dairy.

121. Paragraph 121 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121.

122. Paragraph 122 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 122.

123. Paragraph 123 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 123.

124. Paragraph 124 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124.

125. Paragraph 125 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125.

126. Paragraph 126 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 126.

**FIFTH CAUSE OF ACTION**

**(Violation of <u>Cal. Lab. Code § 226.7</u>, *et seq*.**

**and <u>Cal. Code Regs., tit. 8, § 11140</u> (Meal and Rest Periods))**

127. Defendants hereby incorporate and reference paragraphs 1 through 126 of this Answer, inclusive, as though set forth fully herein.

128. Paragraph 128 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128.

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

-15-

129.   Paragraph 129 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 129.

130.   Paragraph 130 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 130.

131.   Paragraph 131 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 131.

132.   Paragraph 132 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 132.

133.   Paragraph 133 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 133.

134.   Paragraph 134 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 134.

135.   Paragraph 135 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

## SIXTH CAUSE OF ACTION

### (Violation of <u>Cal. Lab. Code</u> § 2802, *et seq.*

### and <u>Cal. Code Regs., tit. 8, § 11140</u> (Work-Related Expenses))

136.   Defendants hereby incorporate and reference paragraphs 1 through 135 of this Answer, inclusive, as though set forth fully herein.

137.   Paragraph 137 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required,

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

1    Defendants deny the allegations in Paragraph 137.

2        138.    Paragraph 138 exclusively contains exclusively legal conclusions, arguments, and

3    characterizations to which no response is required. To the extent a response is required,

4    Defendants deny the allegations in Paragraph 138.

5        139.    Paragraph 139 exclusively contains exclusively legal conclusions, arguments, and

6    characterizations to which no response is required. To the extent a response is required,

7    Defendants deny the allegations in Paragraph 139.

8        140.    Defendants admit that they provided boot vouchers to Plaintiffs to purchase boots.

9    Defendants lack sufficient information and knowledge to admit or deny the allegations contained

10   in Paragraph 140 and on that basis denies them.

11       141.    Defendants lack sufficient information and knowledge to admit or deny the

12   allegations contained in Paragraph 141 and on that basis denies them.

13       142.    Defendants deny the allegations contained in Paragraph 142.

14       143.    Defendants lack sufficient information and knowledge to admit or deny the

15   allegations contained in Paragraph 143 and on that basis denies them.

16       144.    Paragraph 144 exclusively contains exclusively legal conclusions, arguments, and

17   characterizations to which no response is required. To the extent a response is required,

18   Defendants deny the allegations in Paragraph 144.

19       145.    Paragraph 145 exclusively contains exclusively legal conclusions, arguments, and

20   characterizations to which no response is required. To the extent a response is required,

21   Defendants deny the allegations in Paragraph 145.

22       146.    Paragraph 146 exclusively contains exclusively legal conclusions, arguments, and

23   characterizations to which no response is required. To the extent a response is required,

24   Defendants deny the allegations in Paragraph 146.

25                          **SEVENTH CAUSE OF ACTION**

26                  **(Violation of** <u>**Cal. Lab. Code**</u> **§ 226(a),** *et seq.*

27            **and** <u>**Cal. Code Regs., tit. 8, § 11140**</u> **(Itemized Wage Statement))**

28       147.    Defendants hereby incorporate and reference paragraphs 1 through 146 of this

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

Case No.: 2:24-cv-02305-CKD

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

1   Answer, inclusive, as though set forth fully herein.

2        148.    Paragraph 148 exclusively contains exclusively legal conclusions, arguments, and

3   characterizations to which no response is required. To the extent a response is required,

4   Defendants deny the allegations in Paragraph 148.

5        149.    Paragraph 149 exclusively contains exclusively legal conclusions, arguments, and

6   characterizations to which no response is required. To the extent a response is required,

7   Defendants deny the allegations in Paragraph 149.

8        150.    Paragraph 150 exclusively contains exclusively legal conclusions, arguments, and

