DAWSON MORTON (SBN 320811)
JAMES KNOEPP (S.C. Bar Lic. 102757)
*Admitted Pro Hac Vice*
LAW OFFICES OF DAWSON MORTON
1808 Sixth Street
Berkeley, CA 94710
Telephone: (404) 590-1295
Facsimile: (510) 529-4111

*Attorneys for Plaintiffs and all others similarly situated.*

TALIA L. DELANOY (SBN: 239973)
tdelanoy@grsm.com
AMIE M. SCULLY (SBN: 243778)
ascully@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825
Telephone:  (916) 830-6531
Facsimile:  (916) 920-4402

Attorneys for Defendants
GERARD VAN DE POL; G & H DAIRY, A GENERAL PARTNERSHIP (*erroneously sued as* GERARD VAN DE POL AND HENRY VAN DE POL's ESTATE d/b/a G & H DAIRY)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VILLALOVOS-GUTIERREZ, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>GERARD VAN DE POL; ET AL.<br><br>Defendants. | No.  2:24-cv-2305-DJC-CKD<br><br>JOINT PROPOSED PRETRIAL ORDER AND REPORT OF RULE 26(f) CONFERENCE |

The parties met on December 13, 2024 by telephone and submit this joint case management statement and Rule 26(f) report.

    **a.**    **The nature of the case, including a brief summary of the claims and legal theories under which recovery is sought or liability is denied;**

Plaintiffs' Position:

Plaintiffs allege that Defendants discriminated against Plaintiffs at Defendants' dairy operations and violated state and federal law in the payment of wages and the provision of housing to Plaintiffs and others similarly situated. Plaintiffs assert eleven counts. The violations asserted include employment discrimination at the dairy (Count I) by offering Plaintiffs and other Hispanic person of foreign alienage unlawful working and housing conditions and unfair competition by engaging in unfair business practices which included unlawful wage and working conditions in violation of California's Unfair Competition Law (Count II). Plaintiffs also allege minimum wage violations (Count III), overtime violations (Count IV), and failure to provide rest periods and second meal periods (Count V). Plaintiffs assert claims for work expenses (Count VI), for wage statements (Count VII), and for failure to pay all wages upon separation (Count VIII). The final counts are for unlawful wages and working conditions in violation of the Private Attorney General's Act (Count IX) and for violation of the Agricultural Worker Protection Act Count XII) and for housing conditions which were discriminatory in violation of FEHA (Count X) and the Unruh Act (Count XI).

Defendants' Position:

Defendants deny Plaintiffs' allegations that they engaged in illegal conduct. To the contrary, Defendants pay their employees properly. Defendants pay overtime in accordance with California law and provide accurate wage statements. Defendants provide all employees with all legally required meal and rest periods. Employees are also provided with all necessary equipment to perform their job duties. In addition, Defendants provide housing free of charge to a number of their employees and pay all associated costs, including all utilities, maintenance and repairs. Defendants do not discriminate against their employees on any basis. Rather, they treat all employees equally, with dignity and respect.

**b.      Progress in the service of process;**

All parties have been served.

**c.      Possible joinder of additional parties**;

The parties discussed whether the Estate of Henry Van de Pol is not properly named. Defendants indicated that the Estate of Gerard Van de Pol and Henry Van de Pol never employed the Plaintiffs and that G & H Dairy is not a "dba" of any trust. Plaintiffs have asked for documents related to the real party in interest with respect to G & H Dairy and may propose an amendment after receiving a response from Defendants.

**d.     Any expected or desired amendments to the pleadings;**

An amendment to add the real party in interest identified by Defendants was discussed by the parties.

**e.     Statutory basis for jurisdiction and venue;**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiffs' state law claims.

Venue is proper in the Eastern District of California because Plaintiffs are residents of that district and Defendant G & H Dairy does business in that district.

**f.     Anticipated motions and the scheduling of motions;**

Plaintiffs:

Plaintiffs anticipate three motions outside of discovery motions.  Plaintiffs may move to amend the complaint to join an additional defendant as mentioned above.  Plaintiffs also anticipate moving for Rule 23 class certification of Counts I-VIII and X-XII.  Finally, Plaintiffs anticipate moving for partial summary judgment.

