1  DAWSON MORTON (SBN 320811)
   JAMES KNOEPP (S.C. Bar Lic. 102757
2  Admitted Pro Hac Vice)
   LAW OFFICES OF DAWSON MORTON
3  1808 Sixth Street
   Berkeley, CA 94710
4  Telephone: (404) 590-1295
   Facsimile: (510) 529-4111
5
   *Attorneys for Plaintiffs and all others*
6  *similarly situated.*

7

8                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF CALIFORNIA
9

10 JUAN VILLALOVOS-GUTIERREZ, ET     No.  2:24-cv-2305-DJC-CKD
   AL.
11                                   DISCOVERY MATTER
                Plaintiffs,
12                                   **JOINT STATEMENT REGARDING**
        v.                           **DISCOVERY DISPUTE CONCERNING**
13                                   **PLAINTIFFS' MOTION TO COMPEL**
   GERARD VAN DE POL; ET AL.         **DISCOVERY RESPONSE FROM**
14                                   **DEFENDANT G & H DAIRY**

15              Defendants.

16

17       Plaintiffs and Defendant submit this Joint Statement regarding a Discovery Disagreement

18 in accordance with Local Rule 251.

19       PRIOR EFFORTS TO RESOLVE THIS DISCOVERY DISPUTE

20       *Plaintiffs' Position*: Plaintiffs and Defendant's counsel have spoken by phone and/or video

21 link.  The parties spoke on February 25 by phone and on March 28 by video link.  While Defendant

22 has indicated it would supplement its response—and has sent follow-up emails, further suggesting

23 supplementing—Defendant has not supplemented any discovery concerning class members.

24 Accordingly, Plaintiffs now move to compel full and complete responses.

25       ///

26       ///

27       ///

28       ///

Revised Joint Statement Discovery Dispute 11-12-2025(108779750.1) - 11/13/2025 10:14 AM

*Defendant's Position*: Counsel met and conferred extensively between February 2025 and October 2025 through written correspondence and multiple telephonic discussions. During this period, Defendant supplemented discovery responses, produced additional policy and pay-structure materials, circulated a Stipulated Protective Order, and served supplemental productions responsive to RFP No. 12. Defendant also conferred in good faith regarding proportional sampling of payroll, timekeeping, and operational data to facilitate mediation and potential resolution.

Defendant also paid the full cost of the parties' private mediation before Doug Leach of M Resolution, held to facilitate an early and efficient resolution of these discovery and class-scope issues. This good-faith effort, together with Defendant's repeated meet-and-confer communications, supplemental productions, and circulation of a proposed protective order, demonstrates that Defendant has consistently sought to resolve disputes cooperatively and without unnecessary court intervention.

Despite these efforts, the parties remain at an impasse concerning the scope of pre-certification discovery, appropriate privacy safeguards for putative class members, and the form and extent of certain productions, including payroll/timekeeping and housing-related records. Defendant remains willing to resolve these issues cooperatively in a manner consistent with proportionality, privacy, and efficiency under Federal Rules of Civil Procedure 26 and 34.

**NATURE OF THE ACTION**.

*Plaintiffs' Position*: This is a suit by former dairy workers alleging violations of federal and state employment and housing laws. Defendants operate a dairy and farming operation outside of Escalon, California. Defendants also operate a number of housing units where they provide housing to a portion of the dairy workers. Plaintiffs assert on their own behalf and the behalf of others similarly situated that Defendants' provided unlawful housing conditions, discriminated against Plaintiffs and others similarly situated, paid unlawful wages, and denied Plaintiffs and others meal and rest breaks. Plaintiffs also assert claims under the California Private Attorney Generals Act. Defendant raises objections based on California Civil Procedure and California privilege law claiming that requests for employment records are "invasive of the rights of privacy of third parties since it calls for the production of information regarding third-party employees of Defendant, who

2

have not consented to the disclosure of such information to Plaintiff." Objection to Req. for Prod. No. 3. But here the federal rules of procedure and privilege apply. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Aster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005); 28 U.S.C. § 2072(b); Fed. R. Evid. 501. Accordingly, it would be "err[or] [to] apply[] California privilege law." *Sony Comput. Entm't Am., LLC v. HannStar Display Corp.*, 835 F.3d 1155, 1159 (9th Cir. 2016)

Defendant also asserts a privacy privilege related to putative class members but has failed to articulate what privacy issues apply with respect to basic employment records. *Barbosa v. Delta Packing Co. of Lodi*, 2021 U.S. Dist. LEXIS 212054, at *6 (E.D. Cal. Nov. 2, 2021) ("generalized privacy" "cannot bar access to basic contact and payroll information"). Additionally, Defendant asked Plaintiffs to stipulate to a sampling of the putative class members' employment records but when Defendant did not claim that producing all records in the same computer file would be burdensome, Plaintiffs declined to agree to a sampling considering the small class size at issue.[1] Defendant then refused to produce any records for putative class members.

