UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VILLALOVOS-GUTIERREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GERARD VAN DE POL, et al., <br><br> Defendants. | 2:24-cv-2305-DJC-CKD <br><br><br> ORDER |

Plaintiffs' motion to compel discovery responses and the parties' joint statement on the dispute are before the court. (ECF No. 28.) The motion to compel is suitable for decision without oral argument under Local Rule 230(g). Accordingly, the hearing set for December 10, 2025, is vacated. As set forth below, the motion to compel is granted. In addition, defendants' counsel is cautioned regarding fictitious or inaccurate case citations.

**I.     Background**

Plaintiffs are former dairy workers alleging violations of federal and state employment and housing laws. (ECF No. 28-1 at 2; see also ECF No. 1, Complaint.) Defendants operate a dairy and farming operation outside of Escalon, California, as well as housing units for a portion of the dairy workers. (ECF No. 28-1 at 2.) On behalf of themselves and others similarly situated, plaintiffs assert defendants provided unlawful housing conditions, discriminated, paid unlawful

1

wages, and denied meal and rest breaks. (Id.) Plaintiffs also assert claims under the California Private Attorney Generals Act. (Id.) Defendants deny the allegations. (ECF No. 10.) This case is currently in the pre-certification stage.

Plaintiffs filed the motion to compel along with the parties' joint statement on the discovery dispute on November 14, 2025. Defendant G & H Dairy's responses to several requests for production of documents are at issue.

## II. Discussion

Plaintiffs seek to compel discovery documents including employment records, time keeping records, employer-provided housing records, and the identity of putative class members and their employment-related documents. In general, the parties disagree whether the records are discoverable prior to class certification under Federal Rule of Civil Procedure 23. Defendant G & H Dairy's responses to Request Nos. 1- 6, 8, 10, 11, 14-17, 19, 27-28, 31, and 33-34 are at issue.

### A. Request Nos. 1- 6, 8, 10, 11, 14-17, 19

These requests seek defendant's payroll reports and documents related to defendant's non-party employees. (ECF No. 28-1 at 4-7.) Defendant objected to these requests as invasive of the rights of privacy of third parties who have not consented to the disclosure of the information and as not reasonably calculated to lead to the discovery of admissible evidence to the extent they relate to non-party employees. (Id. at 4, 5, 7.) Except as to Request No. 3 seeking payroll reports, defendant also objected to these requests as premature because the court has not yet certified a class. (Id. at 4, 7.) Defendant also objected to use of the term "PROPOSED PLAINTIFF CLASS MEMBERS" as vague and ambiguous, stating determination of class membership is a legal question outside the scope of discovery. (Id.)

At the outset, the term "PROPOSED PLAINTIFF CLASS MEMBERS" is defined to refer to the following class definition found in the complaint:

> (a) All non-supervisory Hispanic persons born outside of the United States employed by Defendants at any time during the four years preceding the filing of this action through the conclusion of this action.
>
> (b) All non-supervisory Hispanic persons born outside of the United States employed by Defendants and their families who were provided

2

|   |   |
|---|---|
| 1 | housing by the Defendants and lived on property owned or managed |
| 2 | by the Defendants during the four years preceding the filing of this action through the conclusion of this action. |

(ECF No. 1 at 18, ¶ 92.) As defined, the term is understandable. Defendant's objections to use of the term are overruled. In addition, the information sought is clearly relevant to class certification for plaintiffs' claims.

However, defendant also argues a demand for all putative class members' payroll and personnel data at this stage of the case is overbroad and disproportionate. (ECF No. 28-1 at 9.) Defendant argues plaintiffs should assess Rule 23 issues using records that were already produced during mediation, which included payroll and time records for roughly one-third of the putative class, spanning multiple pay periods during 2020-2024, along with applicable policies and housing inspection reports. (Id.)

Plaintiffs declined defendant's offer to produce a sampling of employee data. Plaintiffs believe the number of putative class members to be approximately 100 individuals on the wage claims and fewer on the housing claims. (ECF No. 28-1 at 3, fn. 1.) Thus, plaintiffs argue, the putative class is relatively small and defendant did not claim any burden to produce all records until after plaintiffs declined the sample. (Id. at 11.)

While defendant now argues producing four years of personnel, payroll, and housing records for all non-party employees would impose undue burden and expense, defendant did not assert any undue burden or expense in objections and does not currently support those assertions with any evidence or argument containing specific details of the alleged burden and expense. See Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (explaining the party opposing discovery "has the burden of clarifying, explaining and supporting its objections with competent evidence") (citing DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002). To the extent defendant argues undue burden and expense in support of their objections to these requests, the objections are overruled.

Defendant also argues this court should require a Belaire-West-style opt-out notice prior to disclosure of putative class contact information. See Belaire-West Landscape, Inc. v. Superior Ct., 149 Cal. App. 4th 554 (2007). However, the cases cited by defendant in support of requiring

such a notice are cases arising under diversity jurisdiction where state law privileges apply. In contrast, this suit contains claims arising under federal law.

