DAWSON MORTON (SBN 320811)
JAMES KNOEPP (S.C. Bar Lic. 102757),
*Pro Hac Vice*
LAW OFFICES OF DAWSON MORTON
1808 Sixth Street
Berkeley, CA 94710
Telephone: (404) 590-1295
Facsimile: (510) 529-4111

*Attorneys for Plaintiffs and all others similarly situated.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VILLALOVOS-GUTIERREZ, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>GERARD VAN DE POL; ET AL.<br><br>Defendants. | No. 2:24-cv-2305-DJC-CKD<br><br>PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF AN ORDER TO SHOW CAUSE WHY DEFENDANT G & H DAIRY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT'S ORDER COMPELLING DISCOVERY RESPONSES |

Plaintiffs move for an order to show cause why Defendant G & H Dairy should not be held in contempt for violation of this Court's order to compel discovery issued December 3, 2025. Plaintiffs respectfully request that the Court set a show-cause hearing on this matter as soon as possible and issue appropriate sanctions against Defendant.

The Court's December 3rd order required "responsive documents" to discovery requests 1-6, 8, 10, 11, 14-17, 19, 27-28, 31, and 33-34. ECF 29 at 6. The required document production included personnel, payroll, timekeeping and housing records for Plaintiffs and putative class members. ECF 29 at 2-5. Defendant has failed to comply. Defendant produced just five employees' partially-redacted payroll records by the Court-mandated deadline.[1] Furthermore, these responses

---

[1] Defendant's redacted contact information from the payroll records despite this Court's overruling Defendant's objection to producing "basic contact and payroll information[.]" ECF 29 at 4.

were redacted removing workers' mailing addresses to preclude Plaintiffs' contacting the putative class members and to preclude Plaintiffs from knowing whether the class members resided in employer-housing. By not producing its full timekeeping records for the estimated 90 class members, by not producing electronically stored information in its native format as requested by Plaintiffs, and by only providing limited, redacted, employment records for FIVE individuals, Defendant G & H Dairy has violated this Court's order compelling discovery and should be found in contempt.

## STANDARD OF LAW

When a party believes that another party has violated a court order, they may move for an order to show cause. *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Stone v. City & Cty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992); *see also FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (standard is "well settled"). Specifically, in the context of discovery orders, "Rule 37(b)(2)(A) authorizes the court where the action is pending to 'issue further just orders,' which may include 'treating as contempt of court the failure to obey' the [discovery] order." *HRC-Hainan Holding Co., LLC v. Yihan Hu*, 2020 U.S. Dist. LEXIS 59282, at *4 (N.D. Cal. Apr. 2, 2020) (quoting Fed. R. Civ. R. 37(b)(2)(A)). If the court finds that the conduct as alleged would violate the order, it conducts a hearing to determine whether a contempt finding and sanctions are appropriate. *Id.* "This Circuit's rule with regard to contempt has long been whether the defendants have performed 'all reasonable steps within their power to insure compliance' with the court's orders." *Stone*, 968 F.2d at 856. Courts may then employ sanctions "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers*, 330 U.S. 258, 303-304 (1947). A court has broad discretion to fashion appropriate sanctions, considering "the character and magnitude of the harm threatened by continued contempt and the probable effectiveness of any contemplated sanction in bringing about the result desired."

*Id.*; *see also FTC v. EDebitPay, LLC*, 695 F.3d 938, 945 (9th Cir. 2012) ("District courts have broad equitable power to order appropriate relief in civil contempt proceedings.") (citation omitted).

In the context of discovery disputes, in addition to monetary sanctions and fees, a Court may order "that the matters embraced in the [discovery] order or other designated facts be taken as established for purposes of the action, as the prevailing party claims[.]" Fed. R. Civ. P. 37(b)(2)(A)(i). Alternatively, a Court may "render a default judgment" or preclude "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]" Fed. R. Civ. P. 37(b)(2)(A)(ii) and (vi).

## ARGUMENT

### I. The Court Issued a Lawful Order to Compel Discovery.

The Court compelled Defendant G & H Dairy's discovery responses pursuant to Fed. R. Civ. P. 26. ECF 29 at 1. And the Court ordered production of all responsive documents overruling any privacy objections. ECF 29 at 4. That ruling authorizes a contempt order or other discovery sanction, including designating that facts are established for purposes of the action, for the failure to produce the ordered discovery responses. Fed. R. Civ. R. 37(b)(2)(A)(vii).

### II. The Order Was Clear.

The parties have sought for months to resolve Defendant's discovery objections. See, e.g., ECF 15 at 2. The Court's December 3 ruling on the discovery dispute ordered production within 14 days of the entry of a protective order. ECF 29 at 6. The stipulated protective order was entered eight days later on December 11, 2025. Defendant's production of partially redacted documents for only five putative class members on December 24, 2025 was far less than ordered and constitutes a violation of the Court's order. *Puckett v. Cty. of Sacramento*, No. 2:22-cv-00350-KJM-CKD, 2024 U.S. Dist. LEXIS 156610, at *15 (E.D. Cal. Aug. 29, 2024) (granting order to show cause where "[t]he magistrate judge's order directed defendants to produce responsive discovery within fourteen days of the order. [] Defendants concede they did not timely produce their documents and amended response.") Where a party, like Defendant here, only partially produces withheld responsive documents and fails to full comply with an order compelling complete discovery

responses, the party has engaged in civil contempt. *United States v. Peters*, No. 2:24-cv-00287-WBS-CKD, 2025 LX 521185, at *36 (E.D. Cal. Nov. 19, 2025) (finding where party compelled failed to produce responsive documents "plaintiff has made a prima facie showing of civil contempt by clear and convincing evidence").

> III.   Defendant Had the Ability to Comply.

Defendant had the ability to comply with the discovery order. Defendant has not produced its Quickbook database, its housing records, its personnel and employment records and agreements signed by putative class members, nor its full payroll or time records. "Defendants plainly did not comply with the magistrate judge's discovery order, and their actions demonstrate a complete disregard of the magistrate judge's order." *Puckett*, 2024 U.S. Dist. LEXIS 156610, at *17. Defendant has simply claimed that they are a "small family farm" but Defendant has had months to gather these documents, could have hired professional assistance if it was not capable of conducting the searches, and has produced for mediation purposes (subject to a mediation privilege), redacted versions of some additional workers' payroll. Despite the Court's order Defendant simply failed to act, failed to make the required production and failed even to do basic things, like produce a copy of their payroll database or timekeeping records or their files on each putative class member. Nor did Defendants seek relief from the Court's order or an extension fo the time to comply.

IV.   Sanctions Are Appropriate.

In the context of contempt of a discovery order, the Court, in addition to typical contempt sanctions may also order that certain facts be designated as established. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 n.17 (1984) ("In addition to its contempt power, Rule 37(b)(2) authorizes a trial court to enforce an order compelling discovery by other means including, for example, regarding designated facts as established for purposes of the action.") It is clear that Defendant has violated the Court's order. The Court should issue an order to show cause why Defendant's should not be found in contempt and schedule a hearing for Defendant to explain its conduct. Plaintiffs ask that the Court award their attorney's fees for the original motion to compel,

for this motion for an order to show cause, and award additional sanctions as this Court finds just and proper including excluding Defendant, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), from opposing Rule 23 class certification of the claims in this proceeding based on Defendant G & H Dairy's discovery abuses.

DATED: January 14, 2026

*s/ D. Morton*
DAWSON MORTON
ATTORNEY FOR PLAINTIFFS