**From:** Amie Scully ascully@grsm.com
**Subject:** RE: Notice of Intent to Seek Sanctions in Villalovos-Gutierrez v. Van de Pol
**Date:** January 7, 2026 at 7:10 PM
**To:** Dawson Morton dawson@dawsonmorton.com, Sara Moore smoore@grsm.com
**Cc:** Jim Knoepp jim@dawsonmorton.com

Hi Dawson,

We are in receipt of your email.

There is no intent to disregard the Court's order. G & H Dairy is a small farming operation with very limited administrative resources, including a single part-time office manager. The timing of the protective order, the holiday, and the scope of the materials at issue have made collection extremely burdensome, but the client is working in good faith to gather responsive documents.

We understand your position and take the Court's order seriously. Production is ongoing, and we intend to proceed with a rolling production. We are also available to meet and confer tomorrow to discuss logistics to ensure compliance and avoid unnecessary motion practice.

Regards,
Amie

---

**AMIE M. SCULLY, ESQ.**
Senior Counsel



**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**

**E:** ascully@grsm.com  |  grsm.com

---

**From:** Dawson Morton <dawson@dawsonmorton.com>
**Sent:** Wednesday, January 7, 2026 4:46 PM
**To:** Amie Scully <ascully@grsm.com>; Sara Moore <smoore@grsm.com>
**Cc:** Jim Knoepp <jim@dawsonmorton.com>
**Subject:** Notice of Intent to Seek Sanctions in Villalovos-Gutierrez v. Van de Pol

Hi Amie and Sara:

I am writing again concerning Defendant G & H Dairy's failure to comply with Court's order of December 3, 2025 compelling discovery responses. As you know the Court granted Plaintiffs motion in full, overruled Defendant's objections, and ordered full and complete discovery responses within 14 days of entry of a protective order. See ECF 29 at 6. The protective order was entered by the Court on December 11, 2025. ECF 31. Accordingly, full and complete discovery

on December 11, 2025. ECF 31. Accordingly, full and complete discovery responses to Request Nos. 1-6, 8, 10, 11, 14-17, 19, 27-28, 31, and 33-34 were due by December 25, 2025.  In response to the Court order, Defendants produced partially redacted payroll records for only five individuals.  As you know the only response provided was limited, redacted, payroll records for Cristobal Padilla, Fidel Villa, Jamie Vargas, Julio Acosta and Pascual Zermeno produced on December 24, 2025.  Nothing more has been produced.  There are well in excess of 80 putative class members.  Even Defendant's discovery responses admit the class numbers more than twenty-five— the production of just five individuals payroll after an order compelling full responses is inexplicable.  Among the responsive documents not produced, are class lists, contact information for class members, personnel files, payroll records for the great majority of the putative class, quickbooks data files, notices and agreements concerning pay rates, all documents signed by putative class members, meal and rest period related documents, reimbursement records, and records concerning the employer provided housing.  I previously wrote you concerning this failure on January 2, 2026—to which I have received no response.  The failure to comply with the Court's order is bold, shocking and contemptuous. Defendant's response still removed personal identifying information from payroll records despite having lost this issue in Court.  Villalovos-Gutierrez v. Van de Pol, No. 2:24-cv-02305-DJC-CKD, 2025 LX 595028, at *6-7 (E.D. Cal. Dec. 3, 2025) (ruling "[a] general privacy assertion cannot bar access to basic contact and payroll information, considering the nature of plaintiffs' claims and defendant's sole possession of the records. Accordingly, defendant's objections to these requests are overruled.")
 Unless an immediate full and complete response is made by this Friday, we will return to Court this Monday and seek sanctions against Defendant and its counsel for this contemptuous conduct.

Dawson Morton
dawson@dawsonmorton.com
404-590-1295

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com