DAWSON MORTON (SBN 320811)
JAMES KNOEPP (S.C. Bar Lic. 102757)
*Admitted Pro Hac Vice*
LAW OFFICES OF DAWSON MORTON
1808 Sixth Street
Berkeley, CA 94710
Telephone: (404) 590-1295
Facsimile: (510) 529-4111

*Attorneys for Plaintiffs and all others similarly situated.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VILLALOVOS-GUTIERREZ, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>GERARD VAN DE POL; ET AL.<br><br>Defendants. | No. 2:24-cv-2305-DJC-CKD<br><br>DISCOVERY MATTER<br><br>JOINT MID-DISCOVERY STATEMENT |

Plaintiffs and Defendants prepare this joint mid-discovery report to outline discovery served to date and to highlight one on-going discovery dispute.

The parties exchanged initial disclosures on January 9 and January 10, 2025. Plaintiffs served requests for production to Defendant G & H Dairy on January 13, 2025. Defendant G & H Dairy served initial responses to these requests on February 19, 2025. Defendant produced some payroll records for the named Plaintiffs but objected to discovery concerning putative class members. Additionally, Defendant's production of records relating to the named Plaintiffs failed to include payroll records for all years at issue in this dispute. Ultimately Plaintiff moved to compel responses. ECF 28. That motion was granted. ECF 29. The

Magistrate Judge ordered full and complete responses within 14 days of entry of a protective order. ECF 29 at 6. The stipulated protective order was entered on December 11, 2025. ECF 31. Full and complete responses were due by December 26, 2025.

A full and complete response was not made. ECF 32. Defendant indicates that it plans to make a rolling production although there is no timeline for when this production will occur. ECF 32-3. Plaintiffs' disagree with Defendants' claim made below that their records are stored in PDF as Defendants use Quickbooks which uses a database in QBW format and does not store in PDF format as Defendants claim. *See* Intuit Quickbooks' website (available at: https://quickbooks.intuit.com/learn-support/en-us/help-article/banking/file-types-extensions-used-quickbooks-desktop/L3vuO2X4c_US_en_US) (accessed Jan 16, 2025). Similarly, Defendants' time keeping records are not maintained in PDF format as Defendants claim. Plaintiffs also disagree that redacted records which Defendants produced with separate Bates-numbering and expressly "under mediation privilege" constitute a discovery response as Defendants now claim.

The dispute is important to whether Plaintiffs will have the discovery needed in advance of their January 28, 2026, deadline to move for class certification. Defendant's refusal to produce employment records for non-party putative class members hampers Plaintiffs ability to present compelling evidence that the putative class members are similarly-situated with respect to their pay, their work terms, and the employment violations they experienced.

Plaintiffs also served Requests for Admission and Interrogatories to Defendant G & H Dairy on March 27, 2025 that Defendant responded to on April 28, 2025.

**Defendants' Position**:

Plaintiffs grossly mischaracterize discovery conduct to date.

The discovery dispute addressed in Plaintiffs' motion to compel concerned Requests for Production Nos. 1–6, 8, 10, 11, 14–17, and 19, which sought payroll records, time records, wage statements, and personnel files for putative class members, except for Request for

Production No. 11, to which Defendants has already responded. Defendant previously objected to these requests on privacy grounds as to non-party employees. The Court overruled those objections once the privacy concerns could be addressed by way of a stipulated protective order that was entered on December 11, 2025, and ordered Defendants to produce responsive documents within fourteen (14) days after entry of a protective order. (ECF No. 29.)

The scope of the ordered production, however, is substantial and requires locating, organizing, and reviewing historical payroll and personnel records for a large number of putative class members over multiple years. These records are maintained primarily in PDF format and are not centrally stored in a single exportable system. G & H Dairy is a small, family-run agricultural business with limited administrative resources, including a single part-time office manager responsible for payroll and records management. The volume of records at issue and Defendants' limited administrative resources have affected the pace of production.

Of note, prior to Plaintiff's motion, Defendants had already produced over 700 pages of documents as part of Initial Disclosures and documents responsive to Plaintiffs' Requests for Production (Bates Nos. G&H000001–G&H000742). Those productions included, among other things: employee handbooks, corporate documents, insurance policy declarations, arbitration and policy acknowledgment forms, safety and training materials, housing-related documents and inspection notices, and personnel files and payroll records for the named Plaintiffs, as well as related workers' compensation and regulatory records.

In addition, on September 2, 2025, Defendants produced a sample consisting of approximately 30% percent of payroll and time records for putative class members (G&H_000001- G&H_001874).

Following the entry of the stipulated protective order, on December 24, 2025, in compliance with the Court's order, Defendants served amended responses to Plaintiffs' Requests for Production. Defendants also produced responsive documents subject to the order and continue to do so in good faith on a rolling basis. G & H Dairy has already produced a

substantial volume of documents across multiple productions, including payroll records, time records, personnel files, policies, housing records, and milk production statements. In total, Defendants have produced well over 4,000 pages of documents spanning the core categories at issue in this case. Additional productions were made on October 3, 2025 (policies, handbooks, onboarding and timekeeping materials), December 24, 2025 (payroll and time records of five putative class members), and January 7–8, 2026 (milk production statements covering multiple years and both dairy operations).

To date, G & H Dairy has produced payroll and employment-related records for 32 employees. Records for approximately 55 additional employees remain outstanding and are in the process of being gathered. Those materials will continue to be produced on a rolling basis subject to the protective order. Defendants are actively confirming production timing and coordinating additional support to assist with pulling the remaining records.

In light of the ongoing rolling production, Defendants are willing to meet and confer regarding a stipulated continuance of the current class certification briefing deadline to allow for completion of discovery.

Defendants remain committed to complying fully with the Court's order and continuing cooperative efforts to complete production in an orderly and reasonable manner.

Respectfully submitted this _16th_ day of _January, 2026.

Dated: 1/16/2026

Law Offices of Dawson Morton

By: _____s/ D. Morton_____
Dawson Morton
1808 Sixth St.
Berkeley, CA 94710
Telephone: (404) 590-1295
Facsimile: (510) 529-4111
dawson@dawsonmorton.com

-4-
JOINT MID-DISCOVERY STATEMENT

*Attorneys for Individual and Representative Plaintiffs individually and on behalf of all others similarly situated.*

Dated: January 16, 2026           GORDON REES SCULLY MANSUKHANI, LLP

By: */S/ Sara A. Moore*
    SARA A. MOORE
    AMIE M. SCULLY
Attorneys for Defendants
GERARD VAN DE POL; G & H DAIRY,
A GENERAL PARTNERSHIP (*erroneously sued as* GERARD VAN DE POL AND HENRY VAN DE POL's ESTATE d/b/a G & H DAIRY)