SARA A. MOORE (SBN: 294255)
smoore@grsm.com
AMIE M. SCULLY (SBN: 243778)
ascully@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
GERARD VAN DE POL; G & H DAIRY, A GENERAL PARTNERSHIP (*erroneously sued as* GERARD VAN DE POL AND HENRY VAN DE POL'S ESTATE D/B/A G & H DAIRY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VILLALOVOS-GUTIERREZ, SERGIO IVAN RODRIGUEZ-RODRIGUEZ, JOSE DE JESUS GONZALEZ-VILLALOBOS, BONIFACIO CASTRO-MORALES and REYES MORALES-DELGADILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GERARD VAN DE POL; GERARD VAN DE POL AND HENRY VAN DE POL's ESTATE d/b/a G & H DAIRY; G & H DAIRY, A GENERAL PARTNERSHIP,<br><br>Defendants. | CASE NO. 2:24-cv-02305-DJC-CKD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT G & H DAIRY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT'S ORDER COMPELLING DISCOVERY RESPONSES**<br><br>Complaint filed: August 23, 2024<br>Trial date: February 1, 2027 |

-1-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT G & H DAIRY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT'S ORDER COMPELLING DISCOVERY RESPONSES
Case No.: 2:24-cv-02305-DJC-CKD

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...........................................................................................................5

II. STATEMENT OF FACTS ..............................................................................................6

    A. G & H Dairy Is a Small, Family-Run Employer with Non-Centralized Payroll and Timekeeping Systems ...................................................................................6

    B. G & H Dairy Produced Substantial Discovery Before Any Court Order ..............7

    C. The Discovery Dispute Concerned Legitimate Privacy Issues Resolved by a Protective Order ......................................................................................................8

    D. After Entry of the Protective Order, G & H Dairy Immediately Began Continuous Rolling Production.............................................................................8

    E. G & H Dairy Has Engaged in Sustained, Good-Faith Compliance, Not Defiance ................................................................................................................................9

III. ARGUMENT.................................................................................................................10

    A. Plaintiffs' Motion Cannot Be Heard Under Local Rule 251 ...............................10

        1. Because No Joint Statement Was Filed, the Motion "Shall Not Be Heard" Under L.R. 251(b)......................................................................................10

        2. The Joint Mid-Discovery Statement Does Not Satisfy Local Rule 251 ..11

        3. Local Rule 251(e) Does Not Excuse Plaintiffs' Noncompliance ............12

    B. Civil Contempt Requires a Clear, Willful Violation of a Specific and Definite Court Order ...........................................................................................................14

        1. G & H Dairy Took All Reasonable Steps to Comply and Ongoing Rolling Production Defeats Contempt...................................................................15

        2. Practical Inability and System Constraints Independently Bar Contempt as a Matter of Law ...................................................................................16

        3. This Is a Case-Management Dispute, Not a Contempt Proceeding.........17

    C. Rule 37(b) Sanctions Are Unavailable Absent Willfulness, Bad Faith, or Fault 18

IV. CONCLUSION..............................................................................................................18

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akkawi v. Sadr*,
  2022 WL 2442234 (E.D. Cal. July 5, 2022) ..........................................................................11

*Brown v. Johnson*,
  No. 1:06-cv-01068, 2009 WL 1788406 (E.D. Cal. June 23, 2009) ......................................13

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
  10 F.3d 693 (9th Cir. 1993) .............................................................................................14, 15

*FTC v. Affordable Media, LLC*,
  179 F.3d 1228 (9th Cir. 1999) ..............................................................................................16

*Gen. Signal Corp. v. Donallco, Inc.*,
  787 F.2d 1376 (9th Cir. 1986) ........................................................................................15, 17

*Henry v. Gill Indus., Inc.*,
  983 F.2d 943 (9th Cir. 1993) ................................................................................................18

*Hernandez v. Tilton*,
  No. 1:04-cv-06260, 2007 WL 4557852 (E.D. Cal. Dec. 21, 2007) ................................12, 13

*Logistics Guys Inc. v. Cuevas*,
  2024 WL 200790 (E.D. Cal. Jan. 18, 2024) .....................................................................11, 13

*Malone v. U.S. Postal Serv.*,
  833 F.2d 128 (9th Cir. 1987) ................................................................................................18

