SARA A. MOORE (SBN: 294255)
smoore@grsm.com
AMIE M. SCULLY (SBN: 243778)
ascully@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
GERARD VAN DE POL; G & H DAIRY, A GENERAL PARTNERSHIP (*erroneously sued as* GERARD VAN DE POL AND HENRY VAN DE POL'S ESTATE D/B/A G & H DAIRY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VILLALOVOS-GUTIERREZ, SERGIO IVAN RODRIGUEZ-RODRIGUEZ, JOSE DE JESUS GONZALEZ-VILLALOBOS, BONIFACIO CASTRO-MORALES and REYES MORALES-DELGADILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GERARD VAN DE POL; GERARD VAN DE POL AND HENRY VAN DE POL's ESTATE d/b/a G & H DAIRY; G & H DAIRY, A GENERAL PARTNERSHIP,<br><br>Defendants. | CASE NO. 2:24-cv-02305-DJC-CKD<br><br>**DECLARATION OF AMIE SCULLY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT G & H DAIRY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT'S ORDER COMPELLING DISCOVERY RESPONSES**<br><br>Complaint filed: August 23, 2024<br>Trial date: February 1, 2027 |

I, Amie Scully, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California and am Senior Counsel in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the defendants GERARD VAN DE POL; G & H DAIRY, A GENERAL PARTNERSHIP (*erroneously sued as* GERARD VAN DE POL AND HENRY VAN DE

-1-

POL's ESTATE d/b/a G & H DAIRY). I have personal knowledge of the matters contained in this declaration and if called to testify to them could and would do so competently.

2. Prior to Plaintiffs' filing of the present motion, G & H Dairy produced approximately 4,191 pages of documents in this case.

3. Those productions included materials provided in initial disclosures and discovery responses, as well as a 30 percent sample of payroll and time records for putative class members. The documents produced included employee handbooks and policies, corporate and insurance records, arbitration and policy acknowledgment forms, safety and training materials, housing-related documents, and personnel, payroll, and time records for the named Plaintiffs and multiple putative class members.

4. G & H Dairy objected to producing personnel and payroll records for non-party putative class members based on legitimate privacy concerns involving sensitive employee information. The Court addressed those concerns by directing the parties to proceed under a stipulated protective order.

5. The Court entered the stipulated protective order on December 11, 2025. The Court's December 3, 2025 order required production of responsive documents within fourteen days after entry of the protective order. **ECF # 29, 31.**

6. Consistent with that directive, G & H Dairy began producing responsive documents within the fourteen-day period following entry of the protective order. On December 24, 2025, G & H Dairy produced payroll and timekeeping records for five putative class members.

7. Production did not stop at that point. Since entry of the protective order, G & H Dairy has continued producing documents on a rolling basis as records were located and prepared, including productions on January 7–8, January 15, January 22, and January 27, 2026.

-2-
DECLARATION OF AMIE SCULLY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT G & H DAIRY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT'S ORDER COMPELLING DISCOVERY RESPONSES
Case No.: 2:24-cv-02305-DJC-CKD

8.      There were no gaps in production following entry of the protective order. To date, G & H Dairy has produced more than 4,000 pages of documents, including payroll and employment-related records for at least 38 putative class members, with additional files continuing to be gathered and produced on an employee-by-employee basis.

9.      As explained in the declaration of Stephanie Van Vliet, payroll and timekeeping records are maintained across non-centralized systems, and older records require manual retrieval from paper files. For that reason, production necessarily proceeds on a rolling basis rather than through a single bulk export.

10.     At no time after entry of the protective order did G & H Dairy refuse to comply with the Court's discovery order, stop producing responsive documents, or disregard the Court's directives. Instead, production has continued steadily, including during the holiday period, while counsel communicated regarding production status and offered to meet and confer.

11.     Plaintiffs may reference the Joint Mid-Discovery Statement filed on January 16, 2026 (ECF No. 33). That filing was required by the Court's October 7, 2025 Scheduling Order and was not submitted pursuant to Local Rule 251 to present a discovery dispute or support Plaintiffs' motion. **ECF # 25, 33.**

12.     G & H Dairy also explored whether outside technical vendors could assist with production. The vendors informed us that assistance would be limited to certain electronically stored information and would not address paper files or manual retrieval. Under these circumstances, vendor involvement would not materially accelerate production and would impose substantial additional cost.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1  Executed this 4th day of February 2026 at San Diego, California.

*[signature]*

AMIE SCULLY

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111