Dawson Morton
Cal. SBN 320811
James Knoepp
S.C. Bar Lic. 102757, *Admitted Pro Hac Vice*
LAW OFFICES OF DAWSON MORTON
1808 Sixth Street
Berkeley, CA 94710
Ph: 404-590-1295
Fax: 510-529-4111
dawson@dawsonmorton.com
jim@dawsonmorton.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VILLALOVOS-GUTIERREZ, and others similarly situated,<br><br>     Plaintiffs,<br><br> vs.<br><br>GERARD VAN DE POL, ET AL.<br><br>     Defendants. | CIV. ACT. NO.: 2:24-cv-2305-DJC-CKD<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE<br><br>RULE 23 CLASS<br><br>JURY TRIAL DEMANDED |

  Defendant has refused to produce discovery responses to discovery originally served January 29, 2025.  ECF 28-1.  The parties have conferred about Defendant G & H Dairy's failure to provide full discovery responses repeatedly.  ECF 28-1 at 1. After conferring did not resolve the dispute, the parties presented the issues to the Court, initially in May, ECF 16, and then more fully in November, ECF 28-1. The magistrate judge ordered full and complete responses.  ECF 29 at 6. Defendant did not produce full and complete responses as ordered.  ECF 32.  Instead, Defendant produced partial PDF files for five individuals.  ECF 32-1 at ¶3. An example of Defendant's production is attached. Ex 1 (attached).

  Defendant claims that (1) Plaintiffs should have conferred more, (2) that Defendant did everything possible to comply with the order, (3) that Defendant's computers do not allow data

retrieval and so Defendant's cannot produce their payroll or timekeeping records and that (4) the Court's order did not require "comprehensive production." ECF 36 at 11-16. Defendant's opposition serves to confirm that Defendant has not complied with the order to compel. ECF 36 at 17 (arguing the Court's order did not "require instantaneous completion"). This Court should issue an order to show cause and recommend in a report and recommendation to the district judge that sanctions be entered until Defendant produces the discovery ordered.

## I.    Plaintiffs Sought to Obtain Defendant's Compliance Prior to Filing Their Motion.

Plaintiffs wrote Defendant three times between January 2 and January 8 asking for it to comply with the discovery order. ECF 32-3. But Defendant contends that multiple requests for it to comply with the Court ordered discovery production were not enough and Plaintiffs should have treated this violation of a court order as a "discovery disagreement" under Local Rule 251. ECF 36 at 10. Defendant cites no decision applying Local Rule 251 to contempt proceedings.[1] And, as Defendant notes, motions for sanction are not covered by Local Rule 251. E.D. Ca. L.R. 251(e). Indeed, when courts in this circuit discuss noncompliance with discovery orders, they do not discuss Local Rule 251. *See, e.g., Puckett v. Cty. of Sacramento*, No. 2:22-cv-00350-KJM-CKD, 2024 U.S. Dist. LEXIS 156610, at *3 (E.D. Cal. Aug. 29, 2024) (ordering "defendants to promptly comply with the magistrate judge's [discovery] orders" and not mentioning L.R. 251); *United States v. Peters*, No. 2:24-cv-00287-WBS-CKD, 2025 LX 521185, at *4-5 (E.D. Cal. Nov. 19, 2025) ("recommend[ing] granting  plaintiff's motion for sanctions" in discovery dispute without mention of L.R. 251).

## II.    Defendant's Production of 909 PDF pages from their Payroll System Was Not "All Reasonable Steps"

Defendant produced five employees' payroll detail reports in response to the Court order. ECF 32-1 at ¶3. Defendant's claim they could have done no more. ECF 36 at 16 (claiming the

---

[1] Defendant appears to cite an E.D. Ca. case called *Mayo v. Hartford Life*—but Defendant is actually citing *Martinez-Piedras v. INS*, 354 F. Supp. 2d 1152, 1154 (S.D. Ca. 2005). ECF 36 at 12-13 (claiming the case is "*Mayo v. Hartford*"). That case does not apply E.D. Ca. Rule 251. Plaintiffs have been unable to locate a case called *Mayo v. Hartford Life* which interprets Eastern District of California rules. *See, e.g., Mayo v. Hartford Life Ins. Co.*, 214 F.R.D. 458 (S.D. Tex. 2002) (not applying nor interpreting E.D. Ca. rules).

1   Dairy "lacks the present ability to comply"). The reports Defendant's produced are dated December

2   19, 2024.  Ex. 1 (attached single-page example with date highlighted). Defendant did not even

3   prepare these reports in response to the court's order—they had held them for more than year before

4   providing them to Plaintiffs.  Surely, a party subject to a court order can do more than produce five,

5   partially-redacted, payroll reports that it had printed off its own computers more than a year prior.

