UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VILLALOVOS-GUTIERREZ, et al., | 2:24-cv-2305-DJC-CKD |
| Plaintiffs, | |
| v. | ORDER AND |
| GERARD VAN DE POL, et al., | ORDER TO SHOW CAUSE |
| Defendants. | |

Presently before the court is plaintiffs' motion for an order to show cause why defendant G& H Dairy should not be held in contempt. (ECF No. 32.) The court previously found this motion suitable for decision without oral argument under Local Rule 230(g).

For the reasons set forth below, the motion is denied without prejudice to the extent plaintiffs request sanctions in the form of contempt proceedings, an order that facts be designated as established, and an order prohibiting defendant from opposing Rule 23 class certification. Thus, the request for attorney fees for plaintiffs to bring the present motion is also denied. The undersigned reserves ruling on the request for attorney fees for plaintiffs' initial motion to compel. In addition, defendant is ordered to show cause in writing within 7 days why other sanctions should not issue, and in that written response defendant G & H Dairy shall provide the status of document production.

1

I.      **Background**

Plaintiffs are former dairy workers alleging violations of federal and state employment and housing laws. (See ECF No. 1, Complaint.) On behalf of themselves and others similarly situated, plaintiffs assert defendants provided unlawful housing conditions, discriminated, paid unlawful wages, and denied meal and rest breaks, among other violations. (Id.) Plaintiffs also assert claims under the California Private Attorney Generals Act. (Id.) Defendants deny the allegations of wrongdoing. (ECF No. 10.)

On December 3, 2025, the undersigned granted plaintiffs' motion to compel and ordered defendant G & H Dairy to produce responsive documents and serve amended responses. (ECF No. 29 at 6.) Plaintiffs filed their motion for order to show cause on January 14, 2026. (ECF No. 32.) They ask the court to set a show cause hearing and make recommendations to the district judge for entry of sanctions including contempt sanctions. (Id. at 4-5.) Defendant G & H Dairy opposed the motion and plaintiffs filed a reply. (ECF Nos. 36, 37.)

This case is currently in the pre-certification stage. Plaintiffs recently sought and were granted an extension of time to file their motion for class certification. (ECF No. 35.) Under the court's current schedule, plaintiffs may file such a motion within 30 days after the date defendants provide complete discovery responses previously ordered. (Id.)

II.     **Legal Standards**

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." Spallone v. United States, 493 U.S. 265, 276 (1990) (quoting Shillitani v. United States, 384 U.S. 364, 370 (1966)). Under 28 U.S.C. § 636, the role of the undersigned magistrate judge is to investigate whether further contempt proceedings are warranted and certify any such facts of contempt to a district judge. See 28 U.S.C. § 636(e); Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir. 1996).

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). Once the moving

1  party meets its burden, "[t]he burden then shifts to the contemnors to demonstrate why they were
2  unable to comply." Id. The failure to obey a court order regarding discovery may be treated as
3  contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii).

4  **III.    Discussion**

5  Plaintiffs argue defendant G & H Dairy has failed to comply with the court's order of
6  December 3, 2025. The court's order required responsive documents be served for discovery
7  requests 1-6, 8, 10, 11, 14-17, 19, 27-28, 31, and 33-34. (ECF No. 29 at 6.) The required
8  document production included personnel, payroll, timekeeping and housing records for plaintiffs
9  and putative class members. (Id. at 2-5.) The court ordered that responsive documents and
10 amended responses be provided within 14 days after entry of a protective order for the protection
11 of confidential or private information. (Id. at 6.)

12 Plaintiffs state defendant produced only five employees' partially-redacted payroll records
13 before the end of the 14-day deadline, whereas compliance with the order would have required
14 production of full timekeeping records for the estimated 90 class members. (ECF No. 32-1 at 1.)
15 Plaintiffs further indicate responses were redacted to remove the contact information, including
16 address information, precluding plaintiffs from contacting the putative class members and
17 obscuring whether the class members resided in employer-housing. (Id. at 2.) In addition to
18 contempt sanctions, plaintiffs appear to seek an order that unspecified facts be designated as
19 established, attorney's fees for the original motion to compel and the present motion for an order
20 to show cause, and/or an order excluding defendant from opposing Rule 23 class certification of
21 the claims in this proceeding based on discovery abuses. (Id. at 4-5.)

