1 | SARA A. MOORE (SBN: 294255)
smoore@grsm.com
2 | GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
3 | San Francisco, CA 94111
Telephone: (415) 986-5900
4 | Facsimile: (415) 986-8054

5 | Attorneys for Defendants
GERARD VAN DE POL; G & H DAIRY, A GENERAL PARTNERSHIP (*erroneously sued*
6 | *as* GERARD VAN DE POL AND HENRY VAN DE POL'S ESTATE D/B/A G & H DAIRY)

7

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10

11 | JUAN VILLALOVOS-GUTIERREZ, | CASE NO. 2:24-cv-02305-DJC-CKD
SERGIO IVAN RODRIGUEZ-
12 | RODRIGUEZ, JOSE DE JESUS
GONZALEZ-VILLALOBOS, BONIFACIO | **DECLARATION OF SARA A. MOORE**
13 | CASTRO-MORALES and REYES | **IN RESPONSE TO THE COURT'S**
MORALES-DELGADILLO, individually | **FEBRUARY 24, 2026 ORDER TO**
14 | and on behalf of all others similarly situated, | **SHOW CAUSE**

15 | Plaintiff,

16 | vs.

17 | GERARD VAN DE POL; GERARD VAN
DE POL AND HENRY VAN DE POL's
18 | ESTATE d/b/a G & H DAIRY; G & H
DAIRY, A GENERAL PARTNERSHIP,
19 | | Complaint filed: August 23, 2024
Defendants. | Trial date: February 1, 2027
20

21

22

23

24

25

26

27

28

-1-

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

1    I, Sara A. Moore, declare as follows:

2    1.    I am an attorney at law licensed to practice before all courts of the State of

3    California and am a Partner in the law firm of Gordon Rees Scully Mansukhani, LLP ("The

4    Firm"), attorneys for the defendants GERARD VAN DE POL; G & H DAIRY, A GENERAL

5    PARTNERSHIP (*erroneously sued as* GERARD VAN DE POL AND HENRY VAN DE POL's

6    ESTATE d/b/a G & H DAIRY).  I have personal knowledge of the matters contained in this

7    declaration and if called to testify to them could and would do so competently.

8    2.    Amie M. Scully is a (former) Senior Counsel in my office, who has worked on

9    this case since prior to my joining the file.  Ms. Scully is a member in good standing of the State

10    Bar of California.  She was admitted to the State Bar of California in 2006.  I am unaware of

11    any bar disciplinary matters involving Ms. Scully.

12    3.    In preparation for drafting the Parties' Joint Statement (ECF #28-1), Ms. Scully

13    met and conferred with Plaintiff's counsel in this case.  Ms. Scully, at my direction, then

14    prepared the Joint Statement (ECF #28-1).  At my direction, Ms. Scully also drafted Defendants'

15    Opposition to Plaintiff's Motion for an Order to Show Cause Why Defendant G & H Dairy

16    Should Not Be Held in Contempt for Violation of Court's Order Compelling Discovery

17    Responses (ECF #36).  I reviewed the substantive content of these pleadings before they were

18    filed with the Court.  However, I did not independently review or cite-check the cases cited by

19    Ms. Scully.

20    4.    I trusted that Ms. Scully prepared these pleadings in accordance with the Firm's

21    applicable policies, including the Firm's Cite Checking Policy.  During the period that Ms.

22    Scully worked at the Firm, and before she prepared the pleadings described herein, the Firm sent

23    an email to all attorneys with the Firm's Cite Checking Policy and required all attorneys to

24    review and acknowledge receipt, thereby ensuring that each attorney was aware of his or her

25    obligations.

26    ///

27    ///

28    ///

-2-

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1    5.    According to the Firm's Cite Checking Policy, each attorney has an obligation to

2  check a brief in its entirety, prior to its filing, for (i) whether the cases are still good law; and (ii)

3  whether the citations are accurate, in the correct form, and reflect what the cases actually say.

4  This responsibility falls to each attorney; for example, even if an associate/senior counsel has

5  prepared a pleading, it is the responsibility of the partner to ensure that attorney performed these

6  checks.  It was my belief that Ms. Scully received the Firm's Cite Checking Policy and, like all

7  attorneys at the Firm (including me), acknowledged it as required, such that she understood and

8  had agreed to comply with her obligations thereunder.

9    6.    I have now conducted an independent review of Ms. Scully's work product

10  prepared in this case.  In my review, I identified that the Opposition brief (ECF #36) included

11  five (5) cases that were incorrectly cited (not two cases, as noted by the Court in its February

12  24, 2026 Order).  Specifically, the Court identified *Brown v. Johnson*, No. 1:06-cv-01068, 2009

13  WL 1788406 (E.D. Cal. June 23, 2009) and *Watkins v. Cal. Dep.'t of Corr. & Rehab.*, No. 1:08-

14  cv-01530, 2012 WL 1906523, at *1 (E.D. Cal. May 25, 2012).  For the first case, there is an

15  existing case with that name/ title.  However, that case was not reported in the Federal Reporter;

16  plus, the index number provided did not match; and it did not stand for the proposition cited.