9   characterizations to which no response is required. To the extent a response is required,

10  Defendants deny the allegations in Paragraph 150.

11                          **EIGHTH CAUSE OF ACTION**

12                   **(Violation of <u>Cal. Lab. Code § 201</u>, *et seq.***

13                      **(Payment of Wages Upon Termination))**

14       151.    Defendants hereby incorporate and reference paragraphs 1 through 150 of this

15  Answer, inclusive, as though set forth fully herein.

16       152.    Paragraph 152 exclusively contains exclusively legal conclusions, arguments, and

17  characterizations to which no response is required. To the extent a response is required,

18  Defendants deny the allegations in Paragraph 152.

19       153.    Paragraph 153 exclusively contains exclusively legal conclusions, arguments, and

20  characterizations to which no response is required. To the extent a response is required,

21  Defendants deny the allegations in Paragraph 153.

22       154.    Paragraph 154 exclusively contains exclusively legal conclusions, arguments, and

23  characterizations to which no response is required. To the extent a response is required,

24  Defendants deny the allegations in Paragraph 154.

25       155.    Paragraph 155 exclusively contains exclusively legal conclusions, arguments, and

26  characterizations to which no response is required. To the extent a response is required,

27  Defendants deny the allegations in Paragraph 155.

28  / / /

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

-18-

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

### NINTH CAUSE OF ACTION

### (Cal. Lab. Code § 2699 (PAGA))

156.    Defendants hereby incorporate and reference paragraphs 1 through 155 of this Answer, inclusive, as though set forth fully herein.

157.    Paragraph 157 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 157.

158.    Paragraph 158 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159.    Paragraph 159 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 159.

160.    Paragraph 160 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 160.

161.    Paragraph 161 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 161.

162.    Paragraph 162 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 162.

163.    Paragraph 163 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 163.

164.    Paragraph 164 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 164.

165.   Paragraph 165 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 165.

## TENTH CAUSE OF ACTION

### (Violation of <u>Cal. Govt. Code § 12955</u>, *et seq.* <u>(FEHA)</u>)

166.   Defendants hereby incorporate and reference paragraphs 1 through 165 of this Answer, inclusive, as though set forth fully herein.

167.   Paragraph 167 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 167.

168.   Paragraph 168 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 168.

169.   Paragraph 169 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 169.

## ELEVENTH CAUSE OF ACTION

### (Violation of <u>Cal. Civ. Code § 51</u> <u>(California Unruh Act)</u>)

170.   Defendants hereby incorporate and reference paragraphs 1 through 169 of this Answer, inclusive, as though set forth fully herein.

171.   Paragraph 171 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 171.

172.   Paragraph 172 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 172.

173.   Paragraph 173 exclusively contains exclusively legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required,

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

-20-

1    Defendants deny the allegations in Paragraph 173.

2         174.    Paragraph 174 exclusively contains exclusively legal conclusions, arguments, and

3    characterizations to which no response is required. To the extent a response is required,

4    Defendants deny the allegations in Paragraph 174.

5         175.    Paragraph 175 exclusively contains exclusively legal conclusions, arguments, and

6    characterizations to which no response is required. To the extent a response is required,

7    Defendants deny the allegations in Paragraph 175.

8         176.    Paragraph 176 exclusively contains exclusively legal conclusions, arguments, and

9    characterizations to which no response is required. To the extent a response is required,

10   Defendants deny the allegations in Paragraph 176.

11        177.    Paragraph 177 exclusively contains exclusively legal conclusions, arguments, and

12   characterizations to which no response is required. To the extent a response is required,

13   Defendants deny the allegations in Paragraph 177.

14        178.    Paragraph 178 exclusively contains exclusively legal conclusions, arguments, and

15   characterizations to which no response is required. To the extent a response is required,