Plaintiffs propose the following schedule:

Amendment of pleadings: 90 days from entry of the Court's scheduling order.

Motion to Certify Class; 5 months from entry of the Court's scheduling order.

Summary judgment to be filed 60 days after the close of discovery with opposition filed 21 days thereafter and reply filed within 14 days of the opposition.

Defendants:

Defendants anticipate filing a Motion for Summary Judgment on all of Plaintiffs' claims asserted against them.

**g.     Anticipated discovery and the scheduling of discovery, including:**

(1)     what changes, if any, should be made in the timing, form, or requirement for disclosure under Rune 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

The parties agree to exchange initial disclosures on Friday, January 10, 2024. The parties propose that documents identified in the initial disclosures will be produced on a rolling basis thereafter.

(2)     the subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

Plaintiffs believe discovery to support the facts and allegations of the complaint and to examine defenses asserted will be necessary including discovery of pay and time keeping records and related Electronically Stored Information in Defendants' time and payroll software systems.

Defendants intend to serve written discovery upon Plaintiffs and to take Plaintiffs' depositions. If deemed necessary and appropriate, Defendants may serve written discovery on other parties and/or third parties.

(3)     what changes, if any should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;

The parties do not propose any discovery limitations.

(4)     the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);

Plaintiffs propose that the expert witness disclosure deadline be set at 60 days before the close of discovery.

(5)     discovery cut-off dates.

The parties propose that the close of discovery be set eleven months from the entry of the Court's scheduling order. Both parties anticipate filing summary judgment motions which Plaintiffs propose shall will be filed 60 days after the close of discovery.

i.  Methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations or restrictions on the use of testimony under Federal Rule of Evidence 702;

The parties have no proposals for limiting cumulative evidence prior to the start of discovery.

j.  A proposed date for final pretrial conference;

60 days after dispositive motions are ruled upon.

k.  A proposed date for trial, estimated number of days of trial, and whether any party has demanded a jury trial;

Defendants believe a two-week jury trial will be necessary. Plaintiffs believe that after dispositive motions a shorter trial of five to six days will be possible.

l.  Appropriateness of special procedures such as reference to a special master or agreement to try the matter before the assigned magistrate judge pursuant to 28 U.S.C. § 636(c);

The parties do not believe that this case is suitable for reference to a United States Magistrate Judge or Special Master.

m.  Proposed modification of standard pretrial procedures because of the simplicity of complexity of the case;

The parties do not request any modifications.

n.  Whether the case is related to any other case pending in this district, including the bankruptcy court of this district;

Neither party is aware of any other pending case related to this suit.

o.  Optimal timing and method for settlement discussions, including whether a court-convened settlement conference should be scheduled, whether in the case of a jury trial the parties will stipulate to the trial judge acting as a settlement judge, and the parties' positions with respect to Voluntary Dispute Resolution (VDRP) as required by Local Rule 271(d); and

The parties are open to private dispute resolution. However, Defendants indicate they have not received a formal settlement demand from Plaintiffs to resolve the case and therefore do

1  not yet know whether participation in a voluntary dispute resolution program would be productive.

p. Any other matters that may be conducive to the just and expeditious disposition of the case.

The parties do not propose any other matters to be decided at this time.

5. The parties shall include a statement in their Joint Status Report advising whether they prefer to appear at a status conference or are satisfied to have the Court issue a Status (Pretrial Scheduling) Order based on the Joint Status Report

The parties believe that a status conference is not presently necessary and propose a status conference 45 days after the Court rules on Plaintiffs' motion for class certification.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted this __20th__ day of December, 2024.

Dated:  December 20, 2024

Law Offices of Dawson Morton

By: _____s/ Dawson Morton_____
Dawson Morton
1808 Sixth St.
Berkeley, CA 94710
Telephone: (404) 590-1295
Facsimile: (510) 529-4111
dawson@dawsonmorton.com

*Attorneys for Individual and Representative Plaintiffs individually and on behalf of all others similarly situated.*

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
TALIA L. DELANOY
AMIE M. SCULLY
Attorney for Defendants

7