*Defendant's Position*: While federal law governs privileges in this federal-question case, Rule 26(c) expressly authorizes courts to protect non-party personal data and to tailor safeguards (protective orders, notice procedures) balancing relevance against privacy and burden. Defendant's privacy and proportionality objections are not categorical bars; they seek reasonable sequencing: policies, named-Plaintiff files, and representative data first, together with a *Belaire-West*–style notice before any disclosure of non-party contact information. *Belaire-West Landscape, Inc. v. Superior Ct.*, 149 Cal. App. 4th 554 (2007).

The principles of proportionality and practicality govern this issue. G & H Dairy is a small, family-run farm, not a large corporate employer with dedicated IT staff or enterprise data systems. Its payroll and timekeeping programs (QuickBooks and TA100 Pro) generate reports in PDF format. Those PDFs accurately reflect the records as they exist in the ordinary course of business, including hours worked, rates, overtime, and meal-period premiums. Plaintiffs' demand for native or exportable database files goes beyond what the Federal Rules require and would impose

---

[1] Plaintiffs have not received a discovery response indicating the number of putative class members but Plaintiffs believe the number to be approximately 100 individuals on the wage claims and fewer on the housing claims.

conversion burdens and costs disproportionate to the case.

**DISCOVERY REQUESTS AND OBJECTIONS**

The Requests at issue include requests for production:

Request No 1: All DOCUMENTS which contain the full name, last known mailing address(es), email address(es), telephone number(s), and any other contact information for each PROPOSED PLAINTIFF CLASS MEMBER for the COVERED PERIOD, including but not limited to work schedules, payroll records, rosters, employee lists, and databases.

Request No. 2: Any and all DOCUMENTS reflecting, containing, or otherwise evidencing the HOURS WORKED each day, week and month by each PROPOSED PLAINTIFF CLASS MEMBER during the COVERED PERIOD, including but not limited to any timesheets, schedules, electronic punch-in records and/or punch reports, including all time electronically recorded, and Microsoft Excel (.xls or .xlsx) records, whether produced, generated, and stored electronically or in paper format. This request includes, but is not limited to, daily or weekly time cards or sheets which record hours, days of work, or compensation for any of the PROPOSED PLAINTIFF CLASS MEMBERS.

Defendants responded to both requests as follows: Defendant objects to this Request as invasive of the rights of privacy of third parties since it calls for the production of information regarding third-party employees of Defendant, who have not consented to the disclosure of such information to Plaintiff. Defendant further objects that this Request is premature as the determination regarding the certification or composition of any class has not yet been made by the Court. Defendant further objects to this request as it is vague and ambiguous as to the term "PROPOSED PLAINTIFF CLASS MEMBER," and the determination of class membership is a legal question outside the scope of discovery. Defendant further objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is requesting information related to employees who are not parties to this lawsuit. [For Request 1 Defendant included:] Subject to and without waiving the foregoing objections, Defendant complies with this request by producing the named Plaintiffs' personnel files and payroll records as Bates: G&H000135-566. [For Request 2 Defendant included:] Subject to and without waiving the

foregoing objections, Defendant complies with this request by producing the named Plaintiffs' timecards as Bates G&H000161-181, 258-283, 315-338, 373-411, 543-566.

Plaintiffs seek to compel discovery of similarly situated putative class members. Defendants object, uniformly, to this discovery as follows: "Defendant objects to this Request as invasive of the rights of privacy of third parties since it calls for the production of information regarding third-party employees of Defendant, who have not consented to the disclosure of such information to Plaintiff. Defendant further objects that this Request is premature as the determination regarding the certification or composition of any class has not yet been made by the Court." GHD Resp. to RFPs at Nos 1-2, 4-11, 14-17, 19, 23, 33, and 35. Plaintiffs are entitled to pre-certification discovery—indeed showing that the putative class suffered similar, or indeed identical, violations will be significant evidence to support Plaintiffs' planned class certification motion. Similarly, privacy and privilege objections made by employers on behalf of absent class members are routinely rejected. *Garrett v. S.F.*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987) (noting "personnel files are discoverable. . . despite claims of privilege"); *Barbosa v. Delta Packing Co. of Lodi*, 2021 U.S. Dist. LEXIS 212054, at *6 (E.D. Cal. Nov. 2, 2021) ("generalized privacy" "cannot bar access to basic contact and payroll information"). Plaintiffs are entitled to designation and production of responsive documents.