While the California Constitution contains an individual right to privacy, that right does not create a federally recognized privilege against all discovery. See Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("Federal courts should give 'some weight' to privacy rights that are protected by state constitutions or statutes.") (citation omitted). "[C]lass contact information is routinely found to be discoverable." Holland-Hewitt v. Allstate Life Ins. Co., 343 F.R.D. 154, 169 (E.D. Cal. 2022) (diversity jurisdiction case citing collected cases). Upon weighing the asserted right to privacy against the relevance, necessity, and obtainability of the information sought, the court finds defendant does not establish the discovery should be prohibited. See Williams v. Superior Ct., 3 Cal. 5th 531, 557 (Cal. 2017) (courts must "place the burden on the party asserting a privacy interest to establish its extent and the seriousness of the prospective invasion, and against that showing must weigh the countervailing interests the opposing party identifies").

Defendant appears to be in sole possession and control of the relevant payroll records, and plaintiffs' only avenue to obtain them is through discovery. Additionally, according to defendant, "[t]he parties have agreed in principle to a protective order, which has already been circulated in draft form."[1] (ECF No. 28-1 at 2.) Defendant fails to show any privacy interest outweighs the relevance of and need for the records in this instance. A general privacy assertion cannot bar access to basic contact and payroll information, considering the nature of plaintiffs' claims and defendant's sole possession of the records. Accordingly, defendant's objections to these requests are overruled.

### B. Request Nos. 27-28, 31, 33-34

These requests seek housing records including those showing maintenance, inspections, complaints and communications regarding defendant's housing. (ECF No. 28-1 at 14-15.) For the same reasons already discussed, defendant's objections based on relevance and to use of the term

---

[1] It is unclear why the parties have not yet filed the stipulated protective order for the court's approval.

1   "PROPOSED PLAINTIFF CLASS MEMBERS" are overruled.

2   Defendant also objected to these requests as seeking confidential information related to business operations and/or private information, and as not reasonably limited in time or scope, and thus overbroad, unduly burdensome, oppressive, and harassing. (ECF No. 28-1 at 15.) Defendant agues production of the named plaintiffs' lease documents along with annual inspection reports should suffice. Defendant argues producing all of the housing agreements and repair files implicates third-party privacy by disclosing tenancy information with minimal bearing on class certification or plaintiffs' claims. (Id. at 15-16.)

However, plaintiffs bring housing condition claims including claims for discriminatory housing based on an alleged failure to repair or maintain housing and seek class certification for these claims. While third-party privacy rights are implicated, defendant fails to show the production of documents related to employer provided housing should be prohibited. Defendant also does not support the assertion of undue burden with any competent evidence or explanation containing specific details of the claimed burden, other than to note it is a small, family-run farm as opposed to a large corporate employer. Defendant's objections to these requests are overruled.[2]

Finally, the court notes the following cases cited by defendant, and possibly others, either do not have correct citations, do not accurately cite orders actually filed in the case, or are not real cases: (1) "Ho v. Ernst & Young LLP, 2011 WL 7106622, at *2 (C.D. Cal. Dec. 19, 2011)"; (2) "Gonzalez v. CoreCivic, Inc., No. 1:18-cv-00927-DAD-EPG, *2020 WL 4437167, at 3 (E.D. Cal. July 31, 2020)"; (3) "Gonzalez v. CoreCivic, Inc., 2020 WL 4037167, at *3 (E.D. Cal. July 17, 2020)"; (4) "Chavez v. SolarCity Corp., No. 13-cv-01797-JST, *2015 WL 1520065, at 2 (N.D. Cal. Mar. 31, 2015)"; and (5) "Lobaton v. City of San Diego, No. 3:15-cv-1416-GPC-DHB, *2020 WL 7334512, at 4 (S.D. Cal. Dec. 14, 2020)[.]" In more than one other instance, defendant's case citations do not support the specific explanatory phrase presented alongside the citation. Counsel shall not file or otherwise present to the court any documents which contain AI-

---

[2] Defendant also asserts a proportionality argument directed to plaintiffs' request for operational "milking" records. (ECF No. 28-1 at 16.) Because it does not appear any request for operational "milking" records is at issue in the present motion to compel, the court does not address the argument.

5

hallucinated citations or fictitious or non-existent legal citations. Counsel's failure to confirm the existence of, as well as the accuracy and veracity of a case or other legal citation created by an AI tool or taken from another indirect source, is a potential ground for sanctions.

### III.  Order

For the reasons set forth above, IT IS ORDERED as follows:

1. The hearing set for December 10, 2025, is VACATED.
2. Plaintiffs' motion to compel (ECF No. 28) is GRANTED.
3. Within 7 days of the date of this order, the parties shall file a stipulated protective order and proposed court order for the protection of confidential or private information; if the parties are unable to agree on a stipulated protective order, then a motion for a protective order shall be filed within 10 days of the date of this order.
4. Within 14 days after entry of a protective order, defendant shall produce responsive documents and serve amended responses.

Dated:  December 3, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 vill24cv2305.mtc