*Mayo v. Hartford Life Ins. Co.*,
  354 F. Supp. 2d 1152 (E.D. Cal. 2005)............................................................................11, 13

*Puckett v. County of Sacramento*,
  2024 U.S. Dist. LEXIS 156610 (E.D. Cal. Aug. 29, 2024) ..................................................15

*R & R Sails, Inc. v. Ins. Co. of Pa.*,
  673 F.3d 1240 (9th Cir. 2012) ..............................................................................................18

*Seattle Times Co. v. Rhinehart*,
  467 U.S. 20 (1984)................................................................................................................15

*Stone v. City & Cnty. of San Francisco*,
  968 F.2d 850 (9th Cir. 1992) ....................................................................................14, 15, 17

-3-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT G & H DAIRY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT'S ORDER COMPELLING DISCOVERY RESPONSES
Case No.: 2:24-cv-02305-DJC-CKD

*United States v. Peters*,
   No. 2:24-cv-00287-WBS-CKD, 2025 LEXIS 521185 (E.D. Cal. Nov. 19, 2025)................15

*United States v. Rylander*,
   460 U.S. 752 (1983).................................................................................................16

*Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*,
   689 F.2d 885 (9th Cir. 1982) ...................................................................................14

*Watkins v. Cal. Dep't of Corr. & Rehab.*,
   No. 1:08-cv-01530, 2012 WL 1906523 (E.D. Cal. May 25, 2012) .......................................13

*Williams v. Housing Auth. of the City & Cnty. of San Francisco,*
   2006 WL 618143 .....................................................................................................13

**Rules**

E.D. Cal. L.R. 110........................................................................................................18

E.D. Cal. L.R. 251................................................................................................... *passim*

E.D. Cal. L.R. 251(a) ..................................................................................................14

E.D. Cal. L.R. 251(b) .......................................................................................10, 11, 12, 13

E.D. Cal. L.R. 251(d) ..............................................................................................5, 10, 11, 13

E.D. Cal. L.R. 251(e) ...............................................................................................12, 13

E.D. Cal. L.R. 37(b) ........................................................................................................17

Fed. R. Civ. P. 26-37......................................................................................................10

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

## I.   INTRODUCTION

Without engaging in the necessary meet and confer process in good faith, Plaintiffs have raced to file this unnecessary and improper motion. This is not a case about defiance of a court order. It is a case about a small, family-run dairy that has been steadily producing numerous, highly confidential documents from various systems under real-world operational constraints while Plaintiffs attempt to convert an ongoing rolling production into a contempt proceeding.

Plaintiffs seek records regarding G & H Dairy's current and former employees, including pay and time records for a four-year period and milk production records, all of which are housed in multiple stand-alone payroll and timekeeping systems and in paper form. G & H rightly opposed this production not only due to the burden with complying but also the clear privacy concerns. After the Court entered the stipulated protective order on December 11, 2025 in order to preserve the privacy of its employees and financial records, G & H Dairy timely began producing responsive records within the Court's fourteen-day window, including producing documents on Christmas Eve, and continued its efforts to produce on January 7–8, January 15, January 22, and January 27. There were no gaps in production, only the steady retrieval and production of documents as they were located, reviewed, and prepared.

Plaintiffs' current motion ignores the operational reality driving that pace. Contrary to Plaintiffs' repeated contention, G & H Dairy uses systems that do not generate readable bulk exports; timecard data can be exported only in an unintelligible format requiring manual reconstruction, and older records exist solely in paper form. These limitations create a literal inability to produce multi-year data through any automated means, not a strategic choice or delay tactic.

Rather than comply with the Court's required discovery-dispute process, Plaintiffs instead opted to bypass the mandatory Local Rule 251 and sought contempt and sanctions without the Joint Statement (or Rule 251(d) affidavit) the Local Rules require. Plaintiffs' own moving papers make clear that this motion was driven by their own class-certification timing

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

(which Defendants offered to stipulate to extend to allow G & H Dairy to complete its production), not any refusal to comply, underscoring that they seek tactical leverage rather than a genuine resolution.

Civil contempt is an extraordinary remedy reserved for clear, willful violations of specific and definite orders. It is not a tool to accelerate discovery where production is ongoing, substantial, and constrained by real-world systems. Because the undisputed production timeline shows steady compliance, and because Plaintiffs' motion is procedurally improper, Plaintiffs' motion should be denied.