6       **III.     Defendant's Claim that Their Computers "Do Not Permit Readable Bulk Exports"**

7       **Is Not Credible.**

8           According to Defendant's opposition their computers require that "[r]ecords must be

9   retrieved on an employee-by-employee basis," ECF 36 at 16, and that no expert or assistance could

10  provide Defendant the ability to comply with the Court order and produce the records. Further

11  Defendant argue that the Court cannot have meant for Defendant to produce its Quickbooks

12  database because Defendant lacks "enterprise-level infrastructure." ECF 36 at 17. "[D]iscovery of

13  electronically stored information stands on equal footing with discovery of paper documents."  Fed.

14  R. Civ. P. 34 (Advisory Committee's Note, 2006 Amendments). Where a Defendant maintains data

15  in Quickbooks, it is discoverable in the format in which it is maintained. *See, e.g., Fleming v.*

16  *Parnell*, 2013 U.S. Dist. LEXIS 130804, at *5 (W.D. Wash. Sept. 12, 2013) ("Plaintiffs are entitled

17  to the complete Samson's Quickbooks database."); *Carrillo-Ramirez v. Culpepper Enter.*, No. 3:15-

18  cv-409-CWR-FKB, 2016 U.S. Dist. LEXIS 205405, at *6 (S.D. Miss. June 22, 2016) (discussing

19  production of Quickbooks data by "download[ing] a backup of the QuickBooks information to a

20  USB storage device.") Here, "information stored in a database, such as QuickBooks, is subject to

21  production, and Defendants knew or should have known that." *Shapira v. Rare Character Whiskey*

22  *Co., LLC*, No. 3:23-CV-00602-RGJ, 2025 LX 559868, at *10 (W.D. Ky. Oct. 10, 2025).  Defendant

23  had nearly a year to prepare for this production.  In general, the federal courts have been quite clear

24  that degrading electronic data to paper or paper equivalents like PDFs with all data linkages stripped

25  "does not comply with the option to produce [data] in a reasonable usable form." *White v.*

26  *Graceland College Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1264 (D.

27  Kan. 2008); *see also Song v. Drenberg*, 2019 U.S. Dist. LEXIS 177358, at *16 (N.D. Cal. Oct. 11,

28  2019) ("[I]t is inconceivable that experienced counsel would expect that combining multiple ESI

1  documents into [] massive PDFs . . .  would qualify as producing documents in 'reasonably usable

2  form.'")

3  **IV.    Comprehensive Production Was Clearly Required by the Court Order and**

4  **Defendant's Argument to the Contrary is Mistaken**

5  Defendant thinks this dispute is about "optimiz[ing] discovery speed," ECF 36 at 17, and

6  argues that refusing to take steps to actually produce the discovery ordered does not show "refusal

7  or defiance," ECF 36 at 17. In Defendant's view the Court's order to "[w]ithin 14 days after entry

8  of a protective order, defendant shall produce responsive documents and serve amended responses,"

9  ECF 29 at 6, was not an order for "immediate, comprehensive production[.]" ECF 36 at 17.  And

10  Defendant's now contend that asking that Defendant's comply with the order through the Court's

11  contempt powers is a "complain[t] about the pace and mechanics of ongoing rolling production."

12  ECF 36 at 17. The Court's order is clear, Defendant did not seek to modify or alter the Order or

13  claim an inability to comply, Defendant simply ignored the order thinking they could produce

14  documents on their own schedule.  That is the definition of contempt. *Taggart v. Lorenzen*, 587

15  U.S. 554, 561 (2019) ("a party's subjective belief that she was complying with an order ordinarily

16  will not insulate her from civil contempt if that belief was objectively unreasonable. . . . [t]he

17  absence of wilfulness does not relieve from civil contempt.") (cleaned up).

18  **V.    CONCLUSION**

19  Plaintiffs' motion for an order to show cause should be granted and sanctions against

20  Defendant recommended until Defendant complies with the Court's December 3 order to answer

21  Plaintiffs' discovery requests. *Puckett v. Cty. of Sacramento*, No. 2:22-cv-00350-KJM-CKD, 2024

22  U.S. Dist. LEXIS 156610, at *35 (E.D. Cal. Aug. 29, 2024) ("If sanctions were not awarded in

23  these kinds of cases, other parties to other lawsuits would feel freer than we think Rule 37

24  contemplates they should feel to flout other discovery orders of other district courts.") (cleaned up).

25  DATED: February 12, 2026

26

27  *s/ D. Morton*
   DAWSON MORTON
   ATTORNEY FOR PLAINTIFFS

28