22 Defendant opposes the motion, asserting plaintiffs were driven to file because of class-
23 certification timing. (ECF No. 36 at 11-14, 17.) Defendant denies delaying or withholding
24 discovery but implicitly acknowledges it has not timely completed production in compliance with
25 the order. Defendant nevertheless argues the production timeline reflects ongoing substantial
26 compliance, and thus that contempt and other sanctions are improper. (Id. at 9, 15.)

27 Defendant states limitations of its systems and operations drive the pace of production.
28 (ECF No. 36 at 5-7, 16.) Defendant notes it timely produced some documents on Christmas Eve

and continued efforts to produce on January 7–8, January 15, January 22, and January 27. (ECF No. 36 at 5, 9.) Defendant states it has produced many documents, including payroll and employment-related files for at least 38 putative class members, with files for the remaining 49 individuals being gathered and produced on an employee-by-employee basis. (Id. at 7-9.)

The record before the court does not support a finding that defendant G & H Dairy has engaged in contumacious behavior of the type justifying the undersigned to certify facts to the district judge regarding civil contempt. An evidentiary hearing on the contempt matter is currently unwarranted. The undersigned declines to set a show cause hearing for the purpose of civil contempt proceedings and declines to make recommendations to the district judge for entry of contempt sanctions at this time.

Plaintiffs do not propose any specific facts the court should order established. Their request for this relief is therefore insufficient and denied without prejudice. The court also denies without prejudice the request for an order prohibiting defendant from opposing Rule 23 class certification. Denial of these requests is without prejudice to plaintiffs filing a properly noticed motion should defendants continue to not meet their discovery obligations.

The undersigned notes the production schedule at issue here was relatively short, at 14 days, and near the winter holidays. Nevertheless, the court is concerned by defendant's position that their partial and rolling style of production is sufficient where they did not seek relief from the December 3, 2025 order or request an extension of time to comply. Defendant also fails to respond to the troubling assertion that defendant has produced improperly redacted records. Defendant also cites cases purportedly from this district that do not exist,[1] even though defendant was issued a prior warning in this case that doing so is a potential ground for sanctions. (See ECF No. 29 at 5-6.)

The undersigned reserves ruling on the request for attorney fees for plaintiffs' initial motion to compel, subject to plaintiffs filing a properly noticed and supported motion for

---

[1] These case citations provided by defendant, and possibly others, are inaccurate and/or the cases do not exist: Brown v. Johnson, No. 1:06-cv-01068, 2009 WL 1788406 (E.D. Cal. June 23, 2009); Watkins v. Cal. Dep't of Corr. & Rehab., No. 1:08-cv-01530, 2012 WL 1906523, at *1 (E.D. Cal. May 25, 2012). (See ECF No. 36 at 13.)

sanctions with evidence to substantiate the request. In addition, defendant and/or defendant's counsel shall show cause in writing and within 7 days why monetary sanctions should not be imposed for their conduct. In the response to this order to show cause, defendant shall also respond to plaintiffs' assertion that defendant has produced improperly redacted records and give the updated status for production of documents, as set forth below.

### IV.   Order

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion for an order to show cause why defendant G& H Dairy should not be held in contempt (ECF No. 32) is DENIED.

2. The undersigned reserves ruling on plaintiffs' request for attorney fees for their initial motion to compel, subject to plaintiffs filing a properly noticed and supported motion within 30 days after receipt of complete discovery responses ordered in the December 3, 2025 order.

3. Within 7 days of the date of this order, defendant shall SHOW CAUSE in writing on the docket why monetary sanctions should not be imposed against defendant and/or defendant's counsel for repeated citation to fictitious or non-existent cases; in addition, defendant shall respond to plaintiffs' assertion that defendant has produced improperly redacted records and shall give the status of production of documents ordered produced in the court's December 3, 2025 order, including what production defendant has made since defendant's opposition filed on February 4, 2026, and a timeline for complete production if complete production has not been made.

Dated:  February 24, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 vill24cv2305.mosc