17  For the second case, there is a case bearing the title *Watkins v. California Department of*

18  *Corrections*, but as with the first case, the index number did not match, and it did not stand for

19  the proposition cited.  In my review, I also separately identified the following three citations,

20  which appeared inaccurate: *Hernandez v. Tilton*, No. 1:04-cv-06260, 2007 WL 4557852 (E.D.

21  Cal. Dec. 21, 2007), *Mayo v. Hartford Life Ins. Co.*, 354 F. Supp. 2d 1152 (E.D. Cal. 2005), and

22  *Williams v. Housing Auth. of the City & Cnty. of San Francisco*, No. C 03-00976 SI, 2006 WL

23  618143 (N.D. Cal. Mar. 13, 2006).  For the first two cases listed, there were cases bearing the

24  same name/ title in Westlaw but, the index number provided did not match the citation on

25  Westlaw or in any other published reporter, and did not support the proposition for which they

26  were cited.  For the final case, I could not locate a case with that name/ title or with that index

27  number, though there were cases titled *Williams v. City and County of San Francisco*.  In my

28  review, there were also some instances where the quotations used did not appear in the cited

-3-

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

1   case, did not support the specific explanatory phrase presented along with the citation, or

2   contained typographical errors.

3          7.    I contacted Ms. Scully regarding these citations to try to understand what

4   happened.  On February 25, 2026, I spoke to Ms. Scully by phone to inquire about the citations

5   identified by the Court and the others that I had independently identified.  Ms. Scully denied

6   using artificial intelligence in her research and instead advised that she relied on research she

7   conducted earlier in the case (before my involvement), and that faulty handwritten notetaking

8   during research, transcription and verification errors during drafting, and the failure to do a final

9   citation check before filing resulted in citation errors including mismatched and incorrect

10   citations.  Although I have not been able to independently verify precisely what happened, I

11   have verified that our Firm's policy was not followed.

12          8.    I recognize and acknowledge that no matter who drafted the pleadings at issue

13   here, it is ultimately my responsibility to ensure the accuracy of pleadings filed in this Court.

14   My failure to review the cases and citations in the pleadings prepared by Ms. Scully resulted in

15   the filing of pleadings with inaccurate citations.  This was not my intention, and I regret that I

16   did not exercise the diligence I should have in reviewing Ms. Scully's work product.  I did not

17   intend to mislead Plaintiff's counsel or the Court, but I take responsibility for these errors and

18   sincerely apologize.

19          9.    As far as the status of the ongoing production, there are an estimated 89 employees

20   in the putative class.  In total, the payroll and employment-related documents for at least 44

21   putative class members, including the named plaintiffs, have been produced.  Since the February

22   4, 2026 Opposition filing, we have elected to re-produce the time and payroll records for certain

23   employees in an unredacted format. This supplemental production will include the 28

24   employees' time and pay records previously produced in redacted, anonymized format in

25   advance of mediation under mediation privilege; these records will be re-produced in unredacted

26   format as part of the ongoing, supplemental production. From our review, there are

27   approximately 45 employees whose records remain outstanding, approximately 11 of whom

28   appear to have records which are maintained in an electronic format.  The other timekeeping

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1   and pay records are maintained in paper format only, located either in an off-site storage facility

2   or in a separate office location, given that G & H Dairy is a small, family run dairy farm without

3   a centralized document management or storage system.  For the records accessible in electronic

4   format, these records will be provided on or before March 10, 2026.  For the paper records, we

5   anticipate producing them by no later than March 31, 2026.  We will, however, make every

6   effort to provide the outstanding records at the earliest possible opportunity and sooner, if

7   possible.

8       10.   As far as addressing the Court's concerns related to redactions, any redaction

9   previously made was to address confidential employee information and, in some instances,

10  completed in the context of preparing for mediation.  For example, in preparation for mediation

11  and as agreed by the Parties, employee names, home addresses and last 4 digits of Social

12  Security Numbers had been removed.  In the supplemental production completed thus far, the

13  current/ former employees' home address and last 4 digits of their Social Security Numbers as

14  displayed on the paystubs, inadvertently remained redacted.  These efforts were not intended to

15  preclude plaintiffs from contacting putative class members nor obscure whether the class

16  members resided in employer-provided housing.  In light of the confidential protective order,

17  these records will be re-produced without any redactions made.

18      11.   In light of the above, I respectfully request that the Court vacate the Order to Show

19  Cause and decline to issue any sanctions.

20      I declare under penalty of perjury under the laws of the State of California that the

21  foregoing is true and correct.

22      Executed this 3rd day of March, 2026 at San Francisco, California.

23

24      */S/ Sara A. Moore*
        SARA A. MOORE

25

26

27

28

-5-