16   Defendants deny the allegations in Paragraph 178.

17                        **TWELFTH CAUSE OF ACTION**

18               **(Violation of <u>29 U.S.C § 1802</u>, *et seq*. <u>(AWPA))</u>**

19        179.    Defendants hereby incorporate and reference paragraphs 1 through 178 of this

20   Answer, inclusive, as though set forth fully herein.

21        180.    Paragraph 180 exclusively contains exclusively legal conclusions, arguments, and

22   characterizations to which no response is required. To the extent a response is required,

23   Defendants deny the allegations in Paragraph 180.

24        181.    Paragraph 181 exclusively contains exclusively legal conclusions, arguments, and

25   characterizations to which no response is required. To the extent a response is required,

26   Defendants deny the allegations in Paragraph 181.

27        182.    Paragraph 182 exclusively contains exclusively legal conclusions, arguments, and

28   characterizations to which no response is required. To the extent a response is required,

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES
Case No.: 2:24-cv-02305-CKD

**Gordon Rees Scully Mansukhani, LLP**
**3 Parkcenter Drive, Suite 200**
**Sacramento, CA 95825**

1    Defendants deny the allegations in Paragraph 182.

2        183.    Paragraph 183 exclusively contains exclusively legal conclusions, arguments, and

3    characterizations to which no response is required. To the extent a response is required,

4    Defendants deny the allegations in Paragraph 183.

5        184.    Paragraph 184 exclusively contains exclusively legal conclusions, arguments, and

6    characterizations to which no response is required. To the extent a response is required,

7    Defendants deny the allegations in Paragraph 184.

8        185.    Paragraph 185 exclusively contains exclusively legal conclusions, arguments, and

9    characterizations to which no response is required. To the extent a response is required,

10   Defendants deny the allegations in Paragraph 185.

11       186.    Paragraph 186 exclusively contains exclusively legal conclusions, arguments, and

12   characterizations to which no response is required. To the extent a response is required,

13   Defendants deny the allegations in Paragraph 186.

14                        **PRAYER FOR RELIEF**

15       To the extent there are material allegations below the "Prayer for Relief" in the

16   Complaint

17       Defendants do not have sufficient information at this time to either admit or deny those

18   allegations and on that basis deny them.  Defendants deny that Plaintiffs have adequately pled

19   any claims, that Plaintiffs have suffered any injury, and that Plaintiffs are entitled to any relief.

20                        **AFFIRMATIVE DEFENSES**

21       Defendants hereby plead the following separate and additional defenses to the Complaint.

22   By alleging the separate and additional defenses set forth below, Defendants intend no alteration

23   of the burden of proof and/or burden of going forward with evidence that otherwise exists with

24   respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in

25   the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any

26   relief whatsoever. Without limiting or waiving any defenses available to it, and based on

27   information and belief unless otherwise stated, Defendants allege as follows:

28   / / /

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

## FIRST AFFIRMATIVE DEFENSE

### (*Failure to State a Claim*)

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (*Statute of Limitations*)

The Complaint is barred, in whole or in part, by applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

### (*Workers' Compensation*)

The Complaint fails, in whole or in part, because the California Workers' Compensation Act (Labor Code section 3600 *et seq*.) is the sole and exclusive remedy for some or all of Plaintiffs' alleged injuries or damages.

## FOURTH AFFIRMATIVE DEFENSE

### (*No Standing*)

The Complaint is barred, in whole or in part, because Plaintiffs lack standing.

## FIFTH AFFIRMATIVE DEFENSE

### (*Mandatory Arbitration*)

The Complaint is barred, in whole or in part, because Plaintiffs Juan Villalovos-Gutierrez, Sergio Ivan Rodriguez-Rodriguez, and Jose De Jesus Gonzalez-Villalobos may not proceed in a civil forum, as by contract between the Parties, they have agreed to pursue all claims which are the subject of this action via private arbitration.

## SIXTH AFFIRMATIVE DEFENSE

### (*No Typicality*)

The Complaint is barred, in whole or in part, because the named Plaintiffs are not typical of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action.