Additional requests at issue include the following:

Request No. 3: All PAYROLL REPORTS produced or maintained by DEFENDANTS during the COVERED PERIOD.

Defendant's objection: Defendant objects to this Request as invasive of the rights of privacy of third parties since it calls for the production of information regarding third-party employees of Defendant, who have not consented to the disclosure of such information to Plaintiff. Defendant further objects to this request as it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is requesting information related to employees who are not parties to this lawsuit.

Request No. 4: Any and all DOCUMENTS reflecting, containing, or otherwise evidencing wage statements issued by DEFENDANTS to any of the PROPOSED PLAINTIFF CLASS

MEMBERS during the COVERED PERIOD.

Request No. 5: Any and all DOCUMENTS reflecting, containing, or otherwise evidencing the amounts and/or date of wages paid and/or any deductions made (and reasons therefore) from wages paid to each PROPOSED PLAINTIFF CLASS MEMBER during the COVERED PERIOD, including but not limited to QuickBooks Backup Files (.qbb), earnings summaries, check stubs, check copies, and bank statements.

Request No. 6: All DOCUMENTS showing or containing the rate of pay (including changes to pay, if any, and effective dates of such changes) for each PROPOSED PLAINTIFF CLASS MEMBER for the COVERED PERIOD, including but not limited to employment applications, time records, and payroll records.

Request No. 8: All agreements signed by any PROPOSED PLAINTIFF CLASS MEMBER.

Request No. 10: All DOCUMENTS signed by any PROPOSED PLAINTIFF CLASS MEMBER RELATING TO payroll records or the payment of wages.

Request No. 11: All DOCUMENTS that you contend govern the employment relationship between PROPOSED PLAINTIFF CLASS MEMBERS and DEFENDANTS.

Request No. 14: All DOCUMENTS that reflect, describe, indicate, or otherwise evidence that YOU provided any and all "MEAL PERIODS" (as that term is defined in applicable IWC Wage Orders and in Labor Code sections 226.7 and 512) to PROPOSED PLAINTIFF CLASS MEMBERS during the COVERED PERIOD.

Request No. 15: All DOCUMENTS that reflect, describe, indicate, or otherwise evidence that YOU paid premiums on any and all missed "MEAL PERIODS" (as that term is defined in applicable IWC Wage Orders and in Labor Code sections 226.7 and 512) to PROPOSED PLAINTIFF CLASS MEMBERS during the COVERED PERIOD.

Request No. 16: All DOCUMENTS that reflect, describe, indicate, or otherwise evidence all agreed upon "MEAL PERIODS" (as that term is defined in applicable IWC Wage Orders and in Labor Code sections 226.7 and 512) waivers by any PROPOSED PLAINTIFF CLASS MEMBER during the COVERED PERIOD.

Request No. 17: All WRITINGS that reflect, describe, indicate, or otherwise evidence that

6

1  YOU authorized and permitted and/or provided any and all "REST PERIODS" (as that term is
2  defined in applicable Wage Orders and in Labor Code section 226.7) to PROPOSED PLAINTIFF
3  CLASS MEMBERS during the COVERED PERIOD.

4         Request No. 19: All DOCUMENTS that discuss, describe, constitute, refer to, or show
5  YOUR reimbursement to any PROPOSED PLAINTIFF CLASS MEMBER for purchase of tools
6  and/or equipment, including but not limited to protective boots, gloves, aprons, and rain suits during
7  the COVERED PERIOD.

8         Objection to Requests 4, 5, 6, 8, 10, and 11, 14, 15, 16, and 17 and 19: Defendant objects
9  to this Request as invasive of the rights of privacy of third parties since it calls for the production
10 of information regarding third-party employees of Defendant, who have not consented to the
11 disclosure of such information to Plaintiff.  Defendant further objects that this Request is premature
12 as the determination regarding the certification or composition of any class has not yet been made
13 by the Court.  Defendant further objects to this request as it is vague and ambiguous as to the term
14 "PROPOSED PLAINTIFF CLASS MEMBERS," and the determination of class membership is a
15 legal question outside the scope of discovery.  Defendant further objects to this request as it is not
16 reasonably calculated to lead to the discovery of admissible evidence to the extent that it is
17 requesting information related to employees who are not parties to this lawsuit.