## II. STATEMENT OF FACTS

### A. G & H DAIRY IS A SMALL, FAMILY-RUN EMPLOYER WITH NON-CENTRALIZED PAYROLL AND TIMEKEEPING SYSTEMS

G & H Dairy is a small, family-run agricultural operation that is constrained by a decentralized record-keeping system that relies on both electronic and manual paper files. For payroll purposes, G & H Dairy uses QuickBooks Desktop, not QuickBooks Online. The Desktop version operates differently and does not provide the same reporting or export functionality commonly associated with cloud-based platforms. (Declaration of Stephanie Van Vliet ["Van Vliet Decl."] ¶¶ 1-4.)

Employee timekeeping is maintained through a separate timecard system that does not generate consolidated, spreadsheet-ready reports. G & H Dairy Office Manager, Stephanie Van Vliet, contacted the timecard system's technical support on multiple occasions to determine whether readable reports could be generated. She was advised that the system does not have reporting capabilities that would export timecard data into a readable Excel or spreadsheet format. Instead, the exported data appears as disorganized numerical fields (e.g., coded entries lacking column headers that correspond to hours worked) requiring manual reconstruction to interpret. (Van Vliet Decl. ¶¶ 6-8; Ex. A.) These system limitations are structural and ongoing; they reflect G & H Dairy's present inability to produce multi-year payroll and timekeeping records through a single automated export, not a discretionary choice

-6-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT G & H DAIRY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT'S ORDER COMPELLING DISCOVERY RESPONSES
Case No.: 2:24-cv-02305-DJC-CKD

1  or delay tactic.

2  By way of illustration, Exhibit A to Ms. Van Vliet's declaration is a sample export
3  from G & H Dairy's timecard system, showing the format in which the data is produced when
4  exported. As reflected in that exhibit, the exported data is not usable as a payroll or
5  timekeeping report without manual reconstruction.

6  In addition, G & H Dairy's payroll system retains electronic records for only
7  approximately 110 pay periods. Records outside that window are not available electronically
8  and must be located in paper form. (Van Vliet Decl. ¶¶ 10-11.) Many responsive documents
9  therefore require manual retrieval from physical files.

10 As a result, producing payroll and timekeeping records requires accessing each
11 employee's individual profile and downloading records one by one, and in some cases locating
12 and scanning paper files. This process is inherently time-consuming and cannot be completed
13 through a single bulk export or by hiring a vendor to "search the computer." (Van Vliet Decl. ¶
14 12.)

15 G & H Dairy employs a single part-time office manager, Stephanie Van Vliet, who is
16 responsible for payroll, timekeeping, and personnel files, in addition to other administrative
17 responsibilities. (Van Vliet Decl. ¶ 13.) These operational realities necessarily affect the pace
18 and mechanics of discovery involving multi-year files for numerous putative class members.

### B. G & H DAIRY PRODUCED SUBSTANTIAL DISCOVERY BEFORE ANY COURT ORDER

21 G & H Dairy did not delay or withhold discovery until compelled by the Court. Prior to
22 Plaintiffs' current motion, and without any court order requiring such production, G & H
23 Dairy had already produced 4,191 pages of documents in connection with initial disclosures,
24 written discovery responses, and a 30 percent sample of payroll and time records for putative
25 class members. (Declaration of Amie Scully ["Scully Decl."] ¶¶ 2-3.)

26 Those productions included employee handbooks, corporate and insurance documents,
27 arbitration and policy acknowledgment forms, safety and training materials, housing-related

-7-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY
DEFENDANT G & H DAIRY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT'S
ORDER COMPELLING DISCOVERY RESPONSES
Case No.: 2:24-cv-02305-DJC-CKD

*Gordon Rees Scully Mansukhani, LLP*
*315 Pacific Avenue*
*San Francisco, CA 94111*

1  documents and inspection notices, and personnel, payroll, and time records for the named

2  Plaintiffs and putative class members. (Scully Decl. ¶ 3.) These early productions reflect G &

3  H Dairy's good-faith participation in discovery and willingness to provide substantive

4  information while privacy issues were being addressed.

### C. THE DISCOVERY DISPUTE CONCERNED LEGITIMATE PRIVACY ISSUES RESOLVED BY A PROTECTIVE ORDER

7  G & H Dairy's objections to producing personnel and payroll records for non-party

8  putative class members were based on legitimate privacy concerns involving sensitive

9  employee information. (Scully Decl. ¶ 4.) The Court did not reject those concerns outright;

10  instead, it resolved them by directing the parties to proceed under a stipulated protective order.