/ / /

/ / /

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

Case No.: 2:24-cv-02305-CKD

1

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

## SEVENTH AFFIRMATIVE DEFENSE

### (*No Commonality*)

The Complaint is barred, in whole or in part, because there are no questions of law or fact common to the class, and therefore Plaintiffs cannot meet the prerequisite to a class action.

## EIGHTH AFFIRMATIVE DEFENSE

### (*Plaintiffs Not Adequate Representatives*)

The Complaint is barred, in whole or in part, because Plaintiffs are not suitable representatives, and therefore Plaintiffs cannot satisfy the prerequisite to a class action.

## NINTH AFFIRMATIVE DEFENSE

### (*Class Action Not Practical*)

This case is not properly maintained as a class action because the prosecution of separate actions by individual members of the putative classes would not create a risk of inconsistent or varying adjudications or adjudications that, as a practical matter, would be dispositive of the interests of other members not parties to the action.

## TENTH AFFIRMATIVE DEFENSE

### (*Action Not Manageable*)

This case is not properly maintained as a class or representative action because of the difficulties likely to be encountered in the management of a class or representative action.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*Class Action Not Proper*)

This action is not properly maintained as a class action because concentrating the litigation of the claims of the putative classes, as to which individualized facts and proof will predominate, in one particular forum is not desirable.

## TWELFTH AFFIRMATIVE DEFENSE

### (*Plaintiffs Not Similarly Situated*)

The Complaint is barred, in whole or in part, because the named Plaintiffs are not similarly situated with the other members of the putative class, and therefore this action is not properly maintained as a class action.

-24-

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

**THIRTEENTH AFFIRMATIVE DEFENSE**

***(Class Representative is Adverse to the Class)***

The Complaint is barred, in whole or in part, because the claims of the named Plaintiffs are adverse to the interests and desires of the members of the putative classes, and therefore this action is not properly maintained as a class action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

***(Excessive Fines)***

The penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1., or under the California Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSE**

***(Individualized Assessment)***

Plaintiffs' cause of action for violation of California Business and Professions Code section 17200, *et seq*. is barred because California law does not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

***(Failure to Exhaust Administrative Remedies)***

The Complaint is barred, in whole or in part, because Plaintiffs failed to timely and/or completely exhaust all administrative remedies as required by law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

***(Legitimate Business Reasons)***

The Complaint is barred, in whole or in part, because any and all decisions made and actions taken by and/or on behalf of Defendants were based upon legitimate, good-faith, non-discriminatory business reasons which were not arbitrary, capricious or unlawful.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (*Failure to Mitigate*)

Any damages otherwise recoverable by Plaintiffs are barred and/or limited because Plaintiffs failed to exercise reasonable diligence in attempting to mitigate their alleged damages.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (*Frivolous Claims*)

Plaintiffs' claims against them are asserted in bad faith, and are frivolous, unreasonable and without foundation. Defendants are therefore entitled to an award of costs and expenses of litigation, including reasonable attorneys' fees and costs.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (*Unclean Hands*)

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (*Waiver*)

The Complaint is barred, in whole or in part, by the doctrine of waiver.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (*Laches*)

The Complaint is barred, in whole or in part, by the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (*Estoppel*)

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (*No Violation Of A Legal Duty*)

The Complaint is barred, in whole or in part, because Defendants did not violate any legal duty owed to Plaintiffs.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (*Superseding and Intervening Acts*)

Any damage allegedly sustained by Plaintiffs was caused, in whole or in part, by the

-26-

1   superseding and intervening acts and omissions of persons or entities for whose conduct

2   Defendants are not responsible.

3                    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

4                              (*After-Acquired Evidence*)

5          The Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence.

6                    **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

7                                  (*No Causation*)

8          The Complaint is barred, in whole or in part, because Plaintiffs' damages, if any, were

9   not caused by Defendants.