18         CONTENTIONS OF EACH PARTY AS TO THE CONTESTED ISSUES
19         Proposed Plaintiff Class Member
20         *Plaintiffs' Position*: Defendant objects to the use of the term "Proposed Plaintiff Class
21 Member" as "vague and ambiguous."  However, this term is defined to refer to the class definition
22 found in the complaint, ECF 1 at ¶ 92, and accordingly it is understandable.  Defendant may claim
23 that it does not know the location of birth of its workforce—but in completing the mandatory
24 immigration verification process known as the I-9 form, Defendant is aware of which members of
25 its workforce are non-citizens and all of those individuals were accordingly born outside of the
26 United States.[2]  Defendant's repeated objection and claim to not know which workers are covered
27 by the definition can be overruled.

28
_____
[2] Plaintiffs understand all of Defendants' workforce to be Latino.

*Defendant's Position*: "Proposed Plaintiff Class Member" remains an imprecise, litigation-crafted term that presupposes the very class questions the Court has not yet decided. Pre-certification discovery must stay tethered to Rule 23 issues and Rule 26(b)(1) proportionality. To the extent contact information is ordered pre-certification, disclosure should follow entry of a protective order and a *Belaire-West*–style opt-out notice to account for non-party privacy. Defendant does not concede that Plaintiffs' definition properly identifies any ascertainable class at this stage and preserves all objections.

Relevance of Class Member Discovery

*Plaintiffs' Position*: Defendant, repeatedly, objects that discovery of "information related to employees who are not parties to this lawsuit" is "not reasonably calculated to lead to the discovery of admissible evidence." Def. Resp. to Req. for Prod. at pp. 3-24. However, this suit is filed as a putative class action and PAGA action. Discovery of class members, prior to certification, is not only permissible it is indeed necessary to allow Plaintiffs equal access to Defendant's payroll information showing it treated the putative class members in the same way and exposed them to the same payroll violations.

The Ninth Circuit has found pre-certification discovery "necessary to determine the existence of a class or set of subclasses." *Kamm v. California City Development Co.*, 509 F.2d 205 (9th Cir. 1975). District courts in California have found denying pre-certification discovery can be an abuse of discretion. *Artis v. Deere & Co.*, 276 F.R.D. 348, 351 (N.D. Cal. 2011) ("To deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion."). It is a "general rule that before class certification has taken place, parties are entitled to equal access to persons who potentially have an interest in the subject of the action, but who are not yet parties." *Arredondo v. Sw. & Pac. Specialty Fin., Inc.*, 2019 U.S. Dist. LEXIS 200750, at *9 (E.D. Cal. Nov. 18, 2019).

For example, courts in this district have found motions to compel class member contact information well supported. *Holland-Hewitt v. Allstate Life Ins. Co.*, 343 F.R.D. 154, 168-169 (E.D. Cal. 2022) ("class contact information is routinely found to be discoverable."); *Arredondo*, 2019 U.S. Dist. LEXIS 200750, at *7 ("discovery of the putative class members' contact

information is routinely allowed"); *Barbosa v. Delta Packing Co. of Lodi*, 2021 U.S. Dist. LEXIS 212054, at *6 (E.D. Cal. Nov. 2, 2021) ("generalized privacy" "cannot bar access to basic contact and payroll information"). Here, Plaintiffs want to support their class certification motion with both information from putative class members and with payroll records that show Defendants' common treatment of the putative class members—Defendant's objection should be overruled.

Defendants' also erroneously claim that a limited, incomplete sampling of payroll provided subject to a mediation privilege is a discovery response—which Defendants expressly indicated it was not. Defendant's production of the sampling stated in its September 2, 2025 production that the documents were "produced pursuant to the parties' agreement for informal exchange of information under mediation privilege[.]"

*Defendant's Position*: The representative payroll/timekeeping set was provided to advance the parties' discussions and allow Plaintiffs to evaluate certification theories without imposing the burden and privacy impacts of full class-wide production. Whether considered as part of discovery or as an agreed sampling for evaluation, the point remains: phased, representative discovery is the proportional approach pre-certification. Plaintiffs used the sample in preparing for mediation and can assess Rule 23 issues from it. A demand for all putative members' payroll and personnel data at this stage is overbroad and disproportionate.