11  The protective order was entered on December 11, 2025, and the Court's December 3,

12  2025 order required production of responsive documents within fourteen days after entry of

13  that order. Thus, G & H Dairy's obligation to produce third-party personnel and payroll

14  records in full was triggered only after formal privacy protections were in place. (Scully Decl.

15  ¶ 5.) Nothing in the Court's order required production to be completed instantaneously or

16  prohibited production from proceeding on a rolling basis once privacy protections were in

17  place.

### D. AFTER ENTRY OF THE PROTECTIVE ORDER, G & H DAIRY IMMEDIATELY BEGAN CONTINUOUS ROLLING PRODUCTION

20  The Court entered the stipulated protective order on December 11, 2025. Consistent

21  with the Court's directive requiring production within fourteen days of that order, G & H

22  Dairy timely began producing responsive documents within that window, including during the

23  holiday period.

24  On December 24, 2025, G & H Dairy produced payroll and timekeeping records for

25  five putative class members. (Scully Decl. ¶ 6.) Production did not stop there. Instead, G & H

26  Dairy has maintained a continuous, rolling stream of productions since entry of the protective

27  order:

-8-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY
DEFENDANT G & H DAIRY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT'S
ORDER COMPELLING DISCOVERY RESPONSES
Case No.: 2:24-cv-02305-DJC-CKD

- January 7–8, 2026: G&H001776–G&H002317
- January 15, 2026: G&H002318–G&H002340
- January 22, 2026: G&H002341–G&H002391
- January 27, 2026: G&H002392–G&H002413

There were no gaps in production, only the steady retrieval and production of documents as they were located and prepared. (Scully Decl. ¶¶ 7-8.)

### E. G & H DAIRY HAS ENGAGED IN SUSTAINED, GOOD-FAITH COMPLIANCE, NOT DEFIANCE

Since entry of the protective order, G & H Dairy has consistently acted in good faith to comply with the Court's December 3, 2025 discovery order. (Scully Decl. ¶¶ 6-8.) To date, G & H Dairy has produced more than 4,000 pages of documents spanning the core discovery categories at issue, including payroll and time records, personnel files, employee handbooks and policies, housing-related documents, regulatory materials, and multi-year milk production statements. (*Id*. ¶¶ 2-3.)

G & H Dairy has produced payroll and employment-related files for at least 38 putative class members, with files for the remaining 49 individuals continuing to be gathered and produced on an employee-by-employee basis. (Scully Decl. ¶ 8.) Because payroll and time records are maintained across non-centralized systems and older records require manual retrieval from paper files, production necessarily proceeds on a rolling basis. (Van Vliet Decl. ¶¶ 4-5.)

The production timeline reflects ongoing compliance, not delay or defiance. At no point after entry of the protective order did G & H Dairy refuse to comply with the Court's order, cease producing responsive materials, or disregard the Court's directives. To the contrary, production has continued steadily, including during the holiday period, while G & H Dairy has communicated regarding production status and offered to meet and confer.

Plaintiffs' motion does not identify any refusal to comply with the Court's order. Instead, it seeks to recharacterize an ongoing, good-faith rolling production, driven by system

1 limitations and manual retrieval requirements, as contempt. The undisputed record does not
2 support that characterization. What Plaintiffs challenge is the pace and format of production,
3 not noncompliance with the Court's order.

**III.    ARGUMENT**

    **A.    PLAINTIFFS' MOTION CANNOT BE HEARD UNDER LOCAL RULE 251**

Plaintiffs' motion is procedurally defective on its face. The Eastern District of California's Local Rules impose mandatory procedures governing discovery disputes, including disputes concerning alleged noncompliance with discovery orders. Plaintiffs ignored those requirements and instead invoked the Court's contempt powers without complying with Local Rule 251's joint-statement procedure.

        **1.    Because No Joint Statement Was Filed, the Motion "Shall Not Be Heard" Under L.R. 251(b).**

Because the Plaintiffs bypassed the mandated process entirely, G & H Dairy is filing this unilateral Opposition. Local Rule 251(b) mandates that discovery motions "shall not be heard" without a Joint Statement, and Plaintiffs' failure to initiate this mandatory process has forced G & H Dairy to respond in this format to protect the record.