10                   **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

11                                  (*No Damages*)

12         Without admitting that the Complaint states a claim, there has been no damage in any

13  amount, manner, or at all by reason of any act alleged against Defendants in the Complaint, and

14  the relief prayed for in the Complaint therefore cannot be granted.

15                   **TWENTY-NINTH AFFIRMATIVE DEFENSE**

16                            (*Avoidable Consequences*)

17         The Complaint is barred, in whole or in part, by the doctrine of avoidable consequences.

18                   **THIRTIETH AFFIRMATIVE DEFENSE**

19                              (*Absence of Malice*)

20         Any acts or omissions by Defendants, if any, were not the result of oppression, fraud, or

21  malice.

22                   **THIRTY-FIRST AFFIRMATIVE DEFENSE**

23                                  (*Not Willful*)

24         The Complaint is barred, in whole or in part, because the conduct and/or violation of law

25  alleged against Defendants is not sufficient to be "willful" within the meaning of California

26  Labor Code section 203, "knowing and intentional" within the meaning of California Labor

27  Code section 226, or under the FLSA.

28  / / /

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(***Compliance with Law/ De Minimis***)

Any recovery on Plaintiffs' Complaint, or any cause of action contained therein, may be barred by Defendants' compliance or substantial compliance with all applicable laws underlying Plaintiffs' claim and the purported Labor Code violations, if any, were de minimis.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(***Reasonable Interpretation of Applicable Law***)

The Complaint is barred, in whole or in part, because Defendants acted in good faith reliance upon the reasonable interpretation of applicable law.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(***Plaintiffs Not Entitled To Attorney's Fees***)

Plaintiffs' Complaint and each cause of action therein fails to state facts upon which attorney's fees can be awarded to Plaintiffs' Attorney.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(***Defendants Entitled to Attorney's Fees***)

To the extent that the Complaint and each cause of action set forth therein are unreasonable and/or filed in bad faith and/or are frivolous in nature, an award of attorneys' fees and costs is justified against Plaintiffs pursuant to California law.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(***Plaintiffs Not Aggrieved***)

No Plaintiffs or any individual they purport to represent are "aggrieved" as that term is defined in the Private Attorneys General Act, California Labor Code sections 2698 et seq. ("PAGA").

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

(***Facial Due Process***)

The Complaint is barred, in whole or in part, because Labor Code section 2699 fails to identify the manner in which penalties for violations of the California Labor Code accrue and thus, is facially ambiguous and violates due process notions pursuant to the California and

-28-

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

United States Constitution.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (*Penalties Cannot Be Determined on a Class or Community-Wide Basis*)

Plaintiffs' claims for PAGA penalties cannot be determined on a class or community-wide basis.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (*Failure to Provide Notice*)

Plaintiffs' claims for penalties under PAGA are barred by Plaintiffs' failure to provide the Labor Workforce Development Agency ("LWDA") sufficient notice of their claims, the names of the "aggrieved employees" on whose behalf they intend to seek penalties, and/or the facts underlying their claims to permit the LWDA to make a reasoned determination regarding whether to investigate, and thus Plaintiffs' notice was deficient and the Court lacks jurisdiction over their claims for violation of PAGA.

## FORTIETH AFFIRMATIVE DEFENSE

### (*Unlawful Delegation*)

Plaintiffs' claims for penalties under PAGA are barred to the extent private actions seeking PAGA penalties manifest an unlawful delegation of executive or other authority.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (*Trial to any Particular Individual Plaintiff*)

The Complaint is barred because trying this case as a class or representative action would violate the United States Constitution and the California Constitution. As a matter of constitutional right and substantive due process, Defendants would be entitled to contest by trial its liability to any particular individual plaintiff, even if the representatives of the purported plaintiffs class prevail on their claims.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (*Due Process*)

The Complaint is barred because, as applied to this case, California Code of Civil Procedure section 382 and Rule 23 of the Federal Rules of Civil Procedure, fail to provide