Defendant has already produced all responsive records for the named Plaintiffs, policy and responsive handbook materials, and a representative sample of payroll and timekeeping records sufficient to evaluate Plaintiffs' theories. Early in discovery, the parties conferred and agreed that, rather than engaging in sweeping pre-certification production, Defendant would produce a representative sample of the putative class's payroll and time records, together with applicable policies and housing inspection reports, to enable Plaintiffs to conduct an initial evaluation and to facilitate meaningful mediation discussions.

Consistent with that agreement, Defendant collected and produced payroll and timecard PDFs covering roughly one-third of the putative class and spanning multiple pay periods across 2020 through 2024. The sample included pay period data and reflected the dairy's pay structures, premium payments, and timekeeping practices. Plaintiffs' counsel confirmed receipt of the sample

and used it in preparing for the parties' September 26, 2025 mediation before Doug Leach of M Resolution. This sampling provided the information necessary to assess certification and damages theories without the burden, cost, and privacy intrusion of full class-wide production.

Despite having reviewed this representative dataset, Plaintiffs now seek to reopen discovery to demand full class-wide employment, payroll, and housing records. That demand is premature, overbroad, and disproportionate under Federal Rule of Civil Procedure 26(b)(1). District courts within the Ninth Circuit routinely limit pre-certification discovery to information relevant to class certification, such as policies, timekeeping systems, and representative data sufficient to evaluate numerosity, typicality, or commonality, while deferring merits-based, class-wide discovery until after certification. See *Ho v. Ernst & Young LLP, 2011 WL 7106622*, at *2 (C.D. Cal. Dec. 19, 2011) (limiting pre-certification discovery to matters relevant to certification and noting courts "commonly bifurcate discovery" to avoid premature merits inquiries); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 506 (C.D. Cal. 2011) (denying company-wide class discovery absent a threshold showing and emphasizing proportional, phased discovery); *Gonzalez v. CoreCivic, Inc.,* No. 1:18-cv-00927-DAD-EPG, *2020 WL 4437167, at 3 (E.D. Cal. July 31, 2020) (holding that limited, phased class discovery and production of representative samples were appropriate under Rule 26(b)(1) proportionality principles).

These authorities confirm that phased discovery preserves proportionality, avoids unnecessary burden, and keeps discovery tethered to Rule 23 issues. G & H Dairy, a small, family-owned farm in Escalon, California, has already cooperated within those parameters. Producing four years of personnel, payroll, and housing records for all non-party employees would impose undue burden and expense wholly disproportionate to the needs of this case.

Invasion of the Rights of Privacy of Third Parties

*Plaintiffs' Position*: Defendant claims in its responses that "the production of information regarding third-party employees of Defendant" is inappropriate because the employees "have not consent[ed] to the disclosure of such information to Plaintiff." Def's Resp. to Req. for Prod. California court rules are inapplicable in this suit arising under federal law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Sony Comput. Entm't Am., LLC v. HannStar Display Corp.*, 835 F.3d 1155,

1159 (9th Cir. 2016) ("err[] [to] apply[] California privilege law.") "While the California Constitution contains an individual right to privacy, that right does not create a federally recognized privilege against all discovery." *Barbosa v. Delta Packing Co. of Lodi*, 2021 U.S. Dist. LEXIS 212054, *2 (E.D. Cal. Nov. 2, 2021). Additionally, Defendant only asserted this objection after Plaintiffs declined Defendant's offer to provide only a sampling of the class member employee data.  Email of A. Scully dated Jan. 31, 2025 (proposing "engaging in informal discovery for a sample of the class . . .  To further clarify, the sample is random.").[3]  A "generalized privacy assertion cannot bar access to basic contact and payroll information, taking into account plaintiffs' claims and [Defendant's] sole possession of the records."  *Barbosa*, 2021 U.S. Dist. LEXIS 212054, at *6; *Holland-Hewitt*, 343 F.R.D. at 169 (ordering putative class member records produced where "the information sought is relevant to issues of commonality and typicality").  Pay records in a pay dispute are "high[ly] relevant to the subject matter involved." *Riojas v. Seal Produce*, 82 F.R.D. 613, 620 (S.D. Tex. 1979).  Even under California law of privilege such information would not be subject to a discovery objection. *See Puerto v. Superior Court*, 158 Cal. App. 4th 1242, 1259 (2008) (finding an abuse of discretion by trial court in sustaining employer's privacy objections to witness contact information and noting that the contact information was "under these circumstances relatively nonsensitive information").  Discovery is appropriately compelled where the documents sought are relevant and solely in the possession of the responding party. *Arredondo*, 2019 U.S. Dist. LEXIS 200750, at *20 (compelling class discovery from defendant "because [it was the] party in possession and control of the requested information, and absent an order compelling it to produce the requested discovery, Plaintiff will not be able to obtain evidence necessary for a class certification motion"); *Barbosa*, 2021 U.S. Dist. LEXIS 212054, at *3-4 ("[t]urning to balancing, then, [defendant] appears to be in sole possession and control of the relevant payroll records, and