Local Rule 251 establishes a rigorous prerequisite for any discovery motion in this District. Motions brought pursuant to Federal Rules of Civil Procedure 26 through 37, including motions seeking sanctions or relief based on alleged discovery noncompliance, "shall not be heard" unless they are accompanied by a Joint Statement re Discovery Disagreement or, where cooperation cannot be obtained, a sworn affidavit detailing meet-and-confer efforts. E.D. Cal. L.R. 251(b), (d). Accordingly, a discovery motion must be accompanied by a Joint Statement re Discovery Disagreement, or, if a Joint Statement cannot be obtained, accompanied by the affidavit required by Rule 251(d). Local Rule 251(d) requires an affidavit explaining why a Joint Statement could not be prepared.

Plaintiffs did not comply with these requirements. On January 14, 2026, Plaintiffs filed

-10-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT G & H DAIRY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT'S ORDER COMPELLING DISCOVERY RESPONSES

Case No.: 2:24-cv-02305-DJC-CKD

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1  a motion seeking an order to show cause, contempt findings, and sanctions without filing a
2  Joint Statement re Discovery Disagreement or a Rule 251(d) affidavit. No Joint Statement
3  accompanied the motion, and none had been filed beforehand.

4      Although Plaintiffs filed a declaration in support of their motion, that declaration does
5  not purport to satisfy Local Rule 251(d). It does not state that a Joint Statement could not be
6  prepared, does not state that G & H Dairy refused to participate in preparing one, and does not
7  explain why compliance with Rule 251(b) was impossible. A merits declaration complaining
8  about discovery is not a substitute for the affidavit required by Rule 251(d).

9      Courts in this District strictly enforce the mandatory procedural requirements of Local
10 Rule 251. A discovery motion "shall not be heard" unless the parties have conferred and filed
11 a Joint Statement re Discovery Disagreement. E.D. Cal. L.R. 251(b). This rule "is not merely
12 aspirational; it is mandatory." *Mayo v. Hartford Life Ins. Co.*, 354 F. Supp. 2d 1152, 1154
13 (E.D. Cal. 2005). Consistent with this authority, this Court routinely denies discovery motions
14 that fail to include the required joint filing. See *Logistics Guys Inc. v. Cuevas,* 2024 WL
15 200790, at *2 (E.D. Cal. Jan. 18, 2024) (denying motion to compel for failure to file a joint
16 statement); *Akkawi v. Sadr*, 2022 WL 2442234, at *1 (E.D. Cal. July 5, 2022) (observing that
17 discovery motions are typically denied for noncompliance with Rule 251).

18     Plaintiffs' unilateral filing of a contempt motion without participating in the mandatory
19 joint statement process is precisely the procedural end-run Local Rule 251 was designed to
20 prevent. This defect alone warrants denial or striking of the motion.

21     **2.**    **The Joint Mid-Discovery Statement Does Not Satisfy Local Rule 251**

22     Plaintiffs' noncompliance is not limited to timing. Plaintiffs never filed a Joint
23 Statement re Discovery Disagreement at all.

24     The only joint filing Plaintiffs may point to is the Joint Mid-Discovery Statement filed
25 on January 16, 2026. (ECF # 33.) That filing, however, was not submitted pursuant to Local
26 Rule 251 and was not filed to accompany, or in support of, Plaintiffs' motion. Instead, it was
27 required by the Court's Scheduling Order, entered months earlier, which directed the parties to

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

file a Joint Mid-Discovery Statement by January 16, 2026 summarizing the status of discovery. (See Scully Decl. ¶ 11.)

Critically, the Scheduling Order expressly provides that "[t]he filing of this statement shall not relieve the parties or counsel of their obligations to meet and confer, comply [with] the deadlines set by the court, and timely notice all appropriate discovery motions." (ECF # 25 *Id.* (emphasis added).) The Court thus made clear that the Mid-Discovery Statement was not a substitute for the procedures required by Local Rule 251.

Consistent with that directive, the Joint Mid-Discovery Statement does not purport to be a Joint Statement re Discovery Disagreement, was not noticed under Local Rule 251(b), and was not filed to present a discovery dispute for resolution by the Magistrate Judge. (ECF # 33.) Accordingly, Plaintiffs did not merely fail to file a Joint Statement contemporaneously with their motion, they never complied with Local Rule 251 at any point.