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

adequate due process protections inasmuch as it constitutes trial by formula and unfairly restricts Defendants' rights to litigate affirmative defenses to the individual claims of Plaintiffs and each member of the putative class and is therefore denies Defendants the protection of the Due Process Clause of the United States Constitution or the California Constitution.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (*Taking*)

Any award of restitution under California Business & Professions Code, sections 17200 et seq., would constitute a taking of property without just compensation in violation of the Takings Clauses of the Fifth Amendment to the United States Constitution (as incorporated into the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19, of the California Constitution.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (*Acts or Omissions of Plaintiffs*)

The Complaint, is barred, in whole or in part, to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiffs or any person on whose behalf relief is sought.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (*Offset*)

Defendants allege that they have been damaged in a sum in excess of any amount allegedly suffered by Plaintiffs, and pursuant to California Code of Civil Procedure section 431.70, *inter alia*, the demands of Plaintiffs have already been compensated. Defendants further allege that they are entitled to set-off of any recovery by Plaintiffs, from any source, for the damages and costs alleged.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (*Plaintiffs at Fault for any Failure to Take Meal and/or Rest Periods*)

The Complaint is barred, in whole or in part, because Defendants made Plaintiffs aware of their right to and encouraged Plaintiffs to take meal and/or rest periods, and did not require Plaintiffs to work during meal and/or rest periods.  Accordingly, Defendants are not liable to Plaintiffs for any failure to take such meal and/or rest periods.

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (*Consent*)

The relief prayed for in the Complaint is barred because Plaintiffs consented to Defendants' conduct by virtue of Plaintiffs' own conduct.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (*De Minimus Doctrine*)

Defendants state, in the alternative if necessary, that if, in fact, it has failed to pay any non-exempt employee for work in excess of 40 hours in a work week, the uncompensated time is de minimis.  The Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent the de minimus doctrine applies to Plaintiffs' claims.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (*Uncompensated Time Is Not Compensable*)

Defendants state, in the alternative if necessary, that even if it has in fact failed to pay individuals for any of the activities alleged in Plaintiffs' Complaint, such activities do not constitute compensable work under the Fair Labor Standards Act.

## FIFTIETH AFFIRMATIVE DEFENSE

### (*Failure to Provide Notice*)

Plaintiffs' claims under the Agricultural Worker Protection Act are barred by Plaintiffs' failure to provide Defendants with sufficient notice of the facts underlying the alleged violations.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (*Assumption of Risk*)

The Complaint is barred, in whole or in part, by the doctrine of assumption of risk.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (*Compliance with Industry Standards*)

Plaintiffs' claims under the Agricultural Worker Protection Act are barred because Defendants have complied with industry standards.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (*Reasonable Efforts*)

Plaintiffs' claims under the Agricultural Worker Protection Act are barred because Defendants made reasonable efforts to provide required protections.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (*Plaintiffs' Negligence*)

Plaintiffs' claims under the Agricultural Worker Protection Act are barred because Plaintiffs' own negligence contributed to the alleged violations.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

### (*Notice of Safety Standards*)

Plaintiffs' claims under the Agricultural Worker Protection Act are barred because Defendants provided Plaintiffs adequate notice and training regarding federal and state safety standards and procedures.

## RESERVATION OF RIGHTS

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have any additional affirmative defenses.  Defendants reserve the right to assert additional defenses in the event discovery indicates they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, DEFENDANTS pray for judgment as follows:

1.      Plaintiffs take nothing by way of the Complaint;

2.      That judgment be entered in favor of Defendants and against Plaintiffs;

3.      That Defendants be awarded their costs of suit and attorneys' fees incurred herein; and

4.      For such and other further relief as the Court deems just and proper.

Dated:                                              GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Talia L. Delanoy*
TALIA L. DELANOY
AMIE M. SCULLY
Attorney for Defendants GERARD VAN DE POL; G & H DAIRY, A GENERAL PARTNERSHIP

-32-