---

[3] Plaintiffs declined sampling because the putative class here is quite small and Defendants never claimed any burden to produce all records rather than just one quarter of the records. "Courts routinely order samples that outnumber the size of the putative class in this matter."  *Arredondo*, 2019 U.S. Dist. LEXIS 200750, at *11. Moreover, sampling would allow Defendant to hide similarities in the putative class by selective production of documents or retain an argument that class members are not similarly situated by supporting their position with payroll records withheld from Plaintiffs.

plaintiffs' only avenue to obtain the records is through discovery").  As the Ninth Circuit has noted, pre-certification class discovery is "the better and more advisable practice for a District Court" because it "afford[s] the litigants an opportunity to present evidence as to whether a class action was maintainable." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Even the cases cited by Defendants, compel class member discovery without ever mentioning any issue of putative privacy in pay records. *Talavera v. Sun Maid Growers of Cal*., 2017 U.S. Dist. LEXIS 16509, at *13 (E.D. Cal. Feb. 6, 2017) (ordering in suit involving 5000 putative class members that Defendant "shall produce records in their possession for the 142 employees that opted into the collective action, and an additional 10 percent of the employee records that are maintained by Defendant.") Additionally, Defendant confuses cases arising under diversity jurisdiction where state law privileges apply with this suit arising under federal law. *See, e.g., Murphy v. Target Corp*., 2011 U.S. Dist. LEXIS 62458, at *1-2 (S.D. Cal. June 14, 2011) (noting suit is a "putative class action lawsuit . . .  alleging that Target violated California Industrial Welfare Commission Wage Order 7-2001 section 14(A)" and "[California] Labor Code section 1198"). Here the payroll records and contact information of putative class members should be ordered produced.

> *Defendant's Position*: Even in federal-question cases, Rule 26(c) authorizes courts to protect non-party personal data from undue disclosure.  Under Fed. R. Civ. P. 26(c)(1), courts may, for good cause, issue protective orders to safeguard against undue burden or invasion of personal privacy.  Federal courts within this Circuit consistently recognize that employee contact and personnel information implicate significant privacy interests and require safeguards before production.  See *Lobaton v. City of San Diego,* No. 3:15-cv-1416-GPC-DHB, *2020 WL 7334512, at 4 (S.D. Cal. Dec. 14, 2020) (granting in part motion to compel while entering protective order limiting disclosure of personnel data and balancing discovery need against non-party privacy interests); *Artis v. Deere & Co*., 276 F.R.D. 348, 352 (N.D. Cal. 2011) (ordering production of putative class members' contact information subject to a *Belaire-West* opt-out notice because the procedure reasonably protects employee privacy while permitting legitimate discovery).

> California courts, and federal courts applying similar balancing principles, have held that an opt-out notice procedure strikes an appropriate balance between discovery needs and employee

privacy.  See *Pioneer Elecs. (USA), Inc. v. Superior Ct*., 40 Cal. 4th 360, 373 (2007) (holding pre-certification discovery of putative class members' contact information is generally permissible but should be balanced against privacy, and that an opt-out notice adequately safeguards those interests); *Belaire-West Landscape, Inc., supra,* 149 Cal. App. 4th at 562–63 (2007) (approving opt-out notice before disclosure of employee contact information because it "strikes an appropriate balance" between privacy and discovery); *Murphy v. Target Corp*., 2011 WL 2413439, at *4 (S.D. Cal. June 14, 2011) (ordering *Belaire-West* notice based on employees' reasonable expectation their contact information would not be externally disclosed); *Talavera v. Sun-Maid Growers of Cal*., 2017 WL 495635, at *3–4 (E.D. Cal. Feb. 7, 2017) (directing *Belaire-West* notice before production of contact information to account for privacy interests).