A status report required by a Scheduling Order, particularly one that expressly disclaims substitution for discovery-motion procedures, cannot retroactively satisfy Local Rule 251.

### 3. Local Rule 251(e) Does Not Excuse Plaintiffs' Noncompliance

Anticipating this procedural defect, Plaintiffs may attempt to rely on the limited exception set forth in Local Rule 251(e). That exception does not apply.

Local Rule 251(e) permits motions without a Joint Statement only where there has been a "complete and total failure to respond" to discovery, or where "the only relief sought by the motion is the imposition of sanctions." E.D. Cal. L.R. 251(e). Courts construe this exception narrowly and decline to apply it where the responding party has produced discovery or is engaged in ongoing, rolling production. See *Hernandez v. Tilton,* No. 1:04-cv-06260, 2007 WL 4557852, at *1 (E.D. Cal. Dec. 21, 2007) (Rule 251(e) inapplicable where defendants responded and dispute concerned adequacy of responses rather than a complete failure).

Neither condition for a waiver of the Joint Statement is present here. G & H Dairy has

1 not "completely and totally failed" to respond to discovery. Following entry of the Protective
2 Order, G & H Dairy supplemented their responses and has already produced thousands of
3 pages of records, with additional materials produced on a rolling basis. (Scully Decl. ¶¶ 6-7.)
4 Courts in this District consistently hold that partial or ongoing discovery responses defeat
5 reliance on the L.R. 251(e) exception. See *Logistics Guys Inc. v. Cuevas*, 2024 WL 200790, at
6 *2 (E.D. Cal. Jan. 18, 2024) (finding 251(e) inapplicable where party responded and produced
7 some documents); see also *Hernandez v. Tilton*, 2007 WL 4557852, at *1 (E.D. Cal. Dec. 21,
8 2007) (Rule 251(e) does not apply where the dispute concerns the adequacy of responses
9 rather than a total failure). Because G & H Dairy is actively engaged in production, Plaintiff's
10 bypass of the mandatory Joint Statement requires denial of the Motion.

11 Moreover, Plaintiffs do not seek "only" sanctions. Plaintiffs seek a contempt finding,
12 coercive relief, and Court intervention compelling further production, relief that goes well
13 beyond a sanctions-only motion. Courts reject attempts to recharacterize substantive discovery
14 disputes as sanctions motions in order to evade Local Rule 251's procedural safeguards. See
15 *Brown v. Johnson*, No. 1:06-cv-01068, 2009 WL 1788406, at *1–2 (E.D. Cal. June 23, 2009)
16 (motion seeking sanctions and compliance subject to Local Rule 251 and denied for failure to
17 file joint statement); *Watkins v. Cal. Dep't of Corr. & Rehab.*, No. 1:08-cv-01530, 2012 WL
18 1906523, at *1 (E.D. Cal. May 25, 2012) (same).

19 Because Plaintiffs' motion challenges alleged discovery noncompliance and seeks
20 coercive Court intervention, it falls squarely within Local Rule 251(b), which provides that
21 such motions "shall not be heard" absent a Joint Statement accompanying the motion or a Rule
22 251(d) affidavit. Plaintiffs filed neither a Joint Statement nor a Rule 251(d)–compliant
23 affidavit. Courts in this District consistently deny or strike discovery motions on this basis
24 alone. See *Mayo*, 354 F. Supp. 2d at 1154; *Williams v. Housing Auth. of the City & Cnty. of
25 San Francisco,* No. C 03-00976 SI, 2006 WL 618143, at *1 (N.D. Cal. Mar. 13, 2006)
26 (striking discovery motion for failure to comply with local joint-statement rules). Plaintiffs'
27 failure to comply with these mandatory procedures independently warrants denial or striking

-13-

28 DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY
DEFENDANT G & H DAIRY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT'S
ORDER COMPELLING DISCOVERY RESPONSES

Case No.: 2:24-cv-02305-DJC-CKD

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

of the motion.

Plaintiffs' own papers make clear that this motion was driven by class-certification timing, not any refusal to comply with the Court's order, underscoring that Plaintiffs bypassed the Local Rule 251 process to gain tactical leverage rather than to resolve a genuine discovery impasse.