The parties have agreed in principle to a protective order, which has already been circulated in draft form.  Defendant is amenable to producing contact and limited housing information subject to the protective order's use and disclosure limits and to a *Belaire-West*-style opt-out notice prior to disclosure of putative class contact information.  This approach allows Plaintiffs to obtain the information they need while ensuring privacy protection consistent with *Murphy, Talavera,* and *Holland-Hewitt v. Allstate Life Ins. Co*., 343 F.R.D. 154, 168–69 (E.D. Cal. 2022) (recognizing courts' discretion to tailor protective measures to balance privacy and proportionality).

<u>Withholding Documents for Leverage is Improper</u>

*<u>Plaintiffs' Position</u>*: Defendant's discovery responses repeatedly "invite[] Plaintiffs to meet and confer as to the reasonable scope of th[e] request."  Def.'s Resp. to Pls. Req for Prod. At Nos. 1-3, 5, 6, 8, 10, 14-19, 21, 23, and 28.  Effectively, although required to produce documents responsive to the request, Defendant has asserted objections and withheld documents to "confer."  Doing so, where Defendant knew it possessed responsive and discoverable documents, is inappropriate.  The documents should be ordered produced and Plaintiffs' awarded their fees for this motion pursuant to Rule 37.

*<u>Defendant's Position</u>*: Defendant has not withheld discoverable material "for leverage."  Over months, Defendant (i) served responses, (ii) produced named-Plaintiff files and policy materials, (iii) circulated a protective order, and (iv) provided representative payroll/timekeeping

samples to facilitate evaluation and mediation. Defendant consistently invited meet-and-confer on scope, format, and appropriate privacy safeguards. Under Rule 37(a)(5)(A)(ii)–(iii), fees are unwarranted because Defendant's positions are substantially justified and other circumstances, including privacy, proportionality, and staged discovery, make an award unjust.

Relevance of Housing Records

Plaintiffs requested housing records including those showing maintenance, inspections, complaints and communications regarding Defendants' housing. Defendants did not produce any housing records besides those for one Plaintiff claiming that such records were "not relevant," "confidential information related to business operations," and concerned housing "occupied by individuals not parties to this lawsuit." Defendant's objection, set forth below, should be overruled and full responses to the requests listed below compelled.

**Housing Discovery Requests**

Request No. 27: All DOCUMENTS evidencing, showing, recording, memorializing or otherwise RELATING TO any and all repairs, maintenance, and general upkeep of DEFENDANTS' HOUSING FACILITIES.

Request No. 28: All DOCUMENTS evidencing, showing, recording, memorializing or otherwise RELATING TO addresses of all of the HOUSING FACILITIES.

Request No. 31: All DOCUMENTS evidencing, showing, recording, memorializing or otherwise RELATING TO notices of code violations by government entities for any HOUSING FACILITIES.

Request No. 33: All DOCUMENTS evidencing, showing, recording, memorializing or otherwise RELATING TO requests to repair, or complaints about the conditions of HOUSING FACILITIES by any of DEFENDANTS' employees, including but not limited to PROPOSED PLAINTIFF CLASS MEMBERS, during the COVERED PERIOD.

Request No. 34: All DOCUMENTS evidencing, showing, recording, memorializing or otherwise RELATING TO all communications between DEFENDANTS and their employees RELATING TO any HOUSING FACILITIES.

Defendant's objection to each request: Defendant objects that this request seeks confidential

information related to business operations and/or private information. Defendant objects that this request is not reasonably limited to time or scope, and thus overbroad, unduly burdensome, oppressive, and harassing. [For Request 33, Defendant adds: Defendant further objects to this request as it is vague and ambiguous as to the term "PROPOSED PLAINTIFF CLASS MEMBERS," and the determination of class membership is a legal question outside the scope of discovery.] Defendant further objects that this Request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it is requesting information related to housing occupied by individuals who are not parties to this lawsuit.