As of the date of this Opposition, which serves as the final deadline for filing a Joint Statement under Local Rule 251(a), no such statement exists because the Plaintiffs never attempted to draft one with G & H Dairy. This procedural bypass is not a mere technicality; it is a fatal defect that warrants the removal of the motion from the calendar.

### B.   CIVIL CONTEMPT REQUIRES A CLEAR, WILLFUL VIOLATION OF A SPECIFIC AND DEFINITE COURT ORDER

Even if the Court were to reach the merits, Plaintiffs' motion fails under the governing contempt standard. Civil contempt is an extraordinary remedy, reserved for clear violations of specific and definite court orders and imposed only where the alleged contemnor failed to take all reasonable steps to comply. *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). In the Ninth Circuit, the party seeking civil contempt bears the burden of establishing, by clear and convincing evidence, that the alleged contemnor violated a specific and definite court order. *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992).

This standard is intentionally exacting. Where a court order is susceptible to more than one reasonable interpretation, or where compliance depends on factual or logistical circumstances, contempt is inappropriate. *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982) ("Ambiguities must be resolved in favor of the party charged with contempt.").

**1.   G & H Dairy Took All Reasonable Steps to Comply and Ongoing Rolling Production Defeats Contempt**

A party is not in contempt where it has taken "all reasonable steps within its power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). Nor does contempt lie where compliance is ongoing or constrained by practical limitations. *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).

Plaintiffs' authorities underscore, rather than undermine, the governing rule that civil contempt is reserved for clear refusals to comply with specific court orders. The Ninth Circuit has repeatedly held that contempt is inappropriate where a party has taken all reasonable steps to comply or where compliance is ongoing. *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).

Here, the production timeline forecloses any claim of contempt. After the protective order was entered on December 11, 2025, G & H Dairy began producing responsive materials within the Court-ordered timeframe and has continued producing documents on a rolling basis without interruption. Production occurred on December 24, 2025; January 7–8; January 15; January 22; and January 27 and continues as additional records are retrieved. (Scully Decl. ¶¶ 6-7.)

Likewise, the district court decisions Plaintiffs cite involved materially different circumstances. In *Puckett v. County of Sacramento*, the court addressed undisputed noncompliance with a discovery order, with no rolling production or ongoing supplementation. 2024 U.S. Dist. LEXIS 156610, at *15–17 (E.D. Cal. Aug. 29, 2024). Likewise, *United States v. Peters* involved a complete failure to produce compelled materials, not a pattern of repeated, post-order compliance. No. 2:24-cv-00287-WBS-CKD, 2025 LEXIS 521185, at *36 (E.D. Cal. Nov. 19, 2025). The total defiance in *Peters* bears no resemblance to the record here, where G & H Dairy has produced documents across multiple dates throughout

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

January 2026.

Plaintiffs' reliance on *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), is also misplaced; that case addressed protective orders and confidentiality, not sanctions or contempt for alleged discovery delay.

While intent alone cannot excuse defiance, good-faith, substantial compliance defeats contempt where no willful violation of a definite order exists. Plaintiffs' authorities confirm the principles that defeat their motion: contempt requires willful disobedience of a clear order, not dissatisfaction with ongoing compliance. Plaintiffs' dissatisfaction with the speed or sequencing of production does not transform sustained compliance into contempt.

### 2. Practical Inability and System Constraints Independently Bar Contempt as a Matter of Law

Independently, Plaintiffs' contempt theory fails because G & H Dairy lacks the present ability to comply in the manner Plaintiffs demand. Inability to comply is a complete defense to civil contempt. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999). Civil contempt requires present ability to comply, not a hypothetical ability to redesign business systems at any cost. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

G & H Dairy's payroll and timekeeping systems do not permit readable bulk exports of multi-year employee data, and many responsive materials exist only in paper form. Records must be retrieved on an employee-by-employee basis, and older documents require manual retrieval from paper files. (Van Vliet Decl. ¶¶ 3-5.) Ordering contempt under these circumstances would require G & H Dairy to do what its systems, and reality, do not allow.