*Plaintiffs' Position*: Plaintiffs assert claims concerning Defendants' housing conditions including claims for substantive and discriminatory housing due to Defendants' failure to maintain its housing. Defendants' records concerning its housing, provided to employees, are clearly relevant to these claims. Defendants' objection that the housing records "are not relevant" can be summarily dismissed. Similarly, the claims of privacy, discussed previously, are inapplicable and there is little privacy concern in employer provided housing which is subject to public inspection and licensing. The claim that Defendant does not wish to disclose the information are not sufficient to allow Defendant to withhold the information. Plaintiffs contend that Defendant did not maintain or repair its housing and subject its employees to substandard housing—Plaintiffs need discovery to support both class certification for these claims and to establish the violations. The housing records sought should be ordered produced.

*Defendant's Position*: Defendant has already produced the named Plaintiffs' lease documents and San Joaquin County inspection reports for 2021 through 2024, each confirming that G & H Dairy's employee housing passed inspection with no citations. Defendant has also agreed to provide aggregate information on the number of employee units. These productions directly address habitability, consistency of conditions, and housing practices.

Plaintiffs' demand for every housing agreement and repair file for all employees, some of whom are non-parties, extends far beyond what is relevant or proportional under Rule 26(b)(1). Such requests implicate third-party privacy and would disclose personal tenancy information with

minimal bearing on class certification or the named Plaintiffs' claims. Courts in this Circuit limit pre-certification discovery to information necessary for certification, balancing discovery needs with privacy. See *Gonzalez v. CoreCivic, Inc.*, 2020 WL 4037167, at *3 (E.D. Cal. July 17, 2020) (endorsing phased discovery with safeguards such as protective orders or notice procedures for personal data); *Chavez v. SolarCity Corp.,* No. 13-cv-01797-JST, *2015 WL 1520065, at 2 (N.D. Cal. Mar. 31, 2015) (holding that pre-certification discovery of putative class members' contact information is permissible where relevant to class certification and subject to a protective order to protect privacy).

The same proportionality principles apply to Plaintiffs' request for operational "milking" records. Those records reflect herd production data, including volume and weight of milk produced daily, not employee work hours or compensation. Plaintiffs' theory that milking data indirectly proves work volume or underpayment is speculative. Defendant nevertheless offered to produce a representative sample of redacted milking records covering select pay periods across two calendar years under the protective order, which allows Plaintiffs to test their theory without undue burden or needless disclosure of proprietary operations. Sampling is a recognized approach to managing class discovery where proportionality and privacy concerns overlap. See *Talavera*, 2017 WL 495635, at *3–4.

**VI. The Parties' Proposed Order Summary**

*Plaintiffs' position*: This Court should compel the discovery sought and reject Defendants' demand that the Court insert a California state court procedure into this federal litigation. The Court should also reject Defendant's claim that discovery of a small putative classes payroll is somehow unduly burdensome, an objection that Defendant did not raise, and which would preclude Plaintiff from access to the records necessary to show the class is similarly situated and shares common factual and legal issues.

*Defendant's position*: Defendant respectfully requests that the Court order the parties to enter into a Stipulated Protective Order; limit pre-certification discovery to relevant policies, named-Plaintiff documents, and reasonable representative samples; authorize a *Belaire-West*-style opt-out notice before disclosure of putative class contact information; confirm that PDF production

16

of payroll and timekeeping records satisfies Rule 34(b)(2)(E); and limit housing and operational discovery to aggregate information, inspection reports, and representative samples consistent with proportionality.

Revised Joint Statement Discovery Dispute 11-12-2025(108779750.1) - 11/13/2025 10:14 AM

1

2

3

Respectfully submitted this __13th__ day of November, 2025.

4

5                                Law Offices of Dawson Morton

6                        By:            s/ Dawson Morton

7                                       Dawson Morton
                                        1808 Sixth St.
8                                       Berkeley, CA 94710
                                        Telephone: (404) 590-1295
9                                       Facsimile: (510) 529-4111
                                        dawson@dawsonmorton.com
10

11                                *Attorneys for Individual and Representative Plaintiffs
                                  individually and on behalf of all others similarly
12                                situated.*

13

14

15   Dated:  November 5, 2025        GORDON REES SCULLY MANSUKHANI, LLP

16

17                                   By:   */S/ Sara A. Moore*
                                           SARA A. MOORE
18                                         AMIE M. SCULLY
                                     Attorneys for Defendants
19                                   GERARD VAN DE POL; G & H DAIRY,
                                     A GENERAL PARTNERSHIP (*erroneously sued
20                                   as* GERARD VAN DE POL AND HENRY VAN
                                     DE POL's ESTATE d/b/a G & H DAIRY)
21

22

23

24

25

26

27

28

0