G & H Dairy explored whether outside technical vendors could assist with production. A vendor advised that any such assistance would be limited to electronically stored documents and could not address paper files or manual retrieval. (Van Vliet Decl. ¶ 14.) Because a significant portion of responsive materials exist only in paper form, hiring a vendor would not materially accelerate production and would impose substantial additional cost on a small, family-run operation that has already incurred substantial costs in defending itself in this

-16-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT G & H DAIRY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT'S ORDER COMPELLING DISCOVERY RESPONSES

Case No.: 2:24-cv-02305-DJC-CKD

1    litigation. (Scully Decl. ¶ 6, 14.)

2    Contempt is not a mechanism for punishing a party for lacking enterprise-level
3    infrastructure where production is ongoing and undertaken in good faith.

### 3. This Is a Case-Management Dispute, Not a Contempt Proceeding

Courts do not impose contempt to optimize discovery speed. Civil contempt is reserved for refusal or defiance, not disputes over timing, format, or production mechanics. *Stone*, 968 F.2d at 856 n.9; Gen. Signal, 787 F.2d at 1379.

The undisputed production history shows that G & H Dairy did not ignore the Court's order. Rather, it produced documents within the Court-ordered 14-day period, continued production throughout January, and has never halted production. That pattern is incompatible with any finding of contempt.

The Court's December 3, 2025 order did not mandate a particular production format, prohibit rolling production, or require instantaneous completion regardless of operational realities or recordkeeping systems. Nothing in the Court's order converted the production timeframe into a strict-liability mandate for immediate, comprehensive production irrespective of system constraints. Plaintiffs' attempt to stretch the order into such a mandate exceeds both the text of the order and the governing contempt standard.

In fact, Plaintiffs' own papers make clear that this motion was driven by class-certification timing, not any refusal to comply with the Court's order, underscoring that Plaintiffs seek to use contempt proceedings to accelerate discovery on their preferred schedule rather than to resolve a genuine discovery impasse. Rather than identifying any clear refusal to comply with a definite directive, Plaintiffs complain about the pace and mechanics of an ongoing rolling production. That is not contempt.

Where additional structure may be helpful, the appropriate response is case-management guidance, not the Court's contempt powers.

### C.  RULE 37(B) SANCTIONS ARE UNAVAILABLE ABSENT WILLFULNESS, BAD FAITH, OR FAULT

Rule 37(b) sanctions are predicated on violation of a discovery order. Here, G & H Dairy has complied by producing responsive materials on an ongoing basis within the protective-order framework. To the extent Plaintiffs seek sanctions under Rule 37(b), such relief requires a showing of willfulness, bad faith, or fault. *Henry v. Gill Indus., Inc*., 983 F.2d 943, 946–47 (9th Cir. 1993). Severe or coercive sanctions further require consideration of proportionality, prejudice, and lesser alternatives. *R & R Sails, Inc. v. Ins. Co. of Pa*., 673 F.3d 1240, 1247–48 (9th Cir. 2012); *Malone v. U.S. Postal Serv*., 833 F.2d 128, 130 (9th Cir. 1987).

The repeated, documented productions in this case, including production on Christmas Eve, foreclose any showing of willfulness or bad faith. Courts do not punish this conduct; they recognize it as good-faith compliance.

## IV.  CONCLUSION

The undisputed production timeline shows ongoing, good-faith compliance with the Court's order, not defiance. G & H Dairy began producing responsive materials within the Court-ordered timeframe, continued producing on a rolling basis without interruption, and remains constrained only by practical system limitations, not by any refusal to comply. Plaintiffs bypassed the mandatory Local Rule 251 process to gain tactical leverage for their class-certification timeline, which is not a proper use of the Court's contempt powers. The motion should be denied or, in the alternative, stricken from the calendar for failure to comply with Local Rule 251. G & H Dairy further requests that the Court consider sanctions against Plaintiffs' counsel under Local Rule 110 for the fees and costs necessitated by this

///

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1 | procedurally defective filing.

2 | Dated: February 4, 2026             GORDON REES SCULLY MANSUKHANI, LLP

3

4

5

By: _____
6 |     SARA A. MOORE
    AMIE M. SCULLY
7 | Attorneys for Defendants
GERARD VAN DE POL; G & H DAIRY,
8 | A GENERAL PARTNERSHIP (*erroneously sued as*
GERARD VAN DE POL AND HENRY VAN DE POL's
9 | ESTATE d/b/a G & H DAIRY)

10

11

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

-19-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT G & H DAIRY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT'S ORDER COMPELLING DISCOVERY RESPONSES
Case No.: 2:24-cv-02305-